# MINUTES

CASE NUMBER:            1:19-CR-00099-DKW-KJM-12

CASE NAME:              United States of America v. (12) Delia Fabro-Miske

ATTY FOR PLAINTIFF:     *Michael David Nammar, AUSA

ATTY FOR DEFENDANT:     *(12) Jeffrey T. Arakaki, Esq.

U.S. PTS OFFICER:       Erin Patrick

---

JUDGE:   Wes Reber Porter          REPORTER:   ATT

DATE:    August 6, 2021            TIME:       1:40pm – 1:50pm

---

COURT ACTION:  EP:    AS TO DEFENDANT (12) DELIA FABRO-MISKE – INITIAL
                      APPEARANCE; ARRAIGNMENT AND PLEA TO COUNTS
                      1 AND 22 OF THE SECOND SUPERSEDING INDICTMENT

AUSA Michael David Nammar appeared on behalf of the United States.  Erin Patrick from
U.S. Pretrial Services also appeared.

Mr. Jeffrey T. Arakaki, Esq., appeared on behalf of the defendant.

The Court provisionally appointed Mr. Jeffrey T. Arakaki, Esq., as counsel for Defendant
(12) Delia Fabro-Miske, until a CJA 23 form is submitted and approved by the Court.

Defendant is in custody and present via telephone from the Federal Detention Center. Mr.
Arakaki represented that Defendant waives her right to appear in person and consents to
appear via telephone. The Court conducted a colloquy to confirm Defendant's waiver and
consent.

The Court held an Initial Appearance and Arraignment and Plea to Counts 1 and 22 of the
Second Superseding Indictment.

Counsel represented that he reviewed the Second Superseding Indictment with Defendant
and that Defendant understands the general nature of the charges alleged in the Second
Superseding Indictment.  Defendant affirmed to the Court that she understood the general
nature of the charges.

Charges received.  Defendant waived public reading of the Second Superseding Indictment.
Pleas of Not Guilty entered.

Trial dates and pretrial deadlines given are consistent with dates provided to co-defendants.

Dates given:

| | |
|---|---|
| Jury Selection/Trial: | March 21, 2022 at 8:30 a.m. before District Judge Derrick K. Watson |
| Final Pretrial Conference: | February 22, 2022 at 9:30 a.m. before Magistrate Judge Kenneth J. Mansfield |
| Motions: | February 7, 2022 |
| Response: | February 22, 2022 |

A Rule 16.1 Discovery Conference deadline for parties to meet is set for August 20, 2021.

Under the Speedy Trial Act, "[a] reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted[,]" shall be excluded in computing the time within which trial must commence. 18 U.S.C. § 3161(h)(6). Without limitation as to the applicability of other exclusions, the Court finds this provision applicable and excludes the time period from a trial setting in the ordinary course, October 12, 2021, up to and including the March 21, 2022 trial date, for purposes of the Speedy Trial Act.

The Court reminded the government of its obligations under Rule 5(f) and as set out in this Court's General Order dated February 1, 2021:

> The Court orders the prosecution to comply with its disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. Failing to do so in a timely manner may result in consequences, including, but not limited to: exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, court sanctions, and/or referral to disciplinary counsel.

The Court took judicial notice of the U.S. Pretrial Services' Report, other documents on file and found the conditions recommended by Pretrial Services sufficient to reasonably assure the appearance of the defendant as required and the safety of the community.

Court adopted the recommendations of Pretrial Services and ordered the defendant released with the following conditions:

(7b) Comply with pretrial services supervision, and abide by all conditions of release as directed by Pretrial Services. You are required to inform Pretrial Services within 24 hours of any contact with law enforcement, including but not limited to, any arrest, questioning (excludes instant offense), or traffic stop.

(7c) Maintain or actively seek employment, as directed by Pretrial Services. The defendant is not permitted to work for, with or without compensation, any business owned, operated, or affiliated with Michael J. Miske Jr.

(7g3) Do not apply for/obtain a passport.   Execute an affidavit or declaration which attests that you do not have access to, or are in possession of any passport.  Submit to the U.S. District Court Clerk's Office by: As directed by Pretrial Services.

(7h3) Travel is restricted to: the island of Oahu.

(7i) Do not change residence without the advance approval of Pretrial Services.

(7l) You are prohibited from entering/frequenting the following area(s): any business, residence, or place of employment that is owned, operated, or affiliated with Michael J. Miske. Jr.

(7m1) Contact is prohibited directly, indirectly, or through third parties with: co-defendants, co-conspirators, or witnesses in this and any related case.  The U.S. Attorney's Office will provide Pretrial Services with initial and updated lists of names of persons with whom contact is prohibited.

(7s2) You are prohibited from possessing or having access to any firearm, ammunition, destructive device or other dangerous weapon.  Immediately surrender all firearms, ammunition, destructive devices, and other dangerous weapons to an agent approved by Pretrial Services.

(8n) Provide Pretrial Services with any and all requested financial information regarding your financial status including, but not limited to: employment and all sources of income, bank accounts, assets and liabilities, and investments.  You are required to sign and execute an Authorization to Release Financial Information as requested by Pretrial Services.

(8o) Pretrial Services is authorized to run credit reports on a random and "as needed" basis during the course of supervision to ensure compliance with pretrial release conditions.  You are required to sign and execute any necessary release forms including, but not limited to an Authorization to Release Financial Information, as requested by Pretrial Services.

(8p) You are prohibited from applying for or receiving any loans or lines of credit, unless otherwise approved by Pretrial Services.

(8q) You are prohibited from conducting any monetary transactions without Court approval in amounts over: $5,000.00.

(9a) In conjunction with the Hoʻokele program, the Court authorizes the defendant to participate in voluntary stress and anxiety counseling as arranged by Pretrial Services.

Other Conditions: The defendant must abide by all current and future state and county orders relating to COVID-19.  You must comply with all COVID-19 directives, including

but not limited to, "stay at home" orders, self-quarantine, social distancing, restricted travel, face coverings, etc.

Other Conditions: The defendant is ordered released from custody forthwith.  Upon receipt of the Abstract of Release, the Federal Detention Center – Honolulu is authorized to immediately release the defendant from custody.

The conditions of release, the court's advisory that the defendant could be brought back before the court for any violations and the defendant could be detained pending trial thereafter; and the defendant affirmed that he understands the conditions of release and the consequences of violating these conditions.

The Court also informed the defendant that the Pretrial Service officer will have, and can go over, these conditions as well.

These minutes will stand as the conditions of bond. IT IS SO ORDERED.

The defendant is ordered released from custody forthwith upon receipt of the Abstract Release.

Abstract Release has been filed.

*Submitted by: Juliet Parker, Courtroom Manager*