MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103; California State Bar #193901
Colorado State Bar #17868
333 Flint Street
Reno, Nevada 89501
775-221-7100 (office); 775-233-0914 (mobile)
michael@mjkennedylaw.com

LYNN E. PANAGAKOS   7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`i 96813
Telephone: (808) 542-9943
lynnpanagakos@yahoo.com
**Attorneys for Defendant Michael J. Miske, Jr.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 19-cr-00099-DKW-KJM. |
| | ) | |
| Plaintiff, | ) | **DEFENDANT MICHAEL J. MISKE** |
| | ) | **JR.'S REPLY: MOTION TO** |
| v. | ) | **SUPPRESS EVIDENCE AND** |
| | ) | **FRUITS DERIVED FROM** |
| MICHAEL J. MISKE, JR.,   (1) | ) | **SEARCH AND SEIZURE** |
| et al, | ) | **WARRANTS 15-01449, 16-00046, 16-** |
| | ) | **0047, AND 16-0099;** |
| Defendants. | ) | **[CERTIFICATE OF SERVICE]** |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANT MICHAEL J. MISKE JR'S REPLY: MOTION TO SUPPRESS EVIDENCE AND FRUITS DERIVED FROM SEARCH AND SEIZURE WARRANTS 15-01449, 16-0046, 16-0047, AND 16-0099**

Mr. Miske's Reply in support of his Motion to Suppress Evidence Derived from Search and Seizure Warrants 1501345, 15-01346 and 15-01347 (hereinafter "motion to suppress initial search warrants") is fully incorporated herein by reference. Even

taking the allegations in new paragraph 35 as true, they don't lessen the materiality of the affidavits' false statements and omissions identified and discussed in reply and motion to suppress initial search warrants. After the false statements identified in Mr. Miske's motion to suppress initial motion are stricken, and the omitted truths are inserted, even with the addition of new paragraph 35, there is still no substantial basis upon which to find probable cause.

Mr. Miske set forth in his motion new paragraph 35's intentional and reckless false statements and omissions. ECF No. 964, PageID.8354-8356. The government contends that paragraph 35 contains no intentional or reckless false statements or omissions. ECF No. 979, PageID.8901-8903. Mr. Miske will explore the false statements and omissions with the necessary witnesses at the October 13, 2023 hearing. ECF No. 982.

I. **Warrant 15-01449 Was Unlawfully Executed**.

Warrant 15-01449 authorized the search and seizure of Mr. Miske's person for cell phones, smart phones, TRAC phones, and other mobile devices. ECF No. 964-2, PageID.8364-8367. It did not authorize Mr. Miske's arrest; it authorized his seizure to affect a search of his person. *Id*. A person has been seized within the meaning of the Fourth Amendment, only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed he was not free to leave. *Florida v. Royer*, 460 U.S. 491, 502 (1983).

The Supreme Court has held that the Fourth Amendment permits seizures that are incidental to authorized searches. *Michigan v. Summers*, 452 U.S. 692, 696, 703

& 705 (1981). Stated differently, a warrant to search a person for evidence of a crime "implicitly carries with it the limited authority" to seize and detain the person while the search is conducted. *Summers*, 452 U.S. at 705. A search and seizure pursuant to an otherwise valid warrant is unreasonable under the Fourth Amendment to the extent it exceeds the extent of the warrant. *United States v. Ramirez*, 976 F.3d. 946, 952 (9th Cir 2020), citing *Horton v. California*, 496 U.S. 128, 140 (1990); *see also United States v. Penn*, 647 F.2d 876, 882 n.7 (9th Cir. 1980) (en banc). That law enforcement had a valid search warrant to search Mr. Miske's person does not end the inquiry. *Ramirez*, 976 F.3d at 952.

Here, the warrant did **not** authorize Mr. Miske's arrest. *See* ECF No. 964-2, PageID.8364-8367 (emphasis supplied). Instead, under *Summers*, the warrant to search the person of Mr. Miske **only carries the limited authority to seize and detain him while the search is conducted**." *Summers*, 452 U.S. at 705 (emphasis supplied).

"An otherwise lawful seizure can violate the Fourth Amendment if it is executed in an unreasonable manner." *United States v. Aleverz-Tejada*, 491 F,3d 1013, 1016 (9th Cir. 2007) (citing *United States v. Jacobsen*, 466 U.S. 109, 124 (1984), including if it is executed by means of an unreasonable ruse, *Ramirez*, 976 F.3d at 952. "Law enforcement does not have carte blanche to use deception to effect a search and and seizure. *Ramirez*, 976 F.3d at 955. "A ruse that reveals the officers' identity as law enforcement but misrepresents the purpose of their investigation so that the officers

3

can evade limitations on their authority raises serious Fourth Amendment concerns." *Id.*, at 955.

The benchmark for Fourth Amendment is reasonableness, which requires [courts] to weigh the government's justification for its actions against the intrusion into the defendant's interests." *Alverez-Tejeda*, 491 F.3d at 1016 (government interests strong while intrusion into Alverez-Tejeda's Fourth Amendment issues was relatively weak).

The escalation from the limited authority to seize and detain Mr. Miske while the search of his person is conducted under the federal warrant – to a full-blown arrest and transport to the police station – for an alleged failure to comply with an order to stop for a traffic citation arising from his alleged conduct in looking down at his cell phone while driving on November 12, 2015, a petty misdemeanor in violation of HRS § 291C-23 – is unreasonable under the Fourth Amendment. An arrest is among the highest intrusion on a person's interest under the Fourth Amendment. *United States v. Phillips*, 497 F.2d 1131, 1135 & n.4.

Mr. Miske's has a strong Fourth Amendment interest against the escalation from the limited authority to seize and detain to search his person to a full-blown arrest with a lengthy ride to the police station for booking and release for a petty misdemeanor. *Phillps*, 497 F.2d at 1135; *Ramirez*, 976 F.3d at 955. The manufacturing of the authority to escalate the seizure includes the HPD and FBI collusion to have the HPD officer transporting Mr. Miske under the unlawful state court arrest signing an agreement with the FBI to covertly record Mr. Miske during the arrest (Bates

4

00002371 & 00002349). The covert recording is 37:22 minutes in length (Bates 00225101).

Law enforcement had ample time to obtain a warrant and not doing so over the course of 22 days is unreasonable. The delay between the November 12, 2015 alleged petty misdemeanor and the December 4, 2015 unlawful warrantless arrest provided 22 days to obtain, if the court authorized, a warrant to comply with state law for an arrest.

The hearing will expose that the delay was for tactical reasons (not due to delay attempting to locate, or apprehend, the defendant) as the HPD Officer and the HPD Sergeant who made the unlawful arrest met FBI Special Agents Pent and Jackson for tactical reasons prior to the unreasonable and unlawful arrest. Where did they meet? The police station? The FBI offices? No. Instead, the HPD and FBI had their joint tactical meeting at the Ala Moana Beach Park "keyhole" (near the tennis courts) on December 4, 2015 to coordinate the warrantless arrest and for the HPD officer to sign the federal covert recording agreement to obtain the covert recording of Mr. Miske during his arrest.

The hearing will further expose that, curiously, the HPD Sergeant who made the arrest was "off-duty" when he arrested Mr. Miske. The HPD Officer was outside of his patrol district, on special assignment, and failed to remain at his patrol assignment until properly relieved. This is despite the fact that the application set forth "[o]n or about the afternoon of December 4, 2015, officers from the Honolulu Police Department plan to traffic stop and arrest MISKE for the aforementioned for refusing to obey a

5

lawful order to stop." ECF No. 964-2, PageID.8402. All of these facts add up to an unreasonable seizure beyond the limited detention necessary to search Mr. Miske's person under the Fourth Amendment.

The government argues that federal, not state, law governs the Fourth Amendment. ECF No. 979, PageID.8904. True. Mr. Miske's motion sets forth why his warrantless arrest was unlawful under Hawai`i state law under State v. Keawe, 108 P.3d 304 (Haw. 2005) and *State v. Line*, 214 P.3d 613 (Haw. 2009). ECF No. 964, PageID.8358. The government disagrees. ECF No. 979, PageID.8907-8910. The hearing will explore the contested facts central to this disagreement.

The Supreme Court has rejected the notion that a violation of state law automatically violates the Fourth Amendment. *Virginia v. Moore*, 553 U.S. 164, 173 (2008). *See also Cornel v. Hawai`i*, 37 F.4th 527, 534 (9th Cir. 2022). The Supreme Court in *Moore* held that "warrantless arrests for crimes committed in the presence of an arresting officer are reasonable under the Constitution, and while states are free to regulate such arrests however they desire, state restrictions do not alter the Fourth Amendment's protections." *Moore*, 553 U.S. at 176.

Yet the government's reliance on *Moore* to contend that Mr. Miske's unlawful state arrest is not evidence to consider when assessing reasonableness is misplaced for these reasons. First, the holding in *Moore* is limited on its facts to a warrantless arrest for the crime of misdemeanor driving on a suspended license committed *in the presence of* an arresting officer. *Moore*, 553 U.S. at 166-167 & 176 (emphasis supplied). Here,

6

conversely, the officer who purportedly had probable cause for the petty misdemeanor committed *in his presence* is **not** the officer who arrested Mr. Miske on December 4, 2015. Second, the warrantless arrest was executed 22 days after the alleged petty misdemeanor; in *Moore*, it was contemporaneous with observing the crime in the presence of the arresting officer. Finally, evidence that law enforcement violated state law in arresting Mr. Miske without a warrant is still a factor to be considered in assessing its reasonableness, or lack thereof.

## CONCLUSION

For the reasons set forth above, this court should find a Fourth Amendment violation for lack of particularity and preclude the government from introducing at trial all evidence directly, or indirectly, derived from the constitutional violation. The evidence seized pursuant to warrants 16-0046, 16-0047 and 16-0099 and warrant 16-0693 are fruits of the cell phone unlawfully seized from Mr. Miske pursuant to the Government's unlawful execution of warrant 15-0449.

.    DATED: October 6, 2023          *Michael J. Kennedy*
                                      MICHAEL J. KENNEDY
                                      *Lynn E. Panagakos*
                                      LYNN E. PANAGAKOS
                                      Counsel for defendant
                                      MICHAEL J. MISKE, JR (01)

## CERTIFICATE OF SERVICE

I, Lynn E. Panagakos, hereby certify that this filing, through the court's electronic filing system, all counsel of record have been served with this document.

DATED: Honolulu, Hawai`i, October 6, 2023
             /s/ Lynn E. Panagakos
             LYNN E. PANAGAKOS

7