MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103; California State Bar #193901
Colorado State Bar #17868
333 Flint Street
Reno, Nevada 89501
775-221-7100 (office); 775-233-0914 (mobile)
michael@mjkennedylaw.com

LYNN E. PANAGAKOS   7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`I 96813
Telephone: (808) 542-9943
lynnpanagakos@yahoo.com
**Attorneys for Defendant Michael J. Miske, Jr.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 19-cr-00099-DKW-KJM. |
| | ) | |
| Plaintiff, | ) | **JOINT DEFENDANTS' MOTION** |
| | ) | **IN LIMINE NO. 1: re EXCLUSION** |
| v. | ) | **OF AUGUST 3, 2016 ATTEMPT** |
| | ) | **MURDER EVIDENCE EXCEPT** |
| MICHAEL J. MISKE, JR.,     (01) | ) | **FOR IMPEACHMENT;** |
| JOHN B. STANCIL,     (02) | ) | **CERTIFICATE OF SERVICE** |
| DELIA FABRO-MISKE,     (12) | ) | |
| JASON K. YOKOYAMA     (13) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION

Defendants move in limine under Federal Rules of Evidence 401, 402 and 403 to exclude evidence pertaining to the August 3, 2016 attempt murders at Ahonui Street and School Street in Honolulu except for impeachment. La Familia gang member

(Shooter Gang) Lance Bermudez committed the attempt murders in retaliation for a rival gang member robbing his fellow gang member of dope and money. Bermudez's drive-by attempt murders were the affairs of the La Familia gang (Shooter gang). This drive-by shooting has nothing to do with Mr. Miske, the alleged fiction known as the so-called Miske Enterprise, or the affairs of Mr. Miske's businesses. The government has informed counsel that it may seek to admit this evidence during trial. The evidence is inadmissible except for impeachment of Bermudez.

## BACKGROUND

On August 3, 2016, La Familia gang member (Shooter Gang) Lance Bermudez shot two individuals at Ahonui Street and School Street during a drive-by shooting at or near 2:30 a.m. *Bates 00219342UR & 00046093*. Bermudez admitted these facts in his written plea agreement. *ECF No. 636, PageID.4281*. The gun Bermudez used in these attempt murders was given to Bermudez by La Familia gang member Stephen Donahue. *Bates 00192117UR*. Anthony Tran[1] called Bermudez and told him that he (Tran) had been robbed of dope and money by an individual known to him as "Little Bishop."*Id*. Later, Bermudez drove a stolen two-door Infinity (painted black to hide its former silver paint color) to Kuhio Park Terrace (with Anthony Tran), rolled down the driver's side window, and fired shots striking an individual approaching the car (who he erroneously believed was "Little Bishop") and a female nearby. Honolulu Police Department investigated the shootings as attempt murders in the first degree. *Bates*

---

[1] Anthony Tran is listed as potential trial witness #677. ECF No. 947-1.

*00191974UR-00192132UR*. The Federal Bureau of Alcohol, Tobacco, Firearms and Explosives recommended charges be brought against Bermudez and Donahue under Title 18 United States Code Section 36(b) and 2. *Bates 00219342UR-00219348UR*.

## ARGUMENT

Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence is either relevant or not. *United States v. Foster*, 986 F.2d 541, 542 (D.C. Cir. 1993). The test is the same for the prosecution and the defense. *See United States v. Crenshaw*, 698 F.2d 1060, 1064-1065 (9th Cir. 1983). For evidence to be relevant it "must be probative of the proposition it is offered to prove, and ... the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("Long's out-of-court statements are probative of why Deputy Needman went to the mobile home. However, his reasons for going there are not of consequence to the determination of the action, *i.e.* they do not bear on any issue involving the elements of the charged offense.")

Further, the "court may exclude relevant evidence if its probative value is substantially outweighed by ... unfair prejudice, confusing of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cummulative evidence. Fed.R. Evid. 403. When probative value is small, even "a small risk of misleading the jury" or "a modest likelihood of unfair prejudice" is enough to outweigh the probative

Page 3 of 6

value of marginally relevant evidence. *United States v. Espinoza*, 647 F.3d 1182, 1191 (9th Cir. 2011). "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart from its judgment as to his guilt or innocence of the crime charged.*" *United States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015) (emphasis in original).

Evidence that La Familia gang member (Shooter Gang) Lance Bermudez committed attempt murders – in a drive-by shooting in retaliation for a rival gang member robbing his fellow La Familia gang member of drugs and money – is **not** a fact of consequence in determining the elements of the RICO conspiracy count one. Fed. R. Evid. 401&402; *Dean*, 980 F.2d at 1288. Count one charges a conspiracy to conduct and participate, directly or indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity." ECF No. 673, PageId.4440-4452. To prove a conviction for violation of 18 U.S.C. § 1962(d), the Government must show that a defendant knowingly agreed "to participate, directly or indirectly, in the conduct of the [enterprise's] affairs through a pattern of racketeering." *United States v. Fernandez*, 388 F.3d 1199, 1226 n.18 (9th Cir. 2004); 9th Cir. Crim. Jury Instr. 18.8 (Revised Dec. 2015). A retaliation shooting (here, shooting the robber's brother and a bystander) bears no relationship to the affairs of the fictional so-called Miske enterprise, or the alleged means and methods. ECF No. 673, PageId.4444-4447. Instead, Bermudez is conducting and participating in the affairs of his gang, La Familia (Shooter Gang), when he retaliates.  Therefore, if it is racketeering activity, it is an affair of the La

Familia gang, **not** the fictional, so-called Miske Enterprise.

The government concedes in Bermudez's plea agreement that "Miske did not direct" this shooting. ECF No. 636, PageID.4282. It suggests, however, that Bermudez was somehow "emboldened" to act because he "relied on the protection he could count on from Miske as an Enterprise member." *Id*. This is pure fiction. Bermudez's protection was a .45 caliber, a .40 caliber or a 9 mm handgun. Bermudez's protection was his La Familia gang member brothers. Not Mr. Miske. No one had even heard of the fictional so-called Miske Enterprise prior to the almost 30 minute press conference by prosecutors and law enforcement following the unsealing of the superseding indictment and the arrests. Mr. Miske was known, if at all, as simply the owner of Kama`aina Termite and Pest Control and other businesses. While the government is entitled (based upon a mere probable cause finding by the grand jury) to seek to prove at trial, by proof beyond a reasonable doubt, its allegations of murder contracts and murders-for-hire, it is **not** entitled to make a gang-retaliation-drive-by-attempt-murder somehow relevant to the alleged affairs of the alleged fictional Miske enterprise. Even if there was marginal probative value in this evidence (i.e., Bermudez is a shooter), this marginal probative value would be outweighed by the risk of misleading the jury and likelihood of unfair prejudice. *Espinoza-Baza*, 647 F.3d at 1191.

## CONCLUSION

Defendants request that the Court exclude the August 3, 2016 attempt murder evidence as inadmissable evidence to RICO conspiracy count one. The evidence is, however, admissible as impeachment evidence if Bermudez testifies during trial.

DATED: November 13, 2023

| | |
|---|---|
| */s/Michael J. Kennedy* <br> MICHAEL J. KENNEDY <br> */s/ Lynn E. Panagakos* <br> LYNN E. PANAGAKOS <br> Counsel for Defendant <br> MICHAEL J. MISKE, JR (01) | */s/ Donovan Odo* <br> DONOVAN ASAO ODO <br> */s/ Marcia Morrissey* <br> MARCIA A. MORRISSEY <br> Counsel for Defendant <br> DELIA FABRO-MISKE (12) |
| */s/ Walter J Rodby* <br> WALTER J. RODBY <br> */s/ Terri L Fujioka-Lilley* <br> TERRI L. FUJIOKA-LILLEY <br> Counsel for Defendant <br> JOHN B. STANCIL (02) | */s/ William A. Harrison* <br> WILLIAM A. HARRISON <br> Counsel for Defendant <br> JASON K. YOKOYAMA (13) |

## CERTIFICATE OF SERVICE

I, Lynn E. Panagakos, hereby certify that this filing, through the court's electronic filing system, all counsel of record have been served with this document.

DATED: Honolulu, Hawai`i, November 13, 2023

/s/ Lynn E. Panagakos
LYNN E. PANAGAKOS