MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103; California State Bar #193901
Colorado State Bar #17868
333 Flint Street
Reno, Nevada 89501
775-221-7100 (office); 775-233-0914 (mobile)
michael@mjkennedylaw.com

LYNN E. PANAGAKOS   7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`i 96813
Telephone: (808) 542-9943
lynnpanagakos@yahoo.com
**Attorneys for Defendant Michael J. Miske, Jr.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>MICHAEL J. MISKE, JR.,     (01)<br>JOHN B. STANCIL,              (02)<br>DELIA FABRO-MISKE,       (12)<br>JASON K. YOKOYAMA       (13)<br><br>            Defendants. | Case No. 19-cr-00099-DKW-KJM.<br><br>**JOINT DEFENDANTS' MOTION IN LIMINE NO.2: re EXCLUSION OF AUGUST 27, 2016 ATTEMPT MURDER EVIDENCE EXCEPT FOR IMPEACHMENT; CERTIFICATE OF SERVICE** |

## MOTION

Defendants move in limine under Federal Rule of Evidence 401, 402 and 403 to exclude evidence pertaining to an August 27, 2016 attempt murder outside Xclusive Bar and Lounge in Honolulu, from consideration as racketeering activity.  La Familia

gang member (Shooter Gang) member Lance Bermudez was one of two individuals who committed attempt murder in retaliation for a rival gang members assaulting a fellow La Familia gang member minutes before. This drive-by shooting has nothing to do with Mr. Miske, the alleged fiction known as the so-called Miske Enterprise, or the affairs of Mr. Miske's businesses. The government has informed counsel that it may seek to admit this evidence during trial. The evidence is inadmissible except for impeachment of Bermudez.

## BACKGROUND[1]

On August 27, 2016, La Familia gang member (Shooter Gang) Lance Bermudez shot an individual (Mr. Huynh) outside of Xclusive Bar at 818 Sheridan Street, Honolulu, HI. *Bates 00043361UR*. According to Bermudez, a second shooter was former co-defendant Dae Han Moon The individual who was shot had been in a fight with a La Familia gang member named "Sonny" (Sonny Khamsouk) before Bermudez drove up in the stolen two-door black Infinity. Sonny and Mr. Huynh had exchanged words and it appears Sonny may have stabbed Mr. Huynh a few years back. *Bates 00043359UR*. Text messages found in Bermudez's cell phone showed him communicating with "Sonny" shortly before the shooting. Sonny fled the shooting with Bermudez and Moon. *ECF No. 636, PageId. 4282*. One 9 mm Lugar and two .45 Auto Speer cartridge cases were were identified and collected by crime scene technicians in the parking lot. Honolulu Police Department investigated the shooting as an attempt

---

[1] The background is taken from Honolulu Police Department report 16-342423. *Bates 00043287UR-00043407UR*.

murder in the second degree. Bermudez admitted these facts in his written plea agreement. *ECF No. 636, PageID. 4281*.

## ARGUMENT

Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence is either relevant or not. *United States v. Foster*, 986 F.2d 541, 542 (D.C. Cir. 1993). The test is the same for the prosecution and the defense. *See United States v. Crenshaw*, 698 F.2d 1060, 1064-1065 (9th Cir. 1983). For evidence to be relevant it "must be probative of the proposition it is offered to prove, and ... the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("Long's out-of-court statements are probative of why Deputy Needman went to the mobile home. However, his reasons for going there are not of consequence to the determination of the action, *i.e.* they do not bear on any issue involving the elements of the charged offense.")

Further, the "court may exclude relevant evidence if its probative value is substantially outweighed by ... unfair prejudice, confusing of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cummulative evidence. Fed.R. Evid. 403. When probative value is small, even "a small risk of misleading the jury" or "a modest likelihood of unfair prejudice" is enough to outweigh the probative value of marginally relevant evidence. *United States v. Espinoza*, 647 F.3d 1182, 1191

(9th Cir. 2011). "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart from its judgment as to his guilt or innocence of the crime charged.*" *United States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015) (emphasis in original).

Evidence that La Familia gang member (Shooter Gang) Lance Bermudez committed an attempt murder – in retaliation for his fellow La Familia gang member "Sonny" having been punched and in a fight – is **not** a fact of consequence in determining the elements of the RICO count one conspiracy. Fed. R. Evid. 401&402; *Dean*, 980 F.2d at 1288. Count one charges a conspiracy to conduct and participate, directly or indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity." ECF No. 673, PageId.4440-4452. To prove a conviction for violation of 18 U.S.C. § 1962(d), the Government must show that a defendant knowingly agreed "to participate, directly or indirectly, in the conduct of the [enterprise's] affairs through a pattern of racketeering." *United States v. Fernandez*, 388 F.3d 1199, 1226 n.18 (9th Cir. 2004); 9th Cir. Crim. Jury Instr. 18.8 (Revised Dec. 2015). A retaliation shooting on behalf of a fellow gang member bears no relationship to the affairs of the fictional so-called Miske enterprise, or the alleged means and methods. ECF No. 673, PageId.4444-4447. Bermudez is conducting and participating in the affairs of his gang, La Familia (Shooter Gang), when he retaliates. Therefore, if it is racketeering activity, it is an affair of the La Familia gang, **not** the fictional, so-called Miske Enterprise.

The government concedes in Bermudez's plea agreement that "Miske did not direct" this shooting. ECF No. 636, PageID.4282. It suggests, however, that Bermudez was somehow "emboldened" to act because he "relied on the protection he could count on from Miske as an Enterprise member." *Id*. This is pure fiction. Bermudez's protection was a .45 caliber, a .40 caliber or a 9 mm handgun. Here, he brought his protection - a 9mm or .45 caliber handgun. Bermudez's protection was his La Familia gang member brothers. Not Mr. Miske. No one had even heard of the fictional so-called Miske Enterprise prior to the almost 30 minute press conference by prosecutors and law enforcement following the unsealing of the superseding indictment and the arrests. Mr. Miske was known, if at all, as simply the owner of Kama`aina Termite and Pest Control and other businesses. While the government is entitled (based upon a mere probable cause finding by the grand jury ) to seek to prove at trial, by proof beyond a reasonable doubt, its allegations of murder contracts and murders-for-hire, it is **not** entitled to make a gang-retaliation attempt murder somehow relevant to the alleged affairs of the alleged fictional Miske enterprise. Even if there was marginal probative value in this evidence (i.e., Bermudez is a shooter), this marginal probative value would be outweighed by the risk of misleading the jury and likelihood of unfair prejudice. *Espinoza-Baza*, 647 F.3d at 1191.

## CONCLUSION

Defendants request that the Court exclude the August 27, 2016 attempt murder evidence as inadmissible evidence to RICO conspiracy count one. The evidence is, however, admissible as impeachment evidence if Bermudez testifies during trial.

DATED: November 13, 2023

/s/Michael J. Kennedy
MICHAEL J. KENNEDY
/s/ Lynn E. Panagakos
LYNN E. PANAGAKOS
Counsel for Defendant
MICHAEL J. MISKE, JR (01)

/s/ Donovan Odo
DONOVAN ASAO ODO
/s/ Marcia Morrissey
MARCIA A. MORRISSEY
Counsel for Defendant
DELIA FABRO-MISKE (12)

/s/ Walter J Rodby
WALTER J. RODBY
/s/ Terri L Fujioka-Lilley
TERRI L. FUJIOKA-LILLEY
Counsel for Defendant
JOHN B. STANCIL (02)

/s/ William A. Harrison
WILLIAM A. HARRISON
Counsel for Defendant
JASON K. YOKOYAMA (13)

## CERTIFICATE OF SERVICE

I, Lynn E. Panagakos, hereby certify that this filing, through the court's electronic filing system, all counsel of record have been served with this document.

DATED: Honolulu, Hawai`i, November 13, 2023

/s/ Lynn E. Panagakos
LYNN E. PANAGAKOS