
MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103; California State Bar #193901
Colorado State Bar #17868
333 Flint Street
Reno, Nevada 89501
775-221-7100 (office); 775-233-0914 (mobile)
michael@mjkennedylaw.com

LYNN E. PANAGAKOS   7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`I 96813
Telephone: (808) 542-9943
lynnpanagakos@yahoo.com
**Attorneys for Defendant Michael J. Miske, Jr.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 19-cr-00099-DKW-KJM. |
| | ) | |
| Plaintiff, | ) | **JOINT DEFENDANTS' MOTION** |
| | ) | **IN LIMINE NO.3: re EXCLUSION** |
| v. | ) | **OF AUGUST 31, 2016 ATTEMPT** |
| | ) | **MURDER EVIDENCE EXCEPT** |
| MICHAEL J. MISKE, JR.,   (01) | ) | **FOR IMPEACHMENT;** |
| JOHN B. STANCIL,   (02) | ) | **CERTIFICATE OF SERVICE** |
| DELIA FABRO-MISKE,   (12) | ) | |
| JASON K. YOKOYAMA   (13) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MOTION**

Defendants move in limine under Federal Rules of Evidence 401, 402 and 403 to exclude evidence pertaining to an August 31, 2016 attempt murder at 414 Kuwili Street in Honolulu, from consideration as racketeering activity. La Familia gang

member (Shooter Gang) Lance Bermudez aided La Familia gang member Steven Donohue in committing an attempt murder to collect a $100 methamphetamine debt owed Donohue. This drive-by shooting was the affairs of the La Familia gang and had absolutely nothing to do with Mr. Miske, the alleged fiction known as the so-called Miske enterprise, or the affairs of Mr. Miske's businesses. The government has informed counsel that it may seek to admit this evidence during trial. The evidence is inadmissible except for impeachment of Bermudez and Donohue.

## BACKGROUND

On August 31, 2016, La Familia gang members Steven Donohue and Lance Bermudez went looking for an individual who later told police that he owed a $100 methamphetamine debt to Donahue. *ECF No, 636, PageID.4282*. After Donahue and Bermudez arrived at 414 Kuwili Street, Donahue asked around where he might find this individual. *1:19-cr-142-SOM, ECF No. 9, PageID.18*. Donahue covered part of his face to conceal his identity. Id.  While Bermudez drove Donohue, from the passenger seat of the black Infinity sedan, fired an unknown caliber handgun into a group of two or more persons living in tents on the sidewalk of Kuwili Street. *Id at PageID.19*. The gunshot struck a different individual in the ear, who was inside the tent when he was shot. *Id*.

## ARGUMENT

Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence

is either relevant or not. *United States v. Foster*, 986 F.2d 541, 542 (D.C. Cir. 1993). The test is the same for the prosecution and the defense. *See United States v. Crenshaw*, 698 F.2d 1060, 1064-1065 (9th Cir. 1983). For evidence to be relevant it "must be probative of the proposition it is offered to prove, and ... the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("Long's out-of-court statements are probative of why Deputy Needman went to the mobile home. However, his reasons for going there are not of consequence to the determination of the action, *i.e.* they do not bear on any issue involving the elements of the charged offense.")

Further, the "court may exclude relevant evidence if its probative value is substantially outweighed by ... unfair prejudice, confusing of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cummulative evidence. Fed.R. Evid. 403. When probative value is small, even "a small risk of misleading the jury" or "a modest likelihood of unfair prejudice" is enough to outweigh the probative value of marginally relevant evidence. *United States v. Espinoza*, 647 F.3d 1182, 1191 (9th Cir. 2011). "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart from its judgment as to his guilt or innocence of the crime charged.*" *United States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015) (emphasis in original).

///

Evidence that La Familia gang member (Shooter Gang) Lance Bermudez aided La Familia gang member Steven Donohue in committing an attempt murder in a drive-by shooting over a $100 methamphetamine drug debt is **not** a fact of consequence in determining the elements of the RICO count one conspiracy. Fed. R. Evid. 401&402; *Dean*, 980 F.2d at 1288. Count one charges a conspiracy to conduct and participate, directly or indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity." ECF No. 673, PageId.4440-4452. To prove a conviction for violation of 18 U.S.C. § 1962(d), the Government must show that a defendant knowingly agreed "to participate, directly or indirectly, in the conduct of the [enterprise's] affairs through a pattern of racketeering." *United States v. Fernandez*, 388 F.3d 1199, 1226 n.18 (9th Cir. 2004); 9th Cir. Crim. Jury Instr. 18.8 (Revised Dec. 2015). A drive-by shooting over a $100 methamphetamine drug debt bears no relationship to the affairs of the fictional so-called Miske enterprise, or the alleged means and methods. ECF No. 673, PageId.4444-4447. Bermudez and Donohue are conducting and participating in the affairs of their gang, La Familia. Therefore, if it is racketeering activity, it is an affair of the La Familia gang, **not** the fictional, so-called Miske Enterprise.

The government concedes in Bermudez's plea agreement that "Miske did not direct" this shooting. ECF No. 636, PageID.4282. It suggests, however, that Bermudez and Donohue were somehow "emboldened" to aid and abet and commit an attempt murder because Bermudez "relied on the protection he could count on from Miske as an Enterprise member." *Id*. Conversely, Donohue's plea agreement makes no mention

of him being "emboldened" because he "relied on the protection he could count on from Miske as an Enterprise member." ECF No. 9, PageID.15-32, 1-19:cr-142-SOM. Either way, this is pure fiction. Bermudez's and Donohoe's protection was a .45 caliber, a .40 caliber or a 9 mm handgun. Bermudez's and Donohoe's protection was their La Familia gang member brothers. Not Mr. Miske. No one had even heard of the fictional so-called Miske Enterprise prior to the almost 30 minute press conference by prosecutors and law enforcement following the unsealing of the superseding indictment and the arrests. Mr. Miske was known, if at all, as simply the owner of Kama`aina Termite and Pest Control and other businesses. While the government is entitled (based upon a mere probable cause finding by the grand jury ) to seek to prove at trial, by proof beyond a reasonable doubt, its allegations of murder contracts and murders-for-hire, it is **not** entitled to make a gang-retaliation attempt murder somehow relevant to the alleged affairs of the alleged fictional Miske enterprise. Even if there was marginal probative value in this evidence (i.e., Donohue is a shooter aided by Bermudez), this marginal probative value would be outweighed by the risk of misleading the jury and likelihood of unfair prejudice. *Espinoza-Baza*, 647 F.3d at 1191.

## CONCLUSION

Defendants request that the Court exclude the August 31, 2016 attempt murder evidence as inadmissible evidence to RICO conspiracy count one. The evidence is, however, admissible as impeachment evidence if Bermudez and/or Donohue testify during trial.

///

DATED: November 13, 2023

/s/ Michael J. Kennedy
MICHAEL J. KENNEDY
/s/ Lynn E. Panagakos
LYNN E. PANAGAKOS
Counsel for Defendant
MICHAEL J. MISKE, JR (01)

/s/ Walter J Rodby
WALTER J. RODBY
/s/ Terri L Fujioka-Lilley
TERRI L. FUJIOKA-LILLEY
Counsel for Defendant
JOHN B. STANCIL (02)

/s/ Donovan Odo
DONOVAN ASAO ODO
/s/ Marcia Morrissey
MARCIA A. MORRISSEY
Counsel for Defendant
DELIA FABRO-MISKE (12)

/s/ William A. Harrison
WILLIAM A. HARRISON
Counsel for Defendant
JASON K. YOKOYAMA (13)

## CERTIFICATE OF SERVICE

I, Lynn E. Panagakos, hereby certify that this filing, through the court's electronic filing system, all counsel of record have been served with this document.

DATED: Honolulu, Hawai`i, November 13, 2023

/s/ Lynn E. Panagakos
LYNN E. PANAGAKOS