CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

MICHAEL D. NAMMAR
MARK A. INCIONG CA BAR #163443
W. KEAUPUNI AKINA #11565
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email:   Michael.Nammar@usdoj.gov
         Mark.Inciong@usdoj.gov
         Keaupuni.Akina@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>MICHAEL J. MISKE, JR.,    (01)<br>  aka "Bro,"<br>JOHN B. STANCIL,    (02)<br>DELIA FABRO-MISKE, and    (12)<br>JASON K. YOKOYAMA,    (13)<br><br>  Defendants. | CR. NO. 19-00099 DKW-KJM<br><br>UNITED STATES' MOTION *IN LIMINE* TO ADMIT ENTERPRISE PROOF AND PRECLUDE INCORRECT DEFENSE ARGUMENT ABOUT ENTERPRISE PROOF; CERTIFICATE OF SERVICE |

UNITED STATES' MOTION *IN LIMINE* TO ADMIT ENTERPRISE PROOF
AND PRECLUDE INCORRECT ARGUMENT ABOUT ENTERPRISE PROOF

The United States moves *in limine* for a ruling that it may admit evidence relevant to establishing the existence of the racketeering conspiracy charged in Count 1, regardless of whether that evidence constitutes "racketeering activity" within the meaning of 18 U.S.C. §§ 1961(1) and 1961(5). Whether any particular piece of evidence is in fact relevant under Federal Rule of Evidence 401 may be determined at the appropriate time at trial. The requested ruling would merely preclude the defense from arguing—contrary to the law—that only conduct constituting "racketeering activity" may be used to prove that the charged racketeering conspiracy existed.

The United States also moves *in limine* to preclude inaccurate arguments about what enterprise proof is legally required. The Supreme Court has made clear that an enterprise may be informal and without formal structural features (e.g., an enterprise name, rules and regulations, and regular meetings). The defense should not be permitted to argue otherwise.

1. "A RICO offense is established by 'proof of (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *United States v. Christensen*, 828 F.3d 763, 780 (9th Cir. 2015) (quoting *United States v. Fernandez*, 388 F.3d 1199, 1221 (9th Cir. 2004)). When, as here, a RICO conspiracy is charged, the government must prove that (1) a conspiracy to commit a RICO offense existed, and (2) each "defendant 'was aware of the essential nature

1

and scope of the enterprise and intended to participate in it.'" *Id.* (quoting *Fernandez*, 388 F.3d at 1230)). As the Ninth Circuit has explained, "the RICO net is woven tightly to trap even the smallest fish, those peripherally involved with the enterprise." *Id.* at 781 (citation, internal quotation marks, and alteration omitted).

One of the elements of a RICO conspiracy offense, therefore, is that there was an agreement that there would be an "enterprise." The Ninth Circuit has explained that the "expansive definition" of "enterprise" in the statute "is not very demanding." *Id.* at 780 (citation and internal quotation marks omitted). "An associated-in-fact enterprise is 'a group of persons associated together for a common purpose of engaging in a course of conduct.'" *Id.* (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)). "Such an enterprise has three elements: (1) a common purpose, (2) an ongoing organization, and (3) a continuing unit." *Id.*

2.  The Third Superseding Indictment in this case (the "Indictment") alleges that the conspiracy included specific racketeering acts that would be part of the enterprise's pattern of racketeering activity. *See* Indictment ¶¶ 7.a.-7.r. At trial, the evidence of these racketeering acts will form part of the proof that the charged racketeering conspiracy existed. *See Boyle v. United States*, 556 U.S. 938, 947 (2009) (recognizing "that the evidence used to prove the pattern of racketeering activity and the evidence establishing an enterprise 'may in particular cases coalesce'" (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)).

2

But the evidence at trial will also include crimes and conduct that do not qualify as racketeering acts. These include, for example, assaults that were committed in connection with the racketeering enterprise. The evidence at trial will show that Miske ordered members and associates of the racketeering conspiracy to engage in assaults for which he sometimes financially compensated the assaulters. As a legal matter, assaults do not qualify as "racketeering activity" under 18 U.S.C. §§ 1961(1) and 1961(5). For that reason, the government may not establish the "pattern of racketeering activity" element through a pattern of assaults. Nonetheless, the pattern of assaults is highly probative of the existence of the enterprise: they tend to show that Miske and others shared a common purpose, as part of an ongoing organization, and as a continuing unit.[1]

Similarly, the evidence at trial will include violations of the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA), 7 U.S.C. § 136. These violations do not qualify as "racketeering activity," but they will show the ways in which Miske and his co-conspirators used his companies, and illegal activity conducted under the aegis of his company, to advance the racketeering enterprise's objective of profiting through illegal behavior.

---

[1] Evidence of assaults will be separately admissible to prove Count 10, which charges a conspiracy to commit assaults in aid of racketeering. But evidence of assaults is also probative of the enterprise at issue in Count 1.

Furthermore, some of the racketeering enterprise's behavior will not be criminal, but will still be highly probative of the existence of the racketeering enterprise. For instance, the evidence at trial will demonstrate that Miske made attorneys available for some of his "soldiers" and instructed them to call those attorneys if they were ever arrested. The evidence will show that Miske then monitored whether these individuals ever decided to discard their Miske-provided attorneys—or, as he sometimes called them, "doctors"—as an early warning signal that those individuals might have dared to decide to cooperate with law enforcement. This evidence, again, is highly probative of the existence of an ongoing organization—after all, Miske would not have needed to arrange for attorneys to essentially monitor his soldiers if he had intended merely to commit one-off crimes with them and then disband.

The Court should now rule that relevant enterprise proof will be admissible, regardless of whether it constitutes "racketeering activity," or even crimes.

3. The Court should also now rule that the defense may not argue that a racketeering enterprise must have "a name, regular meetings, dues, established rules and regulations, disciplinary procedures, or induction or initiation ceremonies," or other such structural features. *Boyle*, 556 U.S. at 948. The Supreme Court has also made clear that "[w]hile the group must function as a continuing unit and remain in existence long enough to pursue a course of conduct,

4

nothing in RICO exempts an enterprise whose associates engage in spurts of activity punctuated by periods of quiescence." *Id.* While the government is required to prove three basic structural features—"a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose," *id.* at 946—no further structure features are legally required, and the Court should preclude the defense from arguing otherwise and confusing the jury about the applicable law.

Nor should the defense be permitted to make legally inaccurate arguments about RICO's requirements *indirectly*—by, for example, suggesting Miske's criminal enterprise did not violate RICO because it lacked formal structural features found in *other* criminal enterprises, such as the USOs, La Familia, or Na Kipi. As noted, RICO does not require such formal structural features.

4. For the above reasons, the government respectfully requests that the Court grant this motion *in limine*.

DATED: November 13, 2023, at Honolulu, Hawaii.

        CLARE E. CONNORS
        United States Attorney
        District of Hawaii

        By */s/ Mark A. Inciong*
          MICHAEL D. NAMMAR
          MARK A. INCIONG
          W. KEAUPUNI AKINA
          Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that, on the date noted below, the true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:

| | |
|---|---|
| Lynn Panagakos, Esq.<br>Michael Jerome Kennedy, Esq. | Attorneys for Defendant<br>MICHAEL J. MISKE, JR. |
| Walter J. Rodby, Esq.<br>Terri L. Fujioka-Lilley, Esq. | Attorneys for Defendant<br>JOHN B. STANCIL |
| Marcia Morrissey, Esq.<br>Donovan Odo, Esq. | Attorneys for Defendant<br>DELIA FABRO-MISKE |
| William A. Harrison, Esq. | Attorney for Defendant<br>JASON K. YOKOYAMA |

DATED: November 13, 2023, at Honolulu, Hawaii.

/s/ Tiani Kaneakua
U.S. Attorney's Office
District of Hawaii