MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103; California State Bar #193901
Colorado State Bar #17868
333 Flint Street
Reno, Nevada 89501
775-221-7100 (office); 775-233-0914 (mobile)
michael@mjkennedylaw.com

LYNN E. PANAGAKOS   7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`i 96813
Telephone: (808) 542-9943
lynnpanagakos@yahoo.com
**Attorneys for Defendant Michael J. Miske, Jr.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>　　　　　　　　　　　　　　　　）<br>　　　　　　Plaintiff,　　　　　）<br>　　　　　　　　　　　　　　　　）<br>v.　　　　　　　　　　　　　　　）<br>　　　　　　　　　　　　　　　　）<br>MICHAEL J. MISKE, JR.,　(01) )<br>JOHN B. STANCIL,　　　　(02) )<br>DELIA FABRO-MISKE,　　 (12) )<br>JASON K. YOKOYAMA　　(13) )<br>　　　　　　　　　　　　　　　　）<br>　　　　　　Defendants.　　 )<br>_____ ) | Case No. 19-cr-00099-DKW-KJM.<br><br>**JOINT DEFENDANTS' MOTION IN LIMINE NO. 4: re EXCLUSION OF SEPTEMBER 20, 2016 ATTEMPT MURDER EVIDENCE EXCEPT FOR IMPEACHMENT**<br>CERTIFICATE OF SERVICE |

## MOTION

Defendants move in limine under Federal Rule of Evidence 401, 402 and 403 to exclude evidence pertaining to a September 20, 2016 attempt murder at, or near, 2240 Metcalf Street in Honolulu from consideration as racketeering activity. La Familia

gang member (Shooter Gang) Lance Bermudez committed the attempt murder during a spontaneous encounter with the owner of a car Bermudez had previously stolen. This spontaneous street encounter over a stolen car committed by a La Familia gang member has nothing to do with Mr. Miske, the alleged fiction known as the Miske Enterprise, or the affairs of Mr. Miske's businesses. The government has informed counsel that it may seek to admit this evidence during trial as racketeering activity. The evidence is inadmissible except for impeachment of Bermudez.

## BACKGROUND[1]

An individual (Mr. Ishimoto) received a phone call from a friend around 12:20 a.m. on September 20, 2016 informing him that his friend had seen Mr. Ishimoto's stolen car (Nissan 240/4DSD) in the area of Metcalf Street. *Bates 00194057UR & Bates 00194064UR*. Mr. Ishimoto and Mr. Howard drove to Metcalf Street in a white 2014 Mitsubishi, saw a car identical to his stolen Nissan 240/4DSD, and confirmed that the car was Mr. Ishimoto's stolen Nissan 240/4DSD. *Bates 00194057*. Mr. Ishimoto confronted a group of men which included Bermudez who were nearby and asked about his car. *Id.* Bermudez confronted Mr. Ishimoto, lifted his shirt, and flashed a gun. Mr. Ishimoto walked back to the white 2014 Mitsubishi and he and Mr. Howard attempted to drive away and call the police. *Id.* Bermudez slapped the back of the white 2014 Mitsubishi as Mr. Ishimoto drove off. Mr. Ishimoto then turned around and started to drive back towards his stolen car when Bermudez walked out into the street, pointed

---

[1] The background is taken from Honoulu Police Department report 16-374149. Bates #00194048UR-00194226UR.

a black hand gun at the white 2014 Mitsubishi, and fired three 9mm rounds at the Mitsubishi car. *Bates 00194050UR & 00194057UR*. One of the projectiles entered the front passenger door (*Bates 00194056UR*); another entered a nearby home; and another struck a telephone pole. *Bates 00194084UR*. Later, Mr. Ishimoto positively identified Bermudez in a photo lineup as the shooter (*Bates 00194122UR-00194130UR*) and an arrest-on-site warrant for attempt murder was issued on November 21, 2016 (*Bates 00194155UR*).

## ARGUMENT

Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence is either relevant or not. *United States v. Foster*, 986 F.2d 541, 542 (D.C. Cir. 1993). The test is the same for the prosecution and the defense. *See United States v. Crenshaw*, 698 F.2d 1060, 1064-1065 (9th Cir. 1983). For evidence to be relevant it "must be probative of the proposition it is offered to prove, and ... the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("Long's out-of-court statements are probative of why Deputy Needman went to the mobile home. However, his reasons for going there are not of consequence to the determination of the action, *i.e.* they do not bear on any issue involving the elements of the charged offense.").

Further, the "court may exclude relevant evidence if its probative value is

substantially outweighed by ... unfair prejudice, confusing of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cummulative evidence. Fed.R. Evid. 403. When probative value is small, even "a small risk of misleading the jury" or "a modest likelihood of unfair prejudice" is enough to outweigh the probative value of marginally relevant evidence. *United States v. Espinoza*, 647 F.3d 1182, 1191 (9th Cir. 2011). "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart from its judgment as to his guilt or innocence of the crime charged.*" *United States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015) (emphasis in original).

Evidence of a spontaneous street encounter with the owner of a a stolen car which ends with Bermudez firing three 9mm projectiles - one into the front passenger side door of a 2014 Mitsubishi with a passenger and a driver in the path of the projectile - one into a home - and one into a nearby pole – is **not** a fact of consequence in determining the elements of the RICO count one conspiracy. Fed. R. Evid. 401&402; *Dean*, 980 F.2d at 1288. Count one charges a conspiracy to conduct and participate, directly or indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity." ECF No. 673, PageId.4440-4452. To prove a conviction for violation of 18 U.S.C. § 1962(d), the Government must show that a defendant knowingly agreed "to participate, directly or indirectly, in the conduct of the [enterprise's] affairs through a pattern of racketeering." *United States v. Fernandez*, 388 F.3d 1199, 1226 n.18 (9th Cir. 2004); 9th Cir. Crim. Jury Instr. 18.8 (Revised Dec.

2015). A spontaneous street encounter with the owner of a stolen car resulting in La Familia gang member Bermudez committing an attempt murder bears no relationship to the affairs of the fictional so-called Miske enterprise, or the alleged means and methods. ECF No. 673, PageId.4444-4447. Rather, it is an affair of the La Famillia gang. Therefore, if it is racketeering activity, it is so as an affair of the La Familia gang, **not** the fictional, so-called Miske Enterprise. Further, to conduct or participate "means that the defendant had to be involved in the operation or management of the enterprise." 9th Cir. Crim. Jury Instr. 18.8 (RICO-Conducting the Affairs of Association-in-Fact (18 U.S.C. § 1962(c)). Bermudez is conducting and participating in the affairs of his gang, La Familia (Shooter Gang). Unlike other RICO prosecutions, no one had even heard of the fictional so-called Miske Enterprise prior to the almost 30 minute press conference by prosecutors and law enforcement following the unsealing of the superseding indictment and the arrests. Mr. Miske was known, if at all, as simply the owner of Kama`aina Termite and Pest Control and other businesses. Even if this spontaneous street encounter resulting in attempt murder were somehow relevant to the affairs of the fictional Miske enterprise, which it is not, its marginal probative value would be outweighed by the risk of misleading the jury and likelihood of unfair prejudice. *Espinoza-Baza*, 647 F.3d at 1191.

## CONCLUSION

Defendants request that the Court exclude the September 20, 2016 attempt murder evidence as inadmissible evidence to RICO conspiracy count one. The evidence is, however, admissible as impeachment evidence if Bermudez testifies during trial.

DATED: November 13, 2023

/s/ Michael J. Kennedy
MICHAEL J. KENNEDY
/s/ Lynn E. Panagakos
LYNN E. PANAGAKOS
Counsel for Defendant
MICHAEL J. MISKE, JR (01)

/s/ Donovan Odo
DONOVAN ASAO ODO
/s/ Marcia Morrissey
MARCIA A. MORRISSEY
Counsel for Defendant
DELIA FABRO-MISKE (12)

/s/ Walter J Rodby
WALTER J. RODBY
/s/ Terri L Fujioka-Lilley
TERRI L. FUJIOKA-LILLEY
Counsel for Defendant
JOHN B. STANCIL (02)

/s/ William A. Harrison
WILLIAM A. HARRISON
Counsel for Defendant
JASON K. YOKOYAMA (13)

## CERTIFICATE OF SERVICE

I, Lynn E. Panagakos, hereby certify that this filing, through the court's electronic filing system, all counsel of record have been served with this document.

DATED: Honolulu, Hawai`i, November 13, 2023

/s/ Lynn E. Panagakos
LYNN E. PANAGAKOS