CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

MICHAEL D. NAMMAR
MARK A. INCIONG  CA BAR #163443
W. KEAUPUNI AKINA #11565
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Facsimile:   (808) 541-2958
Email:    Michael.Nammar@usdoj.gov
          Mark.Inciong@usdoj.gov
          Keaupuni.Akina@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL J. MISKE, JR.,     (01) <br>     aka "Bro," <br> JOHN B. STANCIL,     (02) <br> DELIA FABRO-MISKE, and     (12) <br> JASON K. YOKOYAMA,     (13) <br><br> Defendants. | CR. NO. 19-00099 DKW-KJM <br><br> UNITED STATES' MOTION *IN LIMINE* TO PRECLUDE IMPROPER USE OF CHARGING DECISIONS AND PLEA AGREEMENTS; CERTIFICATE OF SERVICE |

UNITED STATES' MOTION *IN LIMINE* TO PRECLUDE
IMPROPER USE OF CHARGING DECISIONS AND PLEA AGREEMENTS

The United States moves *in limine* for a ruling that would preclude the defense from (1) making improper arguments about the government's charging decisions, and (2) making unduly prejudicial use of plea agreements the government has entered into with other defendants.

1. "The government may decide to charge or not to charge a suspect in an indictment for a variety of reasons that have nothing to do with his guilt or innocence, taking into consideration the availability of prosecutorial resources, alternative priorities, the expectation of prosecution by other authorities, or any number of other valid discretionary reasons." *United States v. Bingham*, 653 F.3d 983, 999 (9th Cir. 2011); *see also id.* (quoting Eleventh Circuit precedent favorably for the proposition that "'[c]ertainly, we cannot attribute the government's decision not to prosecute to an independent determination that the defendant is not guilty.'").

For similar reasons, the Ninth Circuit has recognized that little can be read into the manner in which the government resolves cases against defendants in plea agreements. As the Ninth Circuit has explained, "a district court may properly exclude, under Federal Rule of Evidence 403, a plea agreement offered for the purpose of establishing the government's belief in a person's innocence." *United States v. Jones*, 587 F. App'x 371, 373 (9th Cir. Oct. 14, 2014) (citing *United States v. Sua*, 307 F.3d 1150, 1153 (9th Cir. 2002)). That is because "many factors

1

influence the government's decision to plea bargain," and hence "admitting a co-defendant's plea agreement could confuse the issue or mislead the jury." *Id.* That is true even where the co-defendant whose plea agreement is at issue is testifying at trial. *See United States v. Farrar*, 2018 WL 4855205 (explaining that *Sua* had excluded evidence "of a cooperating witness' plea agreement that was offered to establish the government's belief in the defendant's innocence, finding the legitimate interest against confusing the jury outweighed the defendant's interest in presenting the marginally relevant evidence").

    2.  As in many other cases, the government in this case was required to make decisions about what charges to bring, when to bring them, and what individuals to charge. The government also made extensive efforts to resolve charges against several charged co-defendants through plea agreements.

    It would be inappropriate for the defense to argue (or even imply) to the jury that there is any factual significance to these discretionary charging decisions, and the Court should now rule that the defense are precluded from making any such inappropriate argument. For example, the government exercised its discretion to charge a RICO conspiracy count, but not to charge substantive RICO; it decided to allege that violations of the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA), 7 U.S.C. § 136, were part of the RICO conspiracy, but not to charge FIFRA offenses in separate substantive counts. Furthermore, while the

2

government charged many defendants in this case, it did not charge other individuals who—the evidence at trial will show—also participated in the charged enterprise's criminal activities. Also, different investigations over the years did not (at those times) result in charges against defendants who are now charged and proceeding to trial. The defense should not be allowed to suggest to the jury that it should give any factual or legal significance to these decisions.

Were the defense allowed to do so, it would be necessary for the government to respond to those unfair and improper suggestions by explaining why it made the decisions it did. *See Bingham*, 653 F.3d at 999; *accord United States v. Morel*, 751 F. Supp.2d 423, 432 (E.D.N.Y. 2010) ("In addition to confusing and misleading the jury, if evidence of a declination of prosecution is introduced, the government will likely need to take the stand to explain the declination to the jury, which might result in unnecessary testimony and undue delay."). All of this would create the serious risk of confusing the jury and wasting its time with peripheral issues that are not pertinent to the charges at issue. *See id.* at 434 ("Referencing the government's declinations of prosecution of individuals unrelated to the instant prosecution and not appearing as witnesses against the defendant risks distracting the jury from determining the real issue for this trial: whether the jury will find beyond a reasonable doubt that [the defendant on trial] is guilty of the charged offenses.").

3

For similar reasons, it would be inappropriate for the defense to attempt to argue that certain facts are true or not true based on plea agreements the government entered into with other defendants. As the Ninth Circuit has recognized, "many factors influence the government's decision to plea bargain," and "admitting a co-defendant's plea agreement could confuse the issue or mislead the jury." *Jones*, 587 F. App'x at 373. For example, the government recently entered into plea agreements with co-defendants Dae Han Moon and Jarrin K. Young in which it agreed to dismiss the RICO conspiracy count against them. There is no basis to suggest that this reflects any belief on the part of the government that those defendants are not guilty of that offense, *see Sua*, 307 F.3d at 1153, and if the defense were to improperly make that suggestion, the government would be required to disprove it, which would create a serious risk of confusing the jury and wasting its time with irrelevant issues. Should any co-defendant testify at trial in a manner inconsistent with their own plea agreement, it may, depending on the circumstances, be appropriate for the defense to cross-examine those witnesses based on *their* stipulations in those documents. But it would not be appropriate for the defense to purport to offer or refer to any co-defendant's plea agreements in order to suggest that the *government* has accepted any particular facts to be true.

3. For the above reasons, the government respectfully requests that the Court grant this motion *in limine*.

DATED: November 13, 2023, at Honolulu, Hawaii.

>CLARE E. CONNORS
>United States Attorney
>District of Hawaii
>
>By */s/ Mark A. Inciong*
>    MICHAEL D. NAMMAR
>    MARK A. INCIONG
>    W. KEAUPUNI AKINA
>    Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that, on the date noted below, the true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:

| | |
|---|---|
| Lynn Panagakos, Esq.<br>Michael Jerome Kennedy, Esq. | Attorneys for Defendant<br>MICHAEL J. MISKE, JR. |
| Walter J. Rodby, Esq.<br>Terri L. Fujioka-Lilley, Esq. | Attorneys for Defendant<br>JOHN B. STANCIL |
| Marcia Morrissey, Esq.<br>Donovan Odo, Esq. | Attorneys for Defendant<br>DELIA FABRO-MISKE |
| William A. Harrison, Esq. | Attorney for Defendant<br>JASON K. YOKOYAMA |

DATED: November 13, 2023, at Honolulu, Hawaii.

*/s/ Tiani Kaneakua*
U.S. Attorney's Office
District of Hawaii