MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103; California State Bar #193901
Colorado State Bar #17868
333 Flint Street
Reno, Nevada 89501
775-221-7100 (office); 775-233-0914 (mobile)
michael@mjkennedylaw.com

LYNN E. PANAGAKOS   7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`i 96813
Telephone: (808) 542-9943
lynnpanagakos@yahoo.com
**Attorneys for Defendant Michael J. Miske, Jr.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 19-cr-00099-DKW-KJM. |
| | ) | |
| Plaintiff, | ) | **JOINT DEFENDANTS' MOTION** |
| | ) | **IN LIMINE NO.5: re EXCLUSION** |
| v. | ) | **OF OCTOBER 13, 2016 ATTEMPT** |
| | ) | **MURDER EVIDENCE;** |
| MICHAEL J. MISKE, JR.,    (01) | ) | **CERTIFICATE OF SERVICE** |
| JOHN B. STANCIL,          (02) | ) | |
| DELIA FABRO-MISKE,    (12) | ) | |
| JASON K. YOKOYAMA    (13) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION

Defendants move in limine under Federal Rule of Evidence 401, 402 and 403 to exclude evidence pertaining to an October 13, 2016 attempt murder on, or near, 1271 North King Street in Honolulu from consideration as racketeering activity. The

government has represented that its evidence would show that former co-defendant Dae Han Moon committed the attempt murder on October 13, 2016 during a spontaneous, road-rage encounter. This spontaneous, road-rage street crime allegedly committed by Mr. Moon has nothing to do with Mr. Miske, the alleged fiction known as the Miske Enterprise, or the affairs of Mr. Miske's businesses. The government has informed counsel that it may seek to admit this evidence during trial. The evidence is inadmissible.

## BACKGROUND[1]

An individual (Mr. Hudson) was traveling west-bound on North King Street at about 7:30 p.m on October 13, 2016. *Bates 0009363UR*. A Chrysler 300 turned onto North King Street almost colliding with Mr. Hudson's truck. *Id*. The two drivers exchanged words. *Id*. After stopping and purchasing food, Mr. Hudson was traveling east-bound on North King Street when he saw the same Chrysler 300 parked in the Kapalama Post Office lot. *Id*. Mr. Hudson stopped and parked his truck in front of the Kapalama Post Office lot. *Bates 00009364UR*.

The two men exchanged words again. *Id*. The driver of the Chrysler 300 (alleged to be Moon) then rammed his car into the driver door of the truck while Mr. Hudson is standing in the doorway of the driver door and seat. *Id*. The driver of the Chrysler 300 then reversed as Mr. Hudson ran to the front of his truck while the Chrylser 300 again rammed the driver door. *Id*. Eventually, the Chrysler 300 driver fired two shots

---

[1] The background is taken from Honoulu Police Department report 16-407188. *Bates #00009363UR-00009364*.

and fled west on North King Street. *Id*. One .40 caliber shell casing and two projectile fragments were located and collected as evidence on, or near, North King Street. *Bates 00009378&00009391*.

## ARGUMENT

Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence is either relevant or not. *United States v. Foster*, 986 F.2d 541, 542 (D.C. Cir. 1993). The test is the same for the prosecution and the defense. *See United States v. Crenshaw*, 698 F.2d 1060, 1064-1065 (9th Cir. 1983). For evidence to be relevant it "must be probative of the proposition it is offered to prove, and ... the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("Long's out-of-court statements are probative of why Deputy Needman went to the mobile home. However, his reasons for going there are not of consequence to the determination of the action, *i.e.* they do not bear on any issue involving the elements of the charged offense.")

Further, the "court may exclude relevant evidence if its probative value is substantially outweighed by ... unfair prejudice, confusing of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cummulative evidence. Fed.R. Evid. 403. When probative value is small, even "a small risk of misleading the jury" or "a modest likelihood of unfair prejudice" is enough to outweigh the probative

value of marginally relevant evidence. *United States v. Espinoza*, 647 F.3d 1182, 1191 (9th Cir. 2011). "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart from its judgment as to his guilt or innocence of the crime charged.*" *United States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015) (emphasis in original).

Evidence of a spontaneous, road-rage attempt murder allegedly done by former co-defendant Moon is **not** a fact of consequence in determining the elements of the RICO count one conspiracy. Fed. R. Evid. 401&402; *Dean*, 980 F.2d at 1288. Count one charges a conspiracy to conduct and participate, directly or indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity." ECF No. 673, PageId.4440-4452. To prove a conviction for violation of 18 U.S.C. § 1962(d), the Government must show that a defendant knowingly agreed "to participate, directly or indirectly, in the conduct of the [enterprise's] affairs through a pattern of racketeering." *United States v. Fernandez*, 388 F.3d 1199, 1226 n.18 (9th Cir. 2004); 9th Cir. Crim. Jury Instr. 18.8 (Revised Dec. 2015). A spontaneous, road-rage attempt murder bears no relationship to the affairs of the fictional so-called Miske enterprise, or the alleged means and methods. ECF No. 673, PageId.4444-4447. Rather, it is simply this: a spontaneous, road-rage attempt murder.  Further, to conduct or participate "means that the defendant had to be involved in the operation or management of the enterprise." 9th Cir. Crim. Jury Instr. 18.8 (Revised Dec. 2015). Unlike other RICO prosecutions, no one had even heard of the fictional so-called Miske Enterprise prior

to the almost 30 minute press conference by prosecutors and law enforcement following the unsealing of the superseding indictment and the arrests. Mr. Miske was known, if at all, as simply the owner of Kama`aina Termite and Pest Control and other businesses. Even if this spontaneous, road-rage incident were somehow relevant, which it is not, its marginal probative value would be outweighed by the risk of misleading the jury and likelihood of unfair prejudice. *Espinoza-Baza*, 647 F.3d at 1191.

## CONCLUSION

Defendants request that the Court exclude the October 13, 2016 attempt murder evidence as inadmissible evidence to RICO conspiracy count one charge.

DATED: November 13, 2023

| | |
|---|---|
| */s/Michael J. Kennedy* | */s/ Donovan Odo* |
| MICHAEL J. KENNEDY | DONOVAN ASAO ODO |
| */s/ Lynn E. Panagakos* | */s/ Marcia Morrissey* |
| LYNN E. PANAGAKOS | MARCIA A. MORRISSEY |
| Counsel for Defendant | Counsel for Defendant |
| MICHAEL J. MISKE, JR (01) | DELIA FABRO-MISKE (12) |
| | |
| */s/ Walter J Rodby* | */s/ William A. Harrison* |
| WALTER J. RODBY | WILLIAM A. HARRISON |
| */s/ Terri L Fujioka-Lilley* | Counsel for Defendant |
| TERRI L. FUJIOKA-LILLEY | JASON K. YOKOYAMA (13) |
| Counsel for Defendant | |
| JOHN B. STANCIL (02) | |

## CERTIFICATE OF SERVICE

I, Lynn E. Panagakos, hereby certify that this filing, through the court's electronic filing system, all counsel of record have been served with this document.

DATED: Honolulu, Hawai`i, November 13, 2023

/s/ Lynn E. Panagakos
LYNN E. PANAGAKOS