MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103; California State Bar #193901
Colorado State Bar #17868
333 Flint Street
Reno, Nevada 89501
775-221-7100 (office); 775-233-0914 (mobile)
michael@mjkennedylaw.com

LYNN E. PANAGAKOS   7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`I 96813
Telephone: (808) 542-9943
lynnpanagakos@yahoo.com
**Attorneys for Defendant Michael J. Miske, Jr.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 19-cr-00099-DKW-KJM. |
| | ) | |
| Plaintiff, | ) | **JOINT DEFENDANTS' MOTION** |
| | ) | **IN LIMINE NO.6: re EXCLUSION** |
| v. | ) | **OF OCTOBER 27, 2015 ROBBERY** |
| | ) | **AND ARSON EVIDENCE EXCEPT** |
| MICHAEL J. MISKE, JR.,    (01) | ) | **FOR IMPEACHMENT;** |
| JOHN B. STANCIL,          (02) | ) | **CERTIFICATE OF SERVICE** |
| DELIA FABRO-MISKE,        (12) | ) | |
| JASON K. YOKOYAMA         (13) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION

Defendants move in limine under Federal Rules of Evidence 401, 402 and 403 to exclude evidence pertaining to an October 27, 2015 robbery of a clothing store and arson of an Acura Integra that had been used in the robbery. La Familia (Shooter

Gang) gang members Lance Bermudez and Jacob Smith together with North Shore Boys gang member Kelli Young committed this robbery and arson for their respective gangs, which were thus the affairs of La Familia (Shooter Gang) and North Shore Boys, and themselves, individually. Government witness Wayne Miller supplied the intelligence regarding the robbery yet claims that he never received his portion of the robbery proceeds. The robbery and arson has nothing to do with Mr. Miske, the alleged fiction known as the so-called Miske Enterprise, or the affairs of Mr. Miske's businesses. The government has informed counsel that it may seek to admit this evidence during trial. The evidence is inadmissible except for impeachment of Bermudez, Smith, Young and Miller.

## BACKGROUND

On October 27, 2015, BVNK outside store camera 8 shows a white Acura Integra drive into the parking lot with its hatch open and up, then back into a space not seen by the camera, and later drive away. *Bates 00354245 (camera 8)*. BVNK inside cameras 2 and 4 shows three individuals enter through the front door, one with a firearm, one with a baton, and one with wire. The three robbers steal a safe and carry a bag from the store. *Bates 19490200 (camera 2) & 19490400 (camera 4)*. BVNK inside cameras 1 and 5 show the back room where the three robbers grab the safe. *Bates 19490100 & 1940500*. Government witness Wayne Miller is the source of the tip regarding the safe and large amounts of cash from sports gambling at BVNK. *Bates 00046269UR*. Miller claims he never received his portion of the money for providing the lead.

///

## ARGUMENT

Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence is either relevant or not. *United States v. Foster*, 986 F.2d 541, 542 (D.C. Cir. 1993). For evidence to be relevant it "must be probative of the proposition it is offered to prove, and ... the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("Long's out-of-court statements are probative of why Deputy Needman went to the mobile home. However, his reasons for going there are not of consequence to the determination of the action, *i.e.* they do not bear on any issue involving the elements of the charged offense.")

Further, the "court may exclude relevant evidence if its probative value is substantially outweighed by ... unfair prejudice, confusing of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cummulative evidence. Fed.R. Evid. 403. When probative value is small, even "a small risk of misleading the jury" or "a modest likelihood of unfair prejudice" is enough to outweigh the probative value of marginally relevant evidence. *United States v. Espinoza*, 647 F.3d 1182, 1191 (9th Cir. 2011). "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart from its judgment as to his guilt or innocence of the crime charged*." *United States v. Haischer*, 780 F.3d 1277,

1282 (9th Cir. 2015) (emphasis in original).

Evidence that La Familia gang members (Shooter Gang) Lance Bermudez and Jacob Smith and North Shore Boys gang member Kelli Young – acting on a lead from Wayne Miller – committed the robbery of the BVNK store is **not** a fact of consequence in determining the elements of the RICO conspiracy count one. Fed. R. Evid. 401&402; *Dean*, 980 F.2d at 1288. Count one charges a conspiracy to conduct and participate, directly or indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity." ECF No. 673, PageId.4440-4452. To prove a conviction for violation of 18 U.S.C. § 1962(d), the Government must show that a defendant knowingly agreed "to participate, directly or indirectly, in the conduct of the [enterprise's] affairs through a pattern of racketeering." *United States v. Fernandez*, 388 F.3d 1199, 1226 n.18 (9th Cir. 2004); 9th Cir. Crim. Jury Instr. 18.8 (Revised Dec. 2015).

A robbery and arson by La Familia (Shooter Gang) and North Shore Boys gang members – together with Wayne Miller – is an affair of the La Familia gang and the North Shores Boys gang, **not** the fictional, so-called Miske Enterprise. No one had even heard of the fictional so-called Miske Enterprise prior to the almost 30 minute press conference by prosecutors and law enforcement following the unsealing of the superseding indictment and the arrests. Mr. Miske was known, if at all, as simply the owner of Kama`aina Termite and Pest Control and other businesses. The La Familia (Shooter Gang) and North Shore Boys gang members Bermudez, Smith, and Young – together with Wayne Miller, each robbed BVNK for themselves, and their respective

gangs, not the fictional, so-called Miske enterprise.

This conclusion does not change simply because gang members Bermudez and Smith – together with Miller – all claim in proffers that Mr. Stancil participated in the robbery. The government is **not** entitled to make a La Familia (Shooter Gang) and North Shore Boys gang robbery and arson relevant to the alleged affairs of the fictional Miske enterprise by inserting Mr. Stancil as a robber to curry favor with the prosecution.[1] Neither Miller nor Bermudez nor Smith even suggest any monies from this robbery would be paid to Mr. Miske, who made his money through his businesses, not robberies. Nor was the robbery directed by Mr. Miske. Nor were Smith, Bermudez, Silva and Young under the protection of Mr. Miske. Their respective protection came from their respective gang members and their firearms. Even if there was marginal probative value in this evidence (i.e., gang members rob to have money ) this marginal probative value would be outweighed by the risk of misleading the jury and likelihood of unfair prejudice. *Espinoza-Baza*, 647 F.3d at 1191.

## CONCLUSION

Defendants request that the Court exclude the October 27, 2015 robbery of the BVNK store and the arson of the white Acura Integra by Bermudez following the robbery as inadmissible evidence to the RICO conspiracy charge in count one. The evidence is, however, admissible as impeachment evidence if Bermudez, Smith, Miller and/or Young testify during trial.

---

[1] Surveillance video shows three individuals actively robbing the store, i.e., Bermudez, Smith and Young.

DATED: November 13, 2023

| | |
|---|---|
| */s/Michael J. Kennedy*<br>MICHAEL J. KENNEDY<br>*/s/ Lynn E. Panagakos*<br>LYNN E. PANAGAKOS<br>Counsel for Defendant<br>MICHAEL J. MISKE, JR (01) | */s/ Donovan Odo*<br>DONOVAN ASAO ODO<br>*/s/ Marcia Morrissey*<br>MARCIA A. MORRISSEY<br>Counsel for Defendant<br>DELIA FABRO-MISKE (12) |
| */s/ Walter J Rodby*<br>WALTER J. RODBY<br>*/s/ Terri L Fujioka-Lilley*<br>TERRI L. FUJIOKA-LILLEY<br>Counsel for Defendant<br>JOHN B. STANCIL (02) | */s/ William A. Harrison*<br>WILLIAM A. HARRISON<br>Counsel for Defendant<br>JASON K. YOKOYAMA (13) |

## CERTIFICATE OF SERVICE

I, Lynn E. Panagakos, hereby certify that this filing, through the court's electronic filing system, all counsel of record have been served with this document.

DATED: Honolulu, Hawai`i, November 13, 2023

/s/ Lynn E. Panagakos
LYNN E. PANAGAKOS