CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

MICHAEL D. NAMMAR
MARK A. INCIONG CA BAR #163443
W. KEAUPUNI AKINA #11565
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email:   Michael.Nammar@usdoj.gov
         Mark.Inciong@usdoj.gov
         Keaupuni.Akina@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL J. MISKE, JR.,　　(01)<br>　　aka "Bro,"<br>JOHN B. STANCIL,　　　　(02)<br>DELIA FABRO-MISKE, and　(12)<br>JASON K. YOKOYAMA,　　(13)<br><br>　　　　　Defendants. | CR. NO. 19-00099 DKW-KJM<br><br>UNITED STATES' MOTION *IN LIMINE* TO (1) ADMIT PRIOR STATEMENTS AND (2) PRECLUDE IMPROPER USE OF 302S; CERTIFICATE OF SERVICE |

UNITED STATES' MOTION *IN LIMINE* TO (1) ADMIT
PRIOR STATEMENTS AND (2) PRECLUDE IMPROPER USE OF 302S

The United States moves *in limine* for a ruling permitting the admission of prior statements of witnesses, for the truth of the matters asserted, where the requirements of Federal Rule of Evidence 801(d) are met. The United States further moves for a ruling precluding the defense from using 302s or other reports of interview (ROI) as if they were prior inconsistent statements of the interviewees.

1. Over the course of the investigation into the racketeering enterprise charged in this case, several witnesses testified in the grand jury. When individuals testified in that setting, they did so under oath, and a verbatim transcript was prepared of their testimony. Law enforcement also interviewed a wide variety of witnesses outside the grand jury. These interviews typically were not recorded. Instead, consistent with common practice, law enforcement agents prepared reports of the interviews after the interviews were completed. When prepared by the FBI, these reports are called 302s. They bear different names when prepared by HSI, ATF, or EPA, for example. In the end, however, ROIs are the written statements of the agents who prepare them. They are not statements of the interviewees.[1]

2. This Court should now rule that whenever the requirements of either Federal Rule of Evidence 801(d)(1)(A) or 801(d)(1)(B) are met, then a prior

---

[1] The only exception is where the individual who has been interviewed reviews and adopts the 302 or other ROI as their own.

1

statement is not hearsay and may be admitted for the truth of the matters asserted therein.

Rule 801(d)(1)(A) concerns prior inconsistent statements.  That provision is satisfied, and a prior inconsistent statement is not considered hearsay, if (1) the witness testifies and is subject to cross-examination about a prior statement; and (2) the statement is inconsistent with the witness's testimony and was given "under penalty of perjury at a trial, hearing, or other proceeding or in a deposition."  This is most likely to arise if a witness who previously testified in the grand jury—and therefore under penalty of perjury—testifies at trial in a manner that is inconsistent with testimony they gave before the grand jury.  In that event, the government should be permitted to introduce the relevant transcripts of the grand jury testimony to prove that the witness made a prior inconsistent statement, and the jury should be permitted to consider that prior inconsistent statement for its truth.  For the reasons explained *infra* at pp. 3-5, however, 302s and other ROIs themselves would not constitute prior inconsistent statements of the interviewees.

Rule 801(d)(1)(B) concerns prior consistent statements.  That provision is satisfied, and the prior consistent statement is not considered hearsay, if (1) the witness testifies and is subject to cross-examination about the prior statement; (2) the prior statement is consistent with the witness's testimony; and (3) the prior statement is being offered *either* to "rebut an express or implied charge that the

[witness] recently fabricated it or acted from a recent improper influence or motive in so testifying," *or* to "rehabilitate the [witness's] credibility as a witness when attacked on another ground." This rule does not require the prior consistent statement to have been made under penalty of perjury. Accordingly, the government should be free to prove, through grand jury transcripts, recordings of prior interviews, or the testimony of agents who previously interviewed witnesses, that they made a prior consistent statement. Here again, however, 302s and other ROIs themselves would not be prior consistent statements of the interviewees.

    3. As noted above, ROIs and 302s are not themselves prior statements of the individual who was interviewed—whether consistent or inconsistent. For that reason, this Court should now rule that the defense may not (1) publish or introduce the contents of any ROI as a purported prior inconsistent statements; or (2) use any ROI in a way that suggests to the jury that it is the witness's statement.

    "Every circuit to address the question, including the Ninth Circuit, has held that FBI 302s generally are not discoverable under the Jencks Act." *United States v. Kot*, 2012 WL 1657118, at *1 (D. Nev. May 10, 2012), *aff'd* 583 F. App'x 716 (9th Cir. 2014). "[T]hey are not statements of the witness within the meaning of the statute"; that is, because "the 302s are written after interviews are completed and reflect the thought processes and interpretations of the agent, they do not constitute a contemporary and substantially verbatim recital of the witness's

statement." *Id.*; *see also United States v. Clairborne*, 765 F.2d 784, 801 (9th Cir. 1985) (explaining that because "the summaries represent . . . the agents' selection of certain information," they are "non Jencks Act material"), *abrogated on other grounds by Ross v. Oklahoma*, 487 U.S. 81 (1988).

Given that 302s and other ROI are not the statements of the individuals who were interviewed, it would "'be grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations.'" *Kot*, 2012 WL 1657118, at *2 (quoting *Palermo v. United States*, 360 U.S. 343, 350 (1959)).  To be sure, an ROI may give the defense a good faith basis to ask a witness whether they previously made a statement.  But if the defense is not satisfied with the answer they receive, they should not be permitted to "publish or introduce the contents of the 302 as a prior inconsistent statement." *Id.*; *see also United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980) (holding that because "the written statement of the FBI agent was not attributable" to the witness, it was "properly rejected as a prior inconsistent statement"); *United States v. Hill*, 526 F.2d 1019, 1026 (10th Cir. 1975) (upholding the trial court's decision to "not allow counsel to use the 302 statement to impeach a witness because the witness did not prepare or sign the document and probably never adopted it").

4

Furthermore, the defense should not be permitted to "use the 302 in a way that suggests to the jury that the 302 is a statement of the witness." *Kot*, 2012 WL 1657118, at *2. For example, defense should not be allowed to read directly from a 302 during their cross-examination, or brandish a written 302 before a testifying witness, which would create the impression that there is a written prior statement from the witness. *See United States v. Marks*, 816 F.2d 1207, 1211 (7th Cir. 1987) (recognizing the risk of juror confusion when the jury sees an attorney "reading from a written report of some sort"); *accord United States v. Harris*, 2018 WL 1990520, at *1 (D. Haw. Apr. 25, 2018) (ruling that the defendant "may not quote from, publish, or suggest to the jury in any way that the contents of an interview summary is a statement of the witness who was interviewed").

4. For the above reasons, the government respectfully requests that the Court grant this motion *in limine*.

DATED: November 13, 2023, at Honolulu, Hawaii.

                              CLARE E. CONNORS
                              United States Attorney
                              District of Hawaii

                              By */s/ Mark A. Inciong*
                                  MICHAEL D. NAMMAR
                                  MARK A. INCIONG
                                  W. KEAUPUNI AKINA
                                  Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that, on the date noted below, the true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:

| | |
|---|---|
| Lynn Panagakos, Esq.<br>Michael Jerome Kennedy, Esq. | Attorneys for Defendant<br>MICHAEL J. MISKE, JR. |
| Walter J. Rodby, Esq.<br>Terri L. Fujioka-Lilley, Esq. | Attorneys for Defendant<br>JOHN B. STANCIL |
| Marcia Morrissey, Esq.<br>Donovan Odo, Esq. | Attorneys for Defendant<br>DELIA FABRO-MISKE |
| William A. Harrison, Esq. | Attorney for Defendant<br>JASON K. YOKOYAMA |

DATED:  November 13, 2023, at Honolulu, Hawaii.

*/s/ Tiani Kaneakua*
U.S. Attorney's Office
District of Hawaii