MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103; California State Bar #193901
Colorado State Bar #17868
333 Flint Street
Reno, Nevada 89501
775-221-7100 (office); 775-233-0914 (mobile)
michael@mjkennedylaw.com

LYNN E. PANAGAKOS   7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`I 96813
Telephone: (808) 542-9943
lynnpanagakos@yahoo.com
**Attorneys for Defendant Michael J. Miske, Jr.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 19-cr-00099-DKW-KJM. |
| | ) | |
| Plaintiff, | ) | **JOINT DEFENDANTS' MOTION** |
| | ) | **IN LIMINE NO.7: re: EXCLUSION** |
| v. | ) | **OF MARCH 4, 2017 GAME ROOM** |
| | ) | **ROBBERY EVIDENCE EXCEPT** |
| MICHAEL J. MISKE, JR.,   (01) | ) | **FOR IMPEACHMENT;** |
| JOHN B. STANCIL,   (02) | ) | **CERTIFICATE OF SERVICE** |
| DELIA FABRO-MISKE,   (12) | ) | |
| JASON K. YOKOYAMA   (13) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MOTION**

Defendants move in limine under Federal Rules of Evidence 401, 402 and 403 to exclude evidence pertaining to the March 4, 2017 game room robbery in Mapunapuna. Government witnesses La Familia (Shooter Gang) gang members Jacob

Smith and Lance Bermudez together with government witness Tim Taboada committed this robbery for their gang, and themselves. Accordingly, the game room robbery was an affair of La Familia (Shooter Gang), and not the fiction known as the so-called Miske Enterprise. The government has informed counsel that it may seek to admit this evidence during trial. The evidence is inadmissible except for impeachment of Smith, Bermudez and Taboada.

## BACKGROUND

On March 4, 2017, a game room at 650 Ahua Street, Mapunapuna, was robbed at 3:30 a.m. *Bates 00197845UR*. A male (Tim Taboada) approached and entered the game room. *Bates 00197845UR & 00046731UR*. Two other males (Jacob Smith and Lance Bermudez) approached and ordered a game room security staff member to get on the ground. *Bates 00197845UR & 00046731UR*. Smith was armed with an AR-15 rifle; Bermudez was armed with a 1911-style handgun. *Id*. No one in the game room was cooperative with police. An AR-15 rifle with one round chambered and 28 rounds in the magazine was located and photographed. *Bates 00197842UR*. The security staff member identified it as the machine gun used by one of the robbers. *Bates 00197851UR*.

## ARGUMENT

Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence

is either relevant or not. *United States v. Foster*, 986 F.2d 541, 542 (D.C. Cir. 1993). The test is the same for the prosecution and the defense. *See United States v. Crenshaw*, 698 F.2d 1060, 1064-1065 (9th Cir. 1983). For evidence to be relevant it "must be probative of the proposition it is offered to prove, and ... the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("Long's out-of-court statements are probative of why Deputy Needman went to the mobile home. However, his reasons for going there are not of consequence to the determination of the action, *i.e.* they do not bear on any issue involving the elements of the charged offense.")

Further, the "court may exclude relevant evidence if its probative value is substantially outweighed by ... unfair prejudice, confusing of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cummulative evidence. Fed.R. Evid. 403. When probative value is small, even "a small risk of misleading the jury" or "a modest likelihood of unfair prejudice" is enough to outweigh the probative value of marginally relevant evidence. *United States v. Espinoza*, 647 F.3d 1182, 1191 (9th Cir. 2011). "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart from its judgment as to his guilt or innocence of the crime charged.*" *United States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015) (emphasis in original).

///

Evidence of a game room robbery by Smith, Bermudez and Taboada is **not** a fact of consequence in determining the elements of the RICO conspiracy count one. Fed. R. Evid. 401&402; *Dean*, 980 F.2d at 1288. Count one charges a conspiracy to conduct and participate, directly or indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity." ECF No. 673, PageId.4440-4452. To prove a conviction for violation of 18 U.S.C. § 1962(d), the Government must show that a defendant knowingly agreed "to participate, directly or indirectly, in the conduct of the [enterprise's] affairs through a pattern of racketeering." *United States v. Fernandez*, 388 F.3d 1199, 1226 n.18 (9th Cir. 2004); 9th Cir. Crim. Jury Instr. 18.8 (Revised Dec. 2015).

An armed game room robbery with bears no relationship to the affairs of the fictional so-called Miske enterprise, or the alleged means and methods. ECF No. 673, PageId.4444-4447. Smith, Bermudez and Taboada each robbed for either themselves, their gang, not the fictional, so-called Miske enterprise.

There is absolutely no evidence to even suggest that Mr. Miske benefitted financially from this robbery. Smith and Bermudez split the robbery money and Smith claims some money was shared with a third party. *Bates 00186223UR*. Unlike other RICO prosecutions, no one had even heard of the fictional so-called Miske Enterprise prior to the almost 30 minute press conference by prosecutors and law enforcement following the unsealing of the superseding indictment and the arrests. Mr. Miske was known, if at all, as simply the owner of Kama`aina Termite and Pest Control and other businesses. Any assertion that the robbers here were "emboldened" to act because they

"relied on the protection he could count on from Miske as an Enterprise member" is pure fiction. The robbers protection was an AR-15 with an extended magazine and a 1911-style handgun. This is a game room armed robbery without any relevence to the alleged affairs of the alleged fictional Miske enterprise. Mr. Miske made his money in business not from robberies. Even if there was marginal probative value in this evidence, this marginal probative value would be outweighed by the risk of misleading the jury and likelihood of unfair prejudice. *Espinoza-Baza*, 647 F.3d at 1191.

## CONCLUSION

Defendants request that the Court exclude the March 4, 2017 armed game room robbery as inadmissible evidence to the RICO conspiracy charge in count one. The evidence is, however, admissible as impeachment evidence if Smith, Bermudez and Taboada testifies during trial.

DATED: November 13, 2023

*/s/Michael J. Kennedy*
MICHAEL J. KENNEDY
*/s/ Lynn E. Panagakos*
LYNN E. PANAGAKOS
Counsel for Defendant
MICHAEL J. MISKE, JR (01)

*/s/ Walter J Rodby*
WALTER J. RODBY
*/s/ Terri L Fujioka-Lilley*
TERRI L. FUJIOKA-LILLEY
Counsel for Defendant
JOHN B. STANCIL (02)

*/s/ Donovan Odo*
DONOVAN ASAO ODO
*/s/ Marcia Morrissey*
MARCIA A. MORRISSEY
Counsel for Defendant
DELIA FABRO-MISKE (12)

*/s/ William A. Harrison*
WILLIAM A. HARRISON
Counsel for Defendant
JASON K. YOKOYAMA (13)

## CERTIFICATE OF SERVICE

  I, Lynn E. Panagakos, hereby certify that this filing, through the court's electronic filing system, all counsel of record have been served with this document.

  DATED: Honolulu, Hawai`i, November 13, 2023

        /s/ Lynn E. Panagakos
        LYNN E. PANAGAKOS