CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

MICHAEL D. NAMMAR
MARK A. INCIONG CA BAR #163443
W. KEAUPUNI AKINA #11565
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email:   Michael.Nammar@usdoj.gov
         Mark.Inciong@usdoj.gov
         Keaupuni.Akina@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CR. NO. 19-00099 DKW-KJM |
|---|---|
| Plaintiff, | UNITED STATES' MOTION *IN LIMINE* FOR RULING ON STATUTORY HEADINGS IN RACKETEERING CONSPIRACY COUNT; CERTIFICATE OF SERVICE |
| vs. | |
| MICHAEL J. MISKE, JR.,      (01)<br>    aka "Bro,"<br>JOHN B. STANCIL,           (02)<br>DELIA FABRO-MISKE, and     (12)<br>JASON K. YOKOYAMA,         (13) | |
| Defendants. | |

UNITED STATES' MOTION *IN LIMINE* FOR RULING ON
STATUTORY HEADINGS IN RACKETEERING CONSIRACY COUNT

The United States moves *in limine* for a ruling that the racketeering activity charged in Count 1 of the Third Superseding Indictment (the "Indictment") covers all statutory sections the co-conspirators are alleged to have agreed to violate, and that the conspiracy is not limited by the formal headings of statutory sections.

1. Congress typically places statutory headings above the operative language of a statute. These headings sometimes fairly describe the substance of that operative language. But that is not always the case. As the Supreme Court has explained:

> [H]eadings and titles are not meant to take the place of the detailed provisions of the text. Nor are they necessarily designed to be a reference guide or a synopsis. Where the text is complicated and prolific, headings and titles can do no more than indicate the provisions in a most general manner; to attempt to refer to each specific provision would often be ungainly as well as useless. As a result, matters in the text which deviate from those falling within the general pattern are frequently unreflected in the headings and titles.

*Brotherhood of R.R. Trainmen v. Baltimore & O. R. Co.*, 331 U.S. 519, 528 (1947). These considerations have led to "the wise rule that the title of a statute and the heading of a section cannot limit the plain meaning of the text." *Id.*; *see also Dubin v. United States*, 599 U.S. 110, 121 (2023) (recognizing that a statutory title should be given less weight where it is "serving the unenviable role of pithily summarizing a list of complicated and prolific provisions").

In this case, the Indictment alleges that the defendants participated in a racketeering conspiracy and that they agreed, among other things, that a pattern of

1

racketeering activity would be committed. *See* Indictment ¶¶ 7.a.-7.r. That racketeering activity included violations of several federal statutes. Because these federal statutes have statutory headings or titles, the Indictment included these headings and titles as parentheticals.

Most significantly, the Indictment alleges that the agreed-upon pattern of racketeering activity would include "acts indictable under Title 18, United States Code, Section 1512." *Id.* at ¶ 7.r. The Indictment also includes the statutory title of Section 1512—"Tampering with a witness, victim, or an informant"—in a parenthetical. *Id.* But Section 1512 is a classic example of a statutory title that serves the "unenviable role of pithily summarizing a list of complicated and prolific provisions." *Dubin*, 599 U.S. at 121. Section 1512 includes several subsections that cover a wide variety of criminal conduct. Some of these provisions relate to tampering with a witness, victim, or informant. *See, e.g.*, 18 U.S.C. § 1512(a). But others relate to different forms of obstruction of justice. Section 1512(b)(3), for example, covers hindering, delaying, or preventing communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a violation of supervised release.

2. The evidence at trial will show that as part of the Miske Enterprise's pattern of racketeering activity, Miske and others violated Section 1512(b)(3). The

Case 1:19-cr-00099-DKW-KJM   Document 1048   Filed 11/13/23   Page 4 of 7   PageID.9453

evidence will show that Miske instructed a KTPC employee to create fraudulent paystubs so that another co-conspirator—who committed violent and other crimes on behalf of Miske but who was not legitimately employed by KTPC—could submit the paystubs to his U.S. Probation Officer and pretend to have been legitimately employed.  Miske thereby hindered the communication of information bearing on a violation of supervised release (i.e., maintaining employment).

The evidence will also show that Miske violated Sections 1512(c)(2) and 1512(k) by conspiring with others to prepare false or altered character letters to assist him in securing pretrial release.  While this evidence will be relevant to Counts 21 and 22, it will also be relevant to the racketeering conspiracy charged in Count 1.  Evidence of violations of Section 1512(c)(1) will be relevant to proving the means and methods of the charged racketeering conspiracy.  *See* Indictment ¶ 6.g.  It will also be relevant to proving the pattern of racketeering activity to which Miske and his co-conspirators agreed.  *See id.* at ¶ 7.r. (pattern of racketeering activity would include acts indictable under 18 U.S.C. § 1512).

3.   In prior court proceedings in this case, defense counsel have suggested that the government's evidence of racketeering activity for Count 1 should be artificially truncated to conduct fitting within the meaning of the statutory titles that have been quoted, verbatim, in paragraph 7 of the Indictment.  For example, defense counsel have suggested that the government should be limited to evidence

3

of violations of Section 1512 that involve "Tampering with a witness, victim, or an informant."  The Court should wholly reject this argument.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires an indictment to include a "plain, concise and definite written statement of the essential facts constituting the offense charged."  An indictment should be "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense."  *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993).

Common sense would not support construing the Indictment as being limited to the words of the statutory headings that have been quoted verbatim in Count 1.  The Supreme Court has long recognized "the wise rule," *Trainmen*, 331 U.S. at 528, that statutory titles do not alter the plain meaning of the substantive provisions, particularly where the title is a shorthand that serves the "unenviable role of pithily summarizing a list of complicated and prolific provisions," *Dubin*, 599 U.S. at 121.  Yet, that is exactly what the defense would have this Court do to the Indictment.  That reading would not be consistent with *Blinder*'s admonition to "construe[]" indictments "according to common sense."  10 F.3d at 1471.

It would be especially lacking in common sense here because the indictment, when "read as a whole," *id.*, makes clear that the government is alleging that Miske violated Section 1512(c)(2) by arranging for false and altered character letters to be

4

prepared. *See* Indictment ¶¶ 6.g., 44, 45. When reading the Indictment as a whole, it becomes clear that by alleging violations of Section 1512, the government is including Section 1512(c)(2). That, in turn, makes clear that the verbatim quote of Section 1512's statutory title is not meant to artificially restrict the government's evidence and provides ample notice that violations of Section 1512(c)(2) are part of the racketeering conspiracy.

4. For the above reasons, the government respectfully requests that the Court grant this motion *in limine*.

DATED: November 13, 2023, at Honolulu, Hawaii.

                                        CLARE E. CONNORS
                                        United States Attorney
                                        District of Hawaii

                                        By */s/ Mark A. Inciong*
                                             MICHAEL D. NAMMAR
                                             MARK A. INCIONG
                                             W. KEAUPUNI AKINA
                                             Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that, on the date noted below, the true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:

| | |
|---|---|
| Lynn Panagakos, Esq.<br>Michael Jerome Kennedy, Esq. | Attorneys for Defendant<br>MICHAEL J. MISKE, JR. |
| Walter J. Rodby, Esq.<br>Terri L. Fujioka-Lilley, Esq. | Attorneys for Defendant<br>JOHN B. STANCIL |
| Marcia Morrissey, Esq.<br>Donovan Odo, Esq. | Attorneys for Defendant<br>DELIA FABRO-MISKE |
| William A. Harrison, Esq. | Attorney for Defendant<br>JASON K. YOKOYAMA |

DATED:  November 13, 2023, at Honolulu, Hawaii.

/s/ Tiani Kaneakua
U.S. Attorney's Office
District of Hawaii