CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

MICHAEL D. NAMMAR
MARK A. INCIONG        CA BAR #163443
W. KEAUPUNI AKINA #11565
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:      Michael.Nammar@usdoj.gov
            Mark.Inciong@usdoj.gov
            Keaupuni.Akina@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. MISKE, JR.,　　(01)<br>　　aka "Bro,"<br>JOHN B. STANCIL,　　　　(02)<br>DELIA FABRO-MISKE, and　(12)<br>JASON K. YOKOYAMA,　　(13)<br><br>　　　　　Defendants. | CR. NO. 19-00099 DKW-KJM<br><br>UNITED STATES' MOTION *IN LIMINE* REGARDING EXPERT TESTIMONY; CERTIFICATE OF SERVICE |

UNITED STATES' MOTION *IN LIMINE* REGARDING EXPERT TESTIMONY

The United States moves *in limine* for a ruling that it may call various witnesses to elicit expert testimony in its case-in-chief pursuant to Federal Rule of Evidence 702.

A. <u>Expert Testimony Should Be Admitted</u>.

If specialized knowledge will assist the trier-of-fact in understanding the evidence or determining a fact in issue, a qualified expert witness may provide opinion testimony on the issue in question. *Fed. R. Evid. 702*. The trial court has broad discretion to admit expert testimony. *United States v. Alonso*, 48 F.3d 1536, 1539 (9th Cir. 1995). An expert may base his opinion on hearsay or facts not in evidence where the facts or data relied upon are of the type reasonably relied upon by experts in the field. *Fed. R. Evid. 703*. In addition, an expert may provide opinion testimony even if it embraces an ultimate issue to be decided by the trier-of-fact. *Fed. R. Evid. 704*.

Counts 1, 15 and 16 of the Third Superseding Indictment allege violations of narcotics trafficking and distributable quantities of cocaine and methamphetamine were seized by law enforcement in their investigation into the defendants' drug trafficking activities. Expert witnesses' specialized knowledge in the following areas, permitted under Rule 702 of the Federal Rules of Procedure, "will assist the trier of fact to understand the evidence or determine a fact in issue."

1.  Value of Controlled Substances.

The United States intends to present expert testimony about the quantity, wholesale value, and street value of the cocaine and methamphetamine seized in this case. The expert will explain that, in his experience, the amounts of cocaine and methamphetamine seized would be intended for further distribution. The quantity and value of the drugs circumstantially demonstrates the defendants' knowledge and involvement in the conspiracy and the defendants' intention to further the conspiracy by distributing the drugs. Knowledge and intent are components of the elements of the drug conspiracy charges in this case.

The Ninth Circuit permits the use of such expert testimony. In *United States v. Ogbuehi*, 18 F.3d 807, 812 (9th Cir. 1994), for instance, the defendant was charged with the importation of heroin after he and others attempted to smuggle approximately 2.5 pounds of heroin across the border. At trial, the Government introduced the expert testimony of a DEA agent as to the street value of the heroin, assuming it had been cut repeatedly and sold on the street. The Ninth Circuit held that agents can testify to the street value of narcotics and that counsel can argue reasonable inferences from such testimony. *See also United States v. Savinovich*, 845 F.2d 834, 838 (9th Cir. 1988) (price, quantity, and quality of narcotics is relevant to defendant's intent to distribute).

The United States reserves the right to introduce expert testimony as to the existence of a larger drug organization, how drug dealers operate their business, including methods used to smuggle controlled substances into the District of Hawaii, and the use of cellular telephones by drug traffickers. The expert would also testify regarding the role of drug couriers and distributors, and the division of labor within the structure of the organization.

2. <u>Coded Language Testimony.</u>

The expert will also testify to the use of "coded" language used to refer to controlled substances by those involved in drug distribution. Such testimony "will assist the trier of fact to understand the evidence", specifically as to various terms or "code" used by the co-conspirators to attempt to disguise the subject of their conversations. *U.S. v. Vera*, 770 F.3d 1232, 1241-1242 (9th Cir. 2014). Similarly the expert will offer his

3. <u>Possession of a Firearm in Furtherance of Drug Trafficking.</u>

The United States intends to introduce testimony in its case-in-chief from an experienced drug investigator to testify that that, in his experience, it is commonplace for individuals engaged in drug distribution to carry firearms and/or keep them at their residences or other locations where they may store their drug inventory or drug proceeds in order to protect themselves and their drug inventory

or cash from robbery by drug dealers or others as well as for personal protection during drug transactions.

The United States further moves to admit expert testimony in the following areas:

    4.    <u>Interstate Commerce</u>

Several of the charges in the Third Superseding Indictment require the government to prove that the commission of the crime was affected through interstate commerce. The United States intends to introduce expert testimony to prove interstate commerce was affected in a number of ways such as:

    a. Interstate/intrastate cellular phone communications;

    b. Firearms and/or ammunition manufactured outside of and transported to the District of Hawaii;

    c. Controlled substances grown, processed and/or manufactured outside of and transported to the District of Hawaii.

    5.    <u>Structuring of Financial Transactions</u>.

The United States intends to introduce testimony in its case-in-chief from an IRS special agent who analyzed bank transactions conducted by defendants Miske and Yokoyama which constituted illegal structuring to avoid drawing scrutiny by the IRS. The expert is expected to explain to the jury what structuring is, how it undermines federal reporting requirements to the IRS, and how it has the potential

to impact investigations by law enforcement. The United States expects to introduce testimony summarizing the defendants' financial behavior over a period of years and explain how their patterns of behavior reflect efforts to structure financial transactions in a way that avoids reporting by banks to the IRS.

6. "CAST" Testimony.

The United States seeks to introduce Cellular Analysis Survey Team ("CAST") expert testimony regarding the expert's analysis of pertinent historical cell site location data and call detail records previously produced to the defense in discovery. It is anticipated the CAST expert will discuss how the data and records were used to create cell site maps documenting various cellular phone locations in relation to two specific, but separate[1], series of events and then explain in detail what the created mapping demonstrates.

DATED: November 13, 2023, at Honolulu, Hawaii.

CLARE E. CONNORS
United States Attorney
District of Hawaii

By   /s/ Mark A. Inciong
MICHAEL D. NAMMAR
MARK A. INCIONG
W. KEAUPUNI AKINA
Assistant U.S. Attorneys

---

1 The United States has contemporaneously filed a separate motion *in limine* to bifurcate the CAST expert's testimony so that he can testify in conjunction with the evidence to be presented of each of the two separate series of events.

# CERTIFICATE OF SERVICE

I hereby certify that, on the date noted below, the true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:

| | |
|---|---|
| Lynn Panagakos, Esq. <br> Michael Jerome Kennedy, Esq. | Attorneys for Defendant <br> MICHAEL J. MISKE, JR. |
| Walter J. Rodby, Esq. <br> Terri L. Fujioka-Lilley, Esq. | Attorneys for Defendant <br> JOHN B. STANCIL |
| Marcia Morrissey, Esq. <br> Donovan Odo, Esq. | Attorneys for Defendant <br> DELIA FABRO-MISKE |
| William A. Harrison, Esq. | Attorney for Defendant <br> JASON K. YOKOYAMA |

DATED: November 13, 2023, at Honolulu, Hawaii.

/s/ Tiani Kaneakua
U.S. Attorney's Office
District of Hawaii