MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103; California State Bar #193901
Colorado State Bar #17868
333 Flint Street
Reno, Nevada 89501
775-221-7100 (office); 775-233-0914 (mobile)
michael@mjkennedylaw.com

LYNN E. PANAGAKOS   7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`I 96813
Telephone: (808) 542-9943
lynnpanagakos@yahoo.com
**Attorneys for Defendant Michael J. Miske, Jr.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 19-cr-00099-DKW-KJM. |
| | ) | |
| Plaintiff, | ) | **JOINT DEFENDANTS' MOTION** |
| | ) | **IN LIMINE NO.8: re EXCLUSION** |
| v. | ) | **OF SEPTEMBER 12, 2016** |
| | ) | **ROBBERY AND ASSAULT** |
| MICHAEL J. MISKE, JR.,   (01) | ) | **EVIDENCE EXCEPT FOR** |
| JOHN B. STANCIL,   (02) | ) | **IMPEACHMENT; CERTIFICATE** |
| DELIA FABRO-MISKE,   (12) | ) | **OF SERVICE** |
| JASON K. YOKOYAMA   (13) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MOTION**

Defendants move in limine under Federal Rules of Evidence 401, 402 and 403 to exclude evidence pertaining to the September 12, 2016 armed robbery and assault. Government witnesses La Familia (Shooter Gang) members Jacob Smith and Lance

Bermudez and former co-defendant Jarrin Young committed an armed robbery of Mr. Lum for their gang, and themselves. Accordingly, the armed robbery was an affair of La Familia (Shooter Gang) and not the fiction known as the so-called Miske Enterprise. The government has informed counsel that it may seek to admit this evidence during trial. The evidence is inadmissible except for impeachment of Smith and Bermudez.

## BACKGROUND

On September 12, 2016, Young called Mr. Lum and said to meet at the triangle park (Archie Baker Park) at Round Top Drive and Makiki Heights Drive. *Bates 00193813UR & 00193827UR*. Young asked Mr. Lum "Wassup [sic], are you alone?" After Mr. Lum said "yes", three men wearing clown masks exited the white Chrysler 300 from which Young had previously exited. *Bates 00193813*. Young then said "Where's the money?" *Id*. Two of the masked men (Smith and Bermudez) held silver pistols pointed at Mr. Lum. *Bates 00193827*. Mr. Lum then was struck in the face with an unknown solid object. *Id*. Mr. Lum fled and hid behind a residence and saw Young, Bermudez, Smith, and another individual open Mr. Lum's 2006 red Nissan 350Z. After the white Chrysler 300 and its passengers drove away, Mr. Lum discovered that his iPhone 6S and duffle bag containing clothes and personal items had been taken. *Bates 0019313UR & 00193827UR*.

## ARGUMENT

Federal Rule of Evidence 401 provides that evidence is relevant if "it has any

tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence is either relevant or not. *United States v. Foster*, 986 F.2d 541, 542 (D.C. Cir. 1993). The test is the same for the prosecution and the defense. *See United States v. Crenshaw*, 698 F.2d 1060, 1064-1065 (9th Cir. 1983). For evidence to be relevant it "must be probative of the proposition it is offered to prove, and … the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("Long's out-of-court statements are probative of why Deputy Needman went to the mobile home. However, his reasons for going there are not of consequence to the determination of the action, *i.e.* they do not bear on any issue involving the elements of the charged offense.").

Evidence that La Familia gang members (Shooter Gang) Smith and Bermudez together with Young robbed Mr. Lum is **not** a fact of consequence in determining the action. Fed. R. Evid. 401&402; *Dean*, 980 F.2d at 1288. To prove a conviction for violation of 18 U.S.C. § 1962(d), the Government must show that a defendant knowingly agreed "to participate, directly or indirectly, in the conduct of the [enterprise's] affairs through a pattern of racketeering." *United States v. Fernandez*, 388 F.3d 1199, 1226 n.18 (9th Cir. 2004); 9th Cir. Crim. Jury Instr. 18.8 (Revised Dec. 2015). Gang members robbing someone they know personally is an affair of La Familia (Shooter Gang), **not** the fictional, so-called Miske Enterprise. The La Familia (Shotter Gang) members robbed for themselves, and their gang.

Further, the "court may exclude relevant evidence if its probative value is substantially outweighed by ... unfair prejudice, confusing of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cummulative evidence. Fed.R. Evid. 403. When probative value is small, even "a small risk of misleading the jury" or "a modest likelihood of unfair prejudice" is enough to outweigh the probative value of marginally relevant evidence. *United States v. Espinoza*, 647 F.3d 1182, 1191 (9th Cir. 2011). "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart from its judgment as to his guilt or innocence of the crime charged.*" *United States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015) (emphasis in original). Even if there was marginal probative value in this evidence (i.e., Bermudez and Smith are gang member robbers), this marginal probative value would be outweighed by the risk of misleading the jury and likelihood of unfair prejudice. *Espinoza-Baza*, 647 F.3d at 1191.

## CONCLUSION

Defendants request that the Court exclude the September 12, 2016 robbery and assault as inadmissible evidence to the RICO conspiracy charge in count one. The evidence is, however, admissible as impeachment evidence if Smith and Bermudez testify during trial.

///

///

///

DATED: November 13, 2023

| | |
|---|---|
| */s/Michael J. Kennedy*<br>MICHAEL J. KENNEDY<br>*/s/ Lynn E. Panagakos*<br>LYNN E. PANAGAKOS<br>Counsel for Defendant<br>MICHAEL J. MISKE, JR (01) | */s/ Donovan Odo*<br>DONOVAN ASAO ODO<br>*/s/ Marcia Morrissey*<br>MARCIA A. MORRISSEY<br>Counsel for Defendant<br>DELIA FABRO-MISKE (12) |
| */s/ Walter J Rodby*<br>WALTER J. RODBY<br>*/s/ Terri L Fujioka-Lilley*<br>TERRI L. FUJIOKA-LILLEY<br>Counsel for Defendant<br>JOHN B. STANCIL (02) | */s/ William A. Harrison*<br>WILLIAM A. HARRISON<br>Counsel for Defendant<br>JASON K. YOKOYAMA (13) |

## CERTIFICATE OF SERVICE

I, Lynn E. Panagakos, hereby certify that this filing, through the court's electronic filing system, all counsel of record have been served with this document.

DATED: Honolulu, Hawai`i, November 13, 2023

/s/ Lynn E. Panagakos
LYNN E. PANAGAKOS