MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103; California State Bar #193901
Colorado State Bar #17868
333 Flint Street
Reno, Nevada 89501
775-221-7100 (office); 775-233-0914 (mobile)
michael@mjkennedylaw.com

LYNN E. PANAGAKOS   7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`I 96813
Telephone: (808) 542-9943
lynnpanagakos@yahoo.com
**Attorneys for Defendant Michael J. Miske, Jr.**


## IN THE UNITED STATES DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 19-00099-DKW-KJM |
| Plaintiff, | |
| vs. | **JOINT DEFENDANTS' MOTION IN LIMINE NO. 9 RE EXCLUSION OF AUGUST 24, 2016 HOME INVASTION ROBBERY EXCEPT FOR IMPEACHMENT; CERTIFICATE OF SERVICE** |
| MICHAEL J. MISKE, JR. (01), JOHN B. STANCIL (02), DELIA FABRO MISKE (12), JASON K. YOKOYAMA (13), | |
| Defendants. | |


**JOINT DEFENDANTS' MOTION IN LIMINE NO. 9 RE EXCLUSION OF AUGUST 24, 2016 HOME INVASTION ROBBERY**

## MOTION

Defendants move in limine under Federal Rules of Evidence 401, 402 and 403 to exclude evidence pertaining to an August 24, 2016 home invasion robbery at gunpoint by government witnesses Jacob Smith, Lance Bermudez, and Hunter Wilson. La Familia (Shooter Gang) gang members Jacob Smith and Lance Bermudez together with drug distributor Wilson committed the home invasion robbery for their gang, and themselves, not the fiction known as the so-called Miske Enterprise. Therefore, the home invasion robbery was an affair of La Familia (Shooter Gang). The government has informed counsel that it may seek to admit this evidence during trial. The evidence is inadmissible except for impeachment of Smith, Bermudez and Wilson.

## BACKGROUND

On August 24, 2016 at or near 12:40 am, Mr. Ota and Mr. Kamalu were asleep in their home in Kaneohe when they were awoken by three men dressed in black with white masks. *Bates 00022381UR*. One of the three men carried a military style AR-15 type rifle which he butt struck Mr. Ota in the head. *Id*. Two gold colored rope chains valued at $18,000, 4 iPhones and a lanyard with car keys were stolen. *Bates 00022382UR*. Mr. Ota recognized the voice of government witness Hunter Wilson during the robbery as Wilson had been a recent roommate at the house between June and August. *Bates 00022367UR-00022368UR*. Government witness Jacob Smith

1

was armed with an AR-15. *Bates 00046731UR.* Government witness Lance Bermudez was also armed as was the third robber. *Bates 00390955-00390596.* Smith and Bermudez and Wilson claim that marijuana and prescription drug, Xanax, were stolen. *Id.* Despite the voice recognition by the crime victim, Smith, Bermudez and Wilson claim that James Salas was the third robber not Wilson.

## ARGUMENT

Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence is either relevant or not. *United States v. Foster*, 986 F.2d 541, 542 (D.C. Cir. 1993). The test is the same for the prosecution and the defense. *See United States v. Crenshaw*, 698 F.2d 1060, 1064-1065 (9th Cir. 1983). For evidence to be relevant it "must be probative of the proposition it is offered to prove, and ... the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("Long's out-of-court statements are probative of why Deputy Needman went to the mobile home. However, his reasons for going there are not of consequence to the determination of the action, *i.e.* they do not bear on any issue involving the elements of the charged offense.")

Further, the "court may exclude relevant evidence if its probative value is substantially outweighed by ... unfair prejudice, confusing of the issues, misleading the

2

jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed.R. Evid. 403. When probative value is small, even "a small risk of misleading the jury" or "a modest likelihood of unfair prejudice" is enough to outweigh the probative value of marginally relevant evidence. *United States v. Espinoza*, 647 F.3d 1182, 1191 (9th Cir. 2011). "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart from its judgment as to his guilt or innocence of the crime charged.*" *United States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015) (emphasis in original).

Evidence that La Familia gang members (Shooter Gang) Lance Bermudez and Jacob Smith together with drug dealer Hunter Wilson (who was selling drugs with the permission of North Shore Boys gang member Kelli Young) committed this home invasion robbery is **not** a fact of consequence in determining the action. Fed. R. Evid. 401&402; *Dean*, 980 F.2d at 1288. To prove a conviction for violation of 18 U.S.C. § 1962(d), the Government must show that a defendant knowingly agreed "to participate, directly or indirectly, in the conduct of the [enterprise's] affairs through a pattern of racketeering." *United States v. Fernandez*, 388 F.3d 1199, 1226 n.18 (9th Cir. 2004); 9th Cir. Crim. Jury Instr. 18.8 (Revised Dec. 2015).A gang member home invasion robbery at gunpoint is an affair of La Familia, **not** the fictional, so-called Miske Enterprise. The La Familia gang members Bermudez and Smith

3

(together with drug dealer Wilson) each robbed for themselves, and their gang, not the fictional, so-called Miske enterprise.

The government concedes in Bermudez's plea agreement that "Miske did not direct" this robbery. ECF No. 636, PageID.4281. Nor is there any evidence that Mr. Miske would profit from it. The government suggests, however, that Bermudez (and Smith and Wilson) were somehow "emboldened" to act because he "relied on the protection he could count on from Miske as an Enterprise member." *Id*. This is pure fiction. Bermudez's protection was a .45 caliber, a .40 caliber or a 9 mm handgun. Smith's protection was an AR-15. Bermudez's and Smith's protection was their La Familia gang member brothers. Wilson's protection was Smith and Kelli Young. Neither Bermudez nor Smith nor Wilson derived protection from Mr. Miske. No one had even heard of the fictional so-called Miske Enterprise prior to the almost 30 minute press conference by prosecutors and law enforcement following the unsealing of the superseding indictment and the arrests. Mr. Miske was known, if at all, as simply the owner of Kama`aina Termite and Pest Control and other businesses.

The government is **not** entitled to make a gang member home invasion robbery at gun-point somehow relevant to the alleged affairs of the alleged fictional Miske enterprise. Even if there was marginal probative value in this evidence (i.e., Bermudez and Smith are gang member robbers), this marginal probative value would be outweighed by the risk of misleading the jury and likelihood of unfair prejudice.

4

*Espinoza-Baza*, 647 F.3d at 1191.

## CONCLUSION

Defendants request that the Court exclude the August 24, 2016 home invasion

robbery by Bermudez, Smith and Wilson. The evidence is admissible as impeachment

evidence if Bermudez, Smith, Miller and Young testify during trial.


DATED: November 13, 2023

/s/Michael J. Kennedy
MICHAEL J. KENNEDY
/s/ Lynn E. Panagakos
LYNN E. PANAGAKOS


Counsel for Defendant
MICHAEL J. MISKE, JR (01)


 /s/ Walter J Rodby
WALTER J. RODBY
/s/ Terri L Fujioka-Lilley
TERRI L. FUJIOKA-LILLEY
Counsel for Defendant
JOHN B. STANCIL (02)

/s/ Donovan Odo
DONOVAN ASAO ODO
/s/ Marcia Morrissey
        MARCIA A. MORRISSEY


Counsel for Defendant
DELIA FABRO-MISKE (12)


/s/ William A. Harrison
WILLIAM A. HARRISON
Counsel for Defendant
JASON K. YOKOYAMA (13)

## CERTIFICATE OF SERVICE

I, Lynn E. Panagakos, hereby certify that this filing, through the court's
electronic filing system, all counsel of record have been served with this document.

DATED: Honolulu, Hawai`i, November 13, 2023

/s/ Lynn E. Panagakos
LYNN E. PANAGAKOS

5