MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103; California State Bar #193901
Colorado State Bar #17868
333 Flint Street
Reno, Nevada 89501
775-221-7100 (office); 775-233-0914 (mobile)
michael@mjkennedylaw.com

LYNN E. PANAGAKOS   7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`I 96813
Telephone: (808) 542-9943
lynnpanagakos@yahoo.com
**Attorneys for Defendant Michael J. Miske, Jr.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                 )<br>            Plaintiff,           )<br>                                 )<br>    v.                           )<br>                                 )<br> MICHAEL J. MISKE, JR.,    (01) )<br> JOHN B. STANCIL,          (02) )<br> DELIA FABRO-MISKE,        (12) )<br> JASON K. YOKOYAMA         (13) )<br>                                 )<br>            Defendants.          )<br>                                 ) | Case No. 19-cr-00099-DKW-KJM.<br><br>**JOINT DEFENDANTS' MOTION IN LIMINE NO. 10: re EXCLUSION OF MAY 14, 2016 ROBBERY EVIDENCE EXCEPT FOR IMPEACHMENT; CERTIFICATE OF SERVICE** |

**MOTION**

Defendants move in limine under Federal Rules of Evidence 401, 402 and 403 to exclude evidence pertaining to a May 14, 2016 robbery and assault. Government witnesses Kaulana Freitas together with La Familia (Shooter Gang) gang member

Lance Bermudez and North Shore Boys gang members Keoni Adric and Kelli Young assaulted and robbed Mr. Char at Maunala Bay. The robbery and assault was the affair of La Familia (Shooter Gang) and the North Shore Boys. It had nothing to do with Mr. Miske, the alleged fiction known as the so-called Miske Enterprise, or the affairs of Mr. Miske's businesses. The government has informed counsel that it may seek to admit this evidence during trial. The evidence is inadmissible except for impeachment of Freitas, Bermudez, Adric and Young.

## BACKGROUND

On May 14, 2016, at or near 1:00 a.m., government witness Kaulana Freitas and gang members Lance Bermudez (LaFamilia-Shooter Gang), Keoni Adric (North Shore Boys-Shooter Gang), and Kelli Young (North Shore Boys) assaulted and robbed Mr. Char at Maunala Bay. *Bates 00274724*. Earlier the night before, Mr. Char purportedly had been seen flashing $100 bills in a large wad of cash and was a reputed drug dealer. *Bates 00330860*. This was the reason he was targeted by government witness Frietas, and gang member government witnesses Bermudez, Young, and Adric. *Id*. Frietas encouraged Mr. Char to drive over to Manunala Bay to hang-out with his friend Mr. Stancil. Mr. Char drove his silver 2006 Honda Accord from Waimanalo to the Hawaii Kai boat ramp. *Bates 00191256*. Mr. Char and Mr. Stancil were sitting at Manunala Bay when Bermudez, Young, and Adric came masked up and Bermudez pistol-whipped Mr. Char. *Bates 00274724*. Adric had a rifle during the assault and robbery and demanded Mr. Char's car keys. The robbers kicked Mr. Char while he lay on the ground and removed his pants stealing $7000 and his car keys. Mr. Char's silver 2006

Page 2 of  6

Honda Accord was stolen as the robbers fled towards town. Later on May 14, 2016, around 12:30 to 1:00 p.m., Mr. Char went to Mr. Miske's house in Kailua, told him about the assault and robbery, and Mr. Miske assisted in locating Mr. Char's stolen car. Later, Mr. Miske smashed Kaulana Freitas's car and hyper-extended the door (causing thousands of dollars of damage) because he was furious that Freitas had set up the robbery and assault of Mr. Char.

## ARGUMENT

Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence is either relevant or not. *United States v. Foster*, 986 F.2d 541, 542 (D.C. Cir. 1993). The test is the same for the prosecution and the defense. *See United States v. Crenshaw*, 698 F.2d 1060, 1064-1065 (9th Cir. 1983). For evidence to be relevant it "must be probative of the proposition it is offered to prove, and … the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("Long's out-of-court statements are probative of why Deputy Needman went to the mobile home. However, his reasons for going there are not of consequence to the determination of the action, *i.e.* they do not bear on any issue involving the elements of the charged offense."). Further, the "court may exclude relevant evidence if its probative value is substantially outweighed by … unfair prejudice, confusing of the issues, misleading the jury, undue delay, wasting

time, or needlessly presenting cummulative evidence. Fed.R. Evid. 403. When probative value is small, even "a small risk of misleading the jury" or "a modest likelihood of unfair prejudice" is enough to outweigh the probative value of marginally relevant evidence. *United States v. Espinoza*, 647 F.3d 1182, 1191 (9th Cir. 2011). "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart from its judgment as to his guilt or innocence of the crime charged.*" *United States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015) (emphasis in original).

Evidence of robbing a drug dealer of cash and car by Frietas, Bermudez, Adric, and Young is **not** a fact of consequence in determining the elements of the RICO conspiracy count one charge. Fed. R. Evid. 401&402; *Dean*, 980 F.2d at 1288. Count one charges a conspiracy to conduct and participate, directly or indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity." ECF No. 673, PageId.4440-4452. To prove a conviction for violation of 18 U.S.C. § 1962(d), the Government must show that a defendant knowingly agreed "to participate, directly or indirectly, in the conduct of the [enterprise's] affairs through a pattern of racketeering." *United States v. Fernandez*, 388 F.3d 1199, 1226 n.18 (9th Cir. 2004); 9th Cir. Crim. Jury Instr. 18.8 (Revised Dec. 2015). Gang members robbing someone they know personally is an affair of La Familia gang (Shooter Gang), and the North Shore Boys gang, **not** the fictional, so-called Miske Enterprise. The La Familia (Shotter Gang) and North Shore Boys members robbed for themselves, and their gangs.

There is absolutely no evidence to even suggest that Mr. Miske benefitted financially from this robbery. The victim contacted Mr. Miske who assisted in locating the victim's car and its subsequent return. Mr. Miske was furious with Freitas for setting up the robbery and smashed Freitas's car and hyper-extended its door in response. Mr. Miske made his money in business not from robberies.

The government concedes in Frietas's plea agreement that "Miske did not direct the assault and robbery." ECF No. 485, PageID.3363-3364. It suggests, however, that Frietas and others involved in the robbery and assault were somehow "emboldened" by their association with Miske and the Miske enterprise and relied on the protection they could count on as Enterprise member." *Id*. This is pure fiction. Adric's protection was a rifle and Bermudez's was a handgun that evening. Bermudez's protection was from is La Familia gang members. Adric's and Young's protection was from their North Shore Boys gang members. Frietas received no protection form Mr. Miske as it was Frietas's own car that Mr. Miske damaged in response to being furious with Frietas' actions. None of them derived protection from Mr. Miske. Even if there was marginal probative value in this evidence (i.e., gang members assault), this marginal probative value would be outweighed by the risk of misleading the jury and likelihood of unfair prejudice. *Espinoza-Baza*, 647 F.3d at 1191.

## CONCLUSION

Defendants request that the Court exclude the May 14, 2016 robbery and assault as inadmissible evidence to the RICO conspiracy count one charge. The evidence is admissible impeachment evidence of Freitas, Bermudez, Adric and Young.

DATED: November 13, 2023

| | |
|---|---|
| */s/Michael J. Kennedy*<br>MICHAEL J. KENNEDY<br>*/s/ Lynn E. Panagakos*<br>LYNN E. PANAGAKOS<br>Counsel for Defendant<br>MICHAEL J. MISKE, JR (01) | */s/ Donovan Odo*<br>DONOVAN ASAO ODO<br>*/s/ Marcia Morrissey*<br>MARCIA A. MORRISSEY<br>Counsel for Defendant<br>DELIA FABRO-MISKE (12) |
| */s/ Walter J Rodby*<br>WALTER J. RODBY<br>*/s/ Terri L Fujioka-Lilley*<br>TERRI L. FUJIOKA-LILLEY<br>Counsel for Defendant<br>JOHN B. STANCIL (02) | */s/ William A. Harrison*<br>WILLIAM A. HARRISON<br>Counsel for Defendant<br>JASON K. YOKOYAMA (13) |

## CERTIFICATE OF SERVICE

I, Lynn E. Panagakos, hereby certify that this filing, through the court's electronic filing system, all counsel of record have been served with this document.

DATED: Honolulu, Hawai`i, November 13, 2023

/s/ Lynn E. Panagakos
LYNN E. PANAGAKOS