CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

MICHAEL D. NAMMAR
MARK A. INCIONG  CA BAR #163443
W. KEAUPUNI AKINA #11565
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:    Michael.Nammar@usdoj.gov
          Mark.Inciong@usdoj.gov
          Keaupuni.Akina@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. MISKE, JR., (01)<br>  aka "Bro,"<br>JOHN B. STANCIL, (02)<br>DELIA FABRO-MISKE, and (12)<br>JASON K. YOKOYAMA, (13)<br><br>Defendants. | CR. NO. 19-00099 DKW-KJM<br><br>UNITED STATES' MOTION *IN LIMINE* REGARDING THE EXCLUSION OF WITNESSES FROM THE COURTROOM DURING TRIAL; CERTIFICATE OF SERVICE |

UNITED STATES' MOTION *IN LIMINE* REGARDING THE
EXCLUSION OF WITNESSES FROM THE COURTROOM DURING TRIAL

The United States moves *in limine* for four rulings pursuant to Federal Rule of Evidence 615 which governs the exclusion of witnesses from trial. *First*, the government requests that all witnesses be excluded from the courtroom (and from any overflow room) during the testimony of other witnesses at trial, unless a Rule 615 exception is found to apply. This requested ruling would apply to Andrea Kaneakua among others the government has subpoenaed for testimony at trial. *Second*, the government requests that the defense not be allowed to disclose trial testimony to witnesses and that witnesses be prohibited from accessing trial testimony, again subject to any applicable exceptions under Rule 615. This requested ruling would also apply to Andrea Kaneakua among others. *Third*, the government requests that its lead case agents be allowed to be present during trial. *Fourth*, and finally, the government requests that Johnathan Fraser's surviving family members—specifically, Shelden Miguel, William Fraser and Carrie Fraser — be allowed to be present as they have the right to be present under the Crime Victims' Rights Act.

1. Rule 615 governs the exclusion of witnesses from the courtroom. Its current text provides:

   At a party's request, the court must order witnesses excluded so that they cannot hear other witness' testimony. Or the court may do so on its own. But this rule does not authorize excluding: (a) a party who is a natural person; (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney; (c) a person whose presence a party shows to be essential to presenting the party's

1

claim or defense; or (d) a person authorized by statute to be present.

"The purpose of this rule is to prevent witnesses from tailoring their testimony to that of earlier witnesses." *United States v. Seschillie*, 310 F.3d 1208, 1213 (9th Cir. 2002) (citation and internal quotation marks omitted).

Rule 615 naturally does not apply to any "natural person" who is a party, Fed. R. Evid. 615(a), and thus does not exclude any of the defendants charged in this case.  Rule 615 also does not exclude any person shown to be "essential to the presentation of the party's cause," Fed. R. Evid. 615(c), which "always includes the government's lead case agent and usually includes the defense lead investigator," 1 Ninth Circuit Criminal Handbook § 13.02[6] (citing *United States v. Valencia-Riascos*, 696 F.3d 938, 942-43 (9th Cir. 2012) (holding that case agent's presence in the courtroom was permitted by Rule 615 and did not violate the due process clause)).  In addition, Rule 615 permits a person authorized by statute to be present, most commonly crime victims or their families under the Crime Victims' Rights Act.  *See id.* (citing *In re Mikhel*, 453 F.3d 1137, 1139 (9th Cir. 2006) (granting government's writ of mandamus challenging district court's exclusion of crime victims' families during kidnapping/murder trial)).  But unless an exception applies, a court must order the exclusion of witnesses upon the request of a party.

2.  The text of current Rule 615 speaks explicitly of exclusion from "hear[ing]" the testimony of other witnesses.   However, the Government would

2

note that an amendment to Rule 615, absent further Congressional action, will take effect on December 1, 2023. That amendment will clarify that Rule 615 orders are not limited to excluding witnesses from the courtroom during testimony, but that a court may also "prohibit disclosure of trial testimony to witnesses who are excluded from the courtroom" and "prohibit excluded witnesses from accessing trial testimony." *Proposed Fed. R. Evid. 615(b)(1) and (2)*. This proposed amendment is meant only to clarify the scope of Rule 615, as "[m]any courts have [already] found that a 'Rule 615 order' extends beyond the courtroom, to prohibit excluded witnesses from obtaining access to or being provided with trial testimony," even under the current language of the rule. *Advisory Comm. Notes to 2023 Amendments, Para. (1)*. Among those courts to have applied current Rule 615 more broadly is the Ninth Circuit. *See id.* (quoting *United States v. Robertson*, 895 F.3d 1206, 1215 (9th Cir. 2018) ("The danger that earlier testimony could improperly shape later testimony is equally present whether the witness hears that testimony in court or reads it from a transcript.")).

    3.   The government first requests the Court to order all witnesses excluded from the courtroom (and any overflow room) during the testimony of other witnesses at trial, unless a Rule 615 exception is found to apply. This request flows directly from the text of Rule 615 which requires a court to order the exclusion of witnesses upon the request of a party. Andrea Kaneakua is among the

witnesses who would be subject to this order as the government has served trial subpoenas to compel their testimony at trial.

The government also requests that the Court enter an order prohibiting the defense from disclosing trial testimony to either witnesses for the defense or those subpoenaed by the Government and that any such witnesses be prohibited from accessing trial testimony, again subject to any applicable exceptions under Rule 615. Although the Ninth Circuit's decision in *Robertson* indicates that this may already be appropriate under the current text of Rule 615, the government does not oppose withholding decision on this request to await whether the proposed amendments to Rule 615 take effect on December 1, 2023. This ruling would apply to Andrea Kaneakua among others.

4. The final two requested rulings would find that the government's lead case agents, and the surviving family of Johnathan Fraser, be permitted to attend trial even on days when witnesses are testifying.

As to the government's lead case agents, they qualify under Rule 615(c)'s exception for persons whose presence is essential to presenting a party's claim or defense. In a case of this scope and complexity, the presence of case agents at trial will be necessary to ensure that the government's case is presented effectively. Indeed, the Ninth Circuit has upheld allowing case agents to be present in cases of substantially simpler scope and complexity. *See, e.g.*, *Valencia-Riascos*, 696 F.3d

at 940 (affirming presence of case agent in case involving a single count of assault on a federal officer).

As to Johnathan Fraser's surviving family, they fall under Rule 615(d)'s exception for persons authorized by statute—here, the Crime Victims' Rights Act, 18 U.S.C. § 3771—to be present. *In re Mikhel*, 453 F.3d at 1139. The Crime Victims' Rights Act "creates a right for crime victims 'not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.'" *Valencia-Riascos*, 696 F.3d at 942 (quoting 18 U.S.C. § 3771(a)(3)). And the Act defines "crime victim" to include not merely the person directly and proximately harmed as a result of the federal offense at issue, but also, in the case of a crime victim who is "deceased," the "family members" of that individual. *18 U.S.C. § 3771(e)(2)(B)*.

The Government respectfully requests the Court to grant the above motions.

DATED: November 13, 2023, at Honolulu, Hawaii.

> CLARE E. CONNORS
> United States Attorney
> District of Hawaii
>
> By */s/ Mark A. Inciong*
>   MICHAEL D. NAMMAR
>   MARK A. INCIONG
>   W. KEAUPUNI AKINA
>   Assistant U.S. Attorneys

5

CERTIFICATE OF SERVICE

I hereby certify that, on the date noted below, the true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:

| | |
|---|---|
| Lynn Panagakos, Esq.<br>Michael Jerome Kennedy, Esq. | Attorneys for Defendant<br>MICHAEL J. MISKE, JR. |
| Walter J. Rodby, Esq.<br>Terri L. Fujioka-Lilley, Esq. | Attorneys for Defendant<br>JOHN B. STANCIL |
| Marcia Morrissey, Esq.<br>Donovan Odo, Esq. | Attorneys for Defendant<br>DELIA FABRO-MISKE |
| William A. Harrison, Esq. | Attorney for Defendant<br>JASON K. YOKOYAMA |

DATED: November 13, 2023, at Honolulu, Hawaii.

/s/ Tiani Kaneakua
U.S. Attorney's Office
District of Hawaii