CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

MICHAEL D. NAMMAR
MARK A. INCIONG  CA BAR #163443
W. KEAUPUNI AKINA #11565
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Facsimile:   (808) 541-2958
Email:   Michael.Nammar@usdoj.gov
         Mark.Inciong@usdoj.gov
         Keaupuni.Akina@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. MISKE, JR.,      (01)<br>    aka "Bro,"<br>JOHN B. STANCIL,               (02)<br>DELIA FABRO-MISKE, and  (12)<br>JASON K. YOKOYAMA,       (13)<br><br>Defendants. | CR. NO. 19-00099 DKW-KJM<br><br>UNITED STATES' MOTION *IN LIMINE* REGARDING OUT-OF-COURT STATEMENTS; CERTIFICATE OF SERVICE |

UNITED STATES' MOTION *IN LIMINE*
REGARDING OUT-OF-COURT STATEMENTS

The United States moves *in limine* for the admission of certain categories of out-of-court statements at trial: statements of party opponents; co-conspirator statements; excited utterances and present sense impressions; and statements to medical providers. Although no pretrial hearing is needed to resolve the admissibility of these statements, and although the government does not seek any rulings at this time, the government anticipates that the defense might wish to object to the admission of some of these statements at trial, and therefore submits this motion now to provide notice to the Court and the parties.

1. *Statements of Party Opponents*. Federal Rule of Evidence 801(d)(2)(A) provides that a statement is not hearsay if it is "offered against an opposing party" and was "made by the party in an individual or representative capacity." This means that "[s]tatements made by the defendant offered against the defendant to support the prosecution's case are excluded from the definition of hearsay." *Matylinsky v. Budge*, 577 F.3d 1083, 1094 (9th Cir. 2009).

At trial, the government intends to introduce evidence of statements that the trial defendants made out of court for the purpose of establishing the truth of the matters therein asserted. Evidence of these statements will include the testimony of witnesses to whom the statements were made or who overheard the statements as well as electronic evidence of statements (e.g., digital messages sent by defendant Michael J. Miske, Jr.). These statements are admissible against the

1

particular defendants who made them.

    2. *Co-Conspirator Statements*. The government also intends to seek the admission of out-of-court statements that were made, not by the specific trial defendants themselves, but by their co-conspirators. To take one example, although digital messages that Miske sent to others would be admissible against Miske as party opponent statements, the government will also seek to admit these types of statements against other trial defendants as co-conspirator statements.

    Federal Rule of Evidence 801(d)(2)(E) provides that co-conspirator statements are not hearsay. "In order for a statement to qualify for admission as the statement of a co-conspirator, the following preliminary facts must be shown: (1) there was a conspiracy, (2) the defendant and the declarant were participants in the conspiracy, and (3) the statement was made by the declarant during and in furtherance of the conspiracy." *United States v. Bridgeforth*, 441 F.3d 864, 869 (9th Cir. 2006). While the statement alone is insufficient to prove these preliminary facts, *see* Fed. R. Evid. 801(d)(2), the statement can be considered as evidence in support of the preliminary showing, *see United States v. Silverman*, 861 F.2d 571, 577 (9th Cir. 1988). Moreover, the requisite "independent evidence of the conspiracy" can arise from a wide variety of potential sources. *Bridgeforth*, 441 F.3d at 869 (finding it sufficient that the two witnesses had testified about observing the defendant's conduct, which was consistent with the existence of a

conspiracy).

Although the defendant must be a member of the conspiracy for co-conspirator statements to be admissible against them, the *recipient* of the statements need not be a member of the conspiracy.  *See United States v. Zavala-Serra*, 853 F.2d 1512, 1516 (9th Cir. 1988) ("It is well established that statements made by a co-conspirator need not be made to a member of the conspiracy to be admissible under rule 801(d)(2)(E)."); *see also United States v. Taylor*, 802 F.2d 1108, 1117 (9th Cir. 1986) (statements made to FBI undercover agent).  Accordingly, the government will seek to admit co-conspirator statements that have been made, regardless of whether the individuals to whom they were made were members the relevant conspiracy.

Moreover, co-conspirator statements are admissible against a defendant even if the statements were made *before* the defendant joined the conspiracy.  *See United States v. Anderson*, 532 F.2d 1218, 1230 (9th Cir. 1976) ("Statements of a co-conspirator are not hearsay even if made prior to the entry of the conspiracy by the party against whom it is used."), *cert. denied*, 429 U.S. 839 (1976); *see also United States v. Segura-Gallegos*, 41 F.3d 1266, 1272 (9th Cir. 1994) (same).  Co-conspirator statements that Miske or co-conspirators made in earlier stages of the racketeering conspiracy, therefore, may still be admitted against other defendants who joined the conspiracy at later dates.

Finally, while statements "made for personal objectives outside the conspiracy or as part of idle conversation are not admissible under Rule 801(d)(2)(E)," statements "'made to keep coconspirators abreast of an ongoing conspiracy's activities'" do satisfy the "in furtherance of" requirement. *United States v. Moran*, 493 F.3d 1002, 1010 (9th Cir. 2007) (quoting *United States v. Yarbrough*, 852 F.2d 1522, 1536 (9th Cir. 1988)). For example, in *Moran*, the Ninth Circuit affirmed the admission of records that a co-conspirator had kept on his computer, including "a Quickbooks database reflecting financial data," because the facts "tend[ed] to show that the computer records were used to keep track of transactions which were a part of [the] fraudulent schemes . . . ." *Id.* at 1011. In a similar vein, in *United States v. Tamman*, 782 F.3d 543, 553 (9th Cir. 2015), the Ninth Circuit affirmed the admission of a witness's testimony that another person had "told her that he had previously settled one of [the defendant's] legal bills by paying [the defendant] in cash," because this statement informed the witness "of the state of the conspiracy . . . while the conspiracy was ongoing." And in *Yarbrough*, the Ninth Circuit affirmed the admission of out-of-court statements from the leader of a racketeering enterprise which included the leader's "relation of details" to cooperating witnesses of murders that had been committed. 852 F.2d at 1535. The Court recognized that statements made to "reassure" members of a conspiracy's continued existence, to "allay coconspirator's fears," or to "keep

4

coconspirators abreast of an ongoing conspiracy's activities" are admissible as co-conspirator statements, even if they involve the retelling of previously committed acts. *Id.* at 1535-36 (citation and internal quotation marks omitted). As the Court explained, the retelling of the commission of the murders "served to apprise [the now cooperating witnesses] of the 'successful' resolution of a perceived security problem," as well as to inform them that "one of the prime goals" of the enterprise "had been spectacularly furthered." *Id.* at 1536; *accord United States v. Lloyd*, 807 F.3d 1128, 1161 (9th Cir. 2015) (co-conspirator statements are in furtherance of the conspiracy when they were made with the intent to keep a co-conspirator abreast of what another "had done, was doing, or would do in the future"). The government will seek to admit similar types of out-of-court statements in this case.

   3. *Other Grounds for Admissibility of Out-of-Court Statements*. Finally, the government provides notice that it will seek to admit out-of-court statements as excited utterances, present sense impressions, or statements to medical providers.

   DATED: November 13, 2023, at Honolulu, Hawaii.

              CLARE E. CONNORS
              United States Attorney
              District of Hawaii

            By */s/ Mark A. Inciong*
              MICHAEL D. NAMMAR
              MARK A. INCIONG
              W. KEAUPUNI AKINA
              Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that, on the date noted below, the true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:

| | |
|---|---|
| Lynn Panagakos, Esq. <br> Michael Jerome Kennedy, Esq. | Attorneys for Defendant <br> MICHAEL J. MISKE, JR. |
| Walter J. Rodby, Esq. <br> Terri L. Fujioka-Lilley, Esq. | Attorneys for Defendant <br> JOHN B. STANCIL |
| Marcia Morrissey, Esq. <br> Donovan Odo, Esq. | Attorneys for Defendant <br> DELIA FABRO-MISKE |
| William A. Harrison, Esq. | Attorney for Defendant <br> JASON K. YOKOYAMA |

DATED: November 13, 2023, at Honolulu, Hawaii.

*/s/ Tiani Kaneakua*
U.S. Attorney's Office
District of Hawaii