MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103; California State Bar #193901
Colorado State Bar #17868
333 Flint Street
Reno, Nevada 89501
775-221-7100 (office); 775-233-0914 (mobile)
michael@mjkennedylaw.com

LYNN E. PANAGAKOS   7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`I 96813
Telephone: (808) 542-9943
lynnpanagakos@yahoo.com
**Attorneys for Defendant Michael J. Miske, Jr.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 19-cr-00099-DKW-KJM. |
| | ) | |
| Plaintiff, | ) | **JOINT DEFENDANTS' MOTION** |
| | ) | **IN LIMINE NO. 11: re FEBRUARY** |
| v. | ) | **24, 2016 ROBBERY AND** |
| | ) | **ASSAULT; CERTIFICATE OF** |
| MICHAEL J. MISKE, JR.,       (01) | ) | **SERVICE** |
| JOHN B. STANCIL,              (02) | ) | |
| DELIA FABRO-MISKE,        (12) | ) | |
| JASON K. YOKOYAMA       (13) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MOTION**

Defendants move in limine under Federal Rules of Evidence 401, 402 and 403 to exclude evidence pertaining to the February 24, 2016 robbery and assault at 560 Kaulele Street in Kailua.

## BACKGROUND

On February 24, 2016, at around 11:00 p.m., three suspects drove up in a silver colored four door sedan and parked behind Mr. Olkowski's car as he just arrived home. *Bates 00043573UR*. Suspect #1 came out of the front passenger door and held a gun. *Id*. Suspect #2 came out of the rear passenger door and held a baseball bat. *Id*. Both suspects were completely covered up. *Id*. Suspect #1 told Mr. Olkowski "I going fucking kill you. Give me your chain" and then shot a round to the left side of Mr. Olkowski's body as he faced the suspect. *Bates 00043460UR*. Mr. Olkowski began to back pedal, threw off his chain onto the grass, and said "get the fuck out of here." *Id*. Suspect #1 said "give me your watch." Mr. Olkowski then threw his wallet to try and distract Suspect #1. Suspect #2 approached and hit Mr. Olkowski with the bat twice in the back and once on the left arm as he tried to block the blows. *Id*. Mr. Olkowski continued to back pedal into the house as he watched Suspect #2 run back to the car and get in rear passenger seat while Suspect #1 get in the front passenger seat. *Id*. The driver then sped away. *Id*.

The car associated with the robbery was located on February 25, 2016 opposite 41-647 Inoaole Street, Waimanalo. *Bates 00043483UR*. The yellow gold chain, the gold clasp with diamonds, cash and other items were valued at over $72,955.00. *Bates 00043459UR*. The government alleges that former co-defendant Moon and two others committed the robbery and assault.

## ARGUMENT

Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence is either relevant or not. *United States v. Foster*, 986 F.2d 541, 542 (D.C. Cir. 1993). The test is the same for the prosecution and the defense. *See United States v. Crenshaw*, 698 F.2d 1060, 1064-1065 (9th Cir. 1983). For evidence to be relevant it "must be probative of the proposition it is offered to prove, and ... the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("Long's out-of-court statements are probative of why Deputy Needman went to the mobile home. However, his reasons for going there are not of consequence to the determination of the action, *i.e.* they do not bear on any issue involving the elements of the charged offense.")

Further, the "court may exclude relevant evidence if its probative value is substantially outweighed by ... unfair prejudice, confusing of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cummulative evidence. Fed.R. Evid. 403. When probative value is small, even "a small risk of misleading the jury" or "a modest likelihood of unfair prejudice" is enough to outweigh the probative value of marginally relevant evidence. *United States v. Espinoza*, 647 F.3d 1182, 1191 (9th Cir. 2011). "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect

adversely the jury's attitude toward the defendant *wholly apart from its judgment as to his guilt or innocence of the crime charged." United States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015) (emphasis in original).

Evidence of drive-up armed robbery and assault by unknown assailants - one of whom the government merely alleges is former co-defendant Moon - does not have "any tendency to make a fact more or less probable than it would be without the evidence" under Rule 401. Moreover, it is **not** a fact of consequence in determining the elements of RICO conspiracy charge count one. Fed. R. Evid. 401&402; *Dean*, 980 F.2d at 1288. Count one charges a conspiracy to conduct and participate, directly or indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity." ECF No. 673, PageId.4440-4452. To prove a conviction for violation of 18 U.S.C. § 1962(d), the Government must show that a defendant knowingly agreed "to participate, directly or indirectly, in the conduct of the [enterprise's] affairs through a pattern of racketeering." *United States v. Fernandez*, 388 F.3d 1199, 1226 n.18 (9th Cir. 2004); 9th Cir. Crim. Jury Instr. 18.8 (Revised Dec. 2015). A street armed robbery and assault for jewelry and cash by unknown robbers is irrelevant and thus inadmissable evidence.

## CONCLUSION

Defendants request that the Court exclude the February 24, 2016 armed robbery and assault as inadmissible evidence to the RICO conspiracy count one charge.

///

///

///

DATED: November 13, 2023

| | |
|---|---|
| */s/Michael J. Kennedy* <br> MICHAEL J. KENNEDY <br> */s/ Lynn E. Panagakos* <br> LYNN E. PANAGAKOS <br> Counsel for Defendant <br> MICHAEL J. MISKE, JR (01) | */s/ Donovan Odo* <br> DONOVAN ASAO ODO <br> */s/ Marcia Morrissey* <br> MARCIA A. MORRISSEY <br> Counsel for Defendant <br> DELIA FABRO-MISKE (12) |
| */s/ Walter J Rodby* <br> WALTER J. RODBY <br> */s/ Terri L Fujioka-Lilley* <br> TERRI L. FUJIOKA-LILLEY <br> Counsel for Defendant <br> JOHN B. STANCIL (02) | */s/ William A. Harrison* <br> WILLIAM A. HARRISON <br> Counsel for Defendant <br> JASON K. YOKOYAMA (13) |

## CERTIFICATE OF SERVICE

I, Lynn E. Panagakos, hereby certify that this filing, through the court's electronic filing system, all counsel of record have been served with this document.

DATED: Honolulu, Hawai`i, November 13, 2023

/s/ Lynn E. Panagakos
LYNN E. PANAGAKOS