MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103; California State Bar #193901
Colorado State Bar #17868
333 Flint Street
Reno, Nevada 89501
775-221-7100 (office); 775-233-0914 (mobile)
michael@mjkennedylaw.com

LYNN E. PANAGAKOS   7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`I 96813
Telephone: (808) 542-9943
lynnpanagakos@yahoo.com
**Attorneys for Defendant Michael J. Miske, Jr.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 19-cr-00099-DKW-KJM. |
| | ) | |
| Plaintiff, | ) | **JOINT DEFENDANTS' MOTION** |
| | ) | **IN LIMINE NO. 12: re EXCLUSION** |
| v. | ) | **OF MAY 8, 2016 CONSPIRACY TO** |
| | ) | **COMMIT ROBBERY EVIDENCE** |
| MICHAEL J. MISKE, JR.,     (01) | ) | **EXCEPT FOR IMPEACHMENT;** |
| JOHN B. STANCIL,           (02) | ) | **CERTIFICATE OF SERVICE** |
| DELIA FABRO-MISKE,         (12) | ) | |
| JASON K. YOKOYAMA          (13) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION

Defendants move in limine under Federal Rules of Evidence 401, 402 and 403 to exclude evidence pertaining to a May 8, 2018 conspiracy to rob rapper/performer Tekashi 6ix9ine. The conspiracy to commit robbery between Jacob Smith, Kaden

Page 1 of  5

Kanae, and Nicholas Carignan and was the affair of La Familia (Shooter Gang) and a drug supplier & distributor, rather than the affair of the alleged fiction known as the Miske Enterprise. The government has informed counsel that it may seek to admit this evidence during trial. The evidence is inadmissible except for impeachment of Smith, Carignan and Kanae.

## BACKGROUND

Government witnesses La Familia (Shooter Gang) members Smith and Kanae and drug supplier Nicholas (Nico) Carignan planned to rob rapper/performer Tekashi 6ix9ine ("69") when 69 came to perform in Hawaii. *Bates 00045901UR*. 69 was known to wear a valuable gold chain and medallion. *Id*. Carignan's girlfriend had inside information on 69"s plans and whereabouts. *Id*. Smith and Carignan met with Kaden Kanae (Shooter Gang member) to discuss the plan to rob 69 at gunpoint at Hawaiian Brian's, the venue for 69's performance. *Id*. Smith had a Glock 26 and Carignan had a 9mm or .40 caliber black and white "ghost" gun Glock. *Id*. Smith purchased a stolen sport utility vehicle which he planned to use in the robbery. *Id*. Smith called a friend at the concert to see if 69 was wearing the chain and medallion. *Bates 00045902UR*. The FBI assembled a nine member law enforcment surveillance team on May 8, 2018 in connection with the wiretap on Smith's phone. *Bates 00032867UR*. In the end, Smith and Carignan and Kanae could not get coordinated to carry out the robbery. *Bates 00045902UR*.

///

## ARGUMENT

La Familia (Shooter Gang) members Smith and Kanae and drug dealer Cariganan planned to rob 69 for themselves or for their gang, not the fictional so-called Miske Enterprise. Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence is either relevant or not. *United States v. Foster*, 986 F.2d 541, 542 (D.C. Cir. 1993). The test is the same for the prosecution and the defense. *See United States v. Crenshaw*, 698 F.2d 1060, 1064-1065 (9th Cir. 1983). For evidence to be relevant it "must be probative of the proposition it is offered to prove, and ... the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("Long's out-of-court statements are probative of why Deputy Needman went to the mobile home. However, his reasons for going there are not of consequence to the determination of the action, *i.e.* they do not bear on any issue involving the elements of the charged offense.")

Evidence that La Familia gang member (Shooter Gang) Jacob Smith and Shooter Gang member Kaden Kanae together with drug dealer Nico Cariganan planned to rob 69 is **not** a fact of consequence in determining the elements of the RICO conspiracy count one. Fed. R. Evid. 401&402; *Dean*, 980 F.2d at 1288. To prove a conviction for violation of 18 U.S.C. § 1962(d), the Government must show that a defendant knowingly agreed "to participate, directly or indirectly, in the conduct of the [enterprise's] affairs

through a pattern of racketeering." *United States v. Fernandez*, 388 F.3d 1199, 1226 n.18 (9th Cir. 2004); 9th Cir. Crim. Jury Instr. 18.8 (Revised Dec. 2015). Gang members and drug dealers robbing a rapper/performer at gun point is an affair of La Familia, of Shooter Gang, **not** the fictional, so-called Miske Enterprise. The La Familia and Shotter Gang members each planned to rob for themselves, and their gang, not the fictional, so-called Miske enterprise.

Further, the "court may exclude relevant evidence if its probative value is substantially outweighed by ... unfair prejudice, confusing of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cummulative evidence. Fed.R. Evid. 403. When probative value is small, even "a small risk of misleading the jury" or "a modest likelihood of unfair prejudice" is enough to outweigh the probative value of marginally relevant evidence. *United States v. Espinoza*, 647 F.3d 1182, 1191 (9th Cir. 2011). "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart from its judgment as to his guilt or innocence of the crime charged." United States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015) (emphasis in original).

The government is **not** entitled to make a conspiracy by gang members to rob a rapper/performer at gun point somehow relevant to the alleged affairs of the alleged fictional Miske enterprise. Even if there was marginal probative value in this evidence (i.e., Smith and Kanae are gang member robbers and Carignan is a drug dealer who also robs at gunpoint), this marginal probative value would be outweighed by the risk

of misleading the jury and likelihood of unfair prejudice. *Espinoza-Baza*, 647 F.3d at 1191.

## CONCLUSION

Defendants request that the Court exclude the May 8, 2018 conspiracy to commit robbery of the rapper/entertainer 69 as inadmissible evidence. The evidence is admissible as impeachment evidence if Smith, Cariganan and Kanae testify during trial.

DATED: November 13, 2023

*/s/Michael J. Kennedy*
MICHAEL J. KENNEDY
*/s/ Lynn E. Panagakos*
LYNN E. PANAGAKOS
Counsel for Defendant
MICHAEL J. MISKE, JR (01)

*/s/ Donovan Odo*
DONOVAN ASAO ODO
*/s/ Marcia Morrissey*
MARCIA A. MORRISSEY
Counsel for Defendant
DELIA FABRO-MISKE (12)

*/s/ Walter J Rodby*
WALTER J. RODBY
*/s/ Terri L Fujioka-Lilley*
TERRI L. FUJIOKA-LILLEY
Counsel for Defendant
JOHN B. STANCIL (02)

*/s/ William A. Harrison*
WILLIAM A. HARRISON
Counsel for Defendant
JASON K. YOKOYAMA (13)

## CERTIFICATE OF SERVICE

I, Lynn E. Panagakos, hereby certify that this filing, through the court's electronic filing system, all counsel of record have been served with this document.

DATED: Honolulu, Hawai`i, November 13, 2023

/s/ Lynn E. Panagakos
LYNN E. PANAGAKOS