MARCIA A. MORRISSEY
Law Office of Marcia A. Morrissey
11400 W. Olympic Blvd., Suite 1500
Los Angeles, CA 90065
Telephone: 310-399-3259
Email: morrisseyma@aol.com

DONOVAN ASAO ODO
Law Office of Donovan A. Odo LLLC
P.O. Box 939
Aiea, HI 96701
Telephone:  808-554-3490
Email: donovan.a.odo@gmail.com

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cr. No. 1-19-CR-00099 DJK-KJM |
| Plaintiff, | DELIA FABRO-MISKE'S MOTION IN LIMINE NO. 9 RE: INSTRUCTION THAT MERE EMPLOYMENT BY OR ASSOCIATION WITH MICHAEL MISKE IS NOT ILLEGAL AND IS NOT THE EQUIVALENT OF BEING GUILTY OF ANY CRIME CHARGED IN THIS CASE |
| vs. | |
| DELIA FABRO-MISKE (12), | |
| Defendant. | |

**I.      Introduction**

This case is not about employment by or familial association with Michael

J. Miske, Jr., or how employment or familial association is indicative of criminal

intent or involvement in charged criminal activity. Jurors need to be clear on that. Put another way, it would be incorrect for jurors to be of the viewpoint that it is illegal for a person to be employed by or related to Mr. Miske, even if the indictment alleges the existence of a "Miske entreprise." Employment by or association with Mr. Miske is not evidence that Delia Fabro-Miske is guilty of a crime, is of bad character, or is a conspirator. This motion asks the Court apply the law as determined by the United States Supreme Court and interpreted by other courts and instruct jurors accordingly.

## II.     Authority and Argument

In *United States v. Abel*, 469 U.S. 45, 48-49 (1984), the Supreme Court explained that a person cannot be convicted for 'merely belonging to an organization that advocates illegal activity,' relying in part on its ruling in *Scales v. United States*, 367 U.S. 203 (1961). In several cases, the Ninth Circuit has addressed the issue of concern here, i.e., the risk that an individual may be convicted based on the notion that he or she is a member of a "gang" or associates with a "gang." One instructive decision is *Unites States v. Rubio*, 427 F. 2d 786, 791-93 (9th Cir. 1983), a case in which the notion of a linkage between individuals and a motorcycle gang, as well as the symbols of that gang, was not in itself direct proof of criminal activity for the purposes of establishing probable

2

cause.

Mere employment by or association with the alleged "Miske enterprise" in itself is not a violation of a federal statute. Jurors in this case will need to be very clear about that. *United States v. Roark*, 924 F .2d 1426 (8th Cir. 1991), is instructive on the problems of allowing unconstrained comment on mere association. *Roark* involved allegations that a group of persons - all members of the Hells Angels - were involved in the production of methamphetamine. The Eighth Circuit reviewed the record and concluded that the difficulty was essentially that the accused was tried on the basis of evidence of his ". . . unsavory character merely to show that he is a bad person and thus more likely to have committed the crime." *Id.,* at 1434. The Court further commented that the trial judge faced the issue of the government improperly injecting the Hells Angels Motorcycle Club into the case, virtually as an uncharged defendant. *Id.*, at 134-35. It also expressed concern about the lack of a timely limiting instruction, the government's ignoring of the appropriate instruction, and the "haranguing" of the jury about the alleged institutional criminality of the Hells Angels Club. *Id.*

As stated by the Ninth Circuit: "Evidence of gang membership may not be introduced, as it was here, to prove intent or culpability." *Kennedy v. Lockyer*, 379 F.3d 13 1041, 1055-56 (9th Cir. 2004), relying in part on *United States v. Garcia*,

3

151 F.3d 1243, 1244-46 (9th Cir.1998). *Kennedy* also references the court's opinion in *United States v. Hankey*, 203 F. 3d 1160, 1170 (9th Cir. 2000), where it expressed concern that gang membership ". . . creates a risk that the jury will [probably] equate gang membership with the charged crimes."

This Court should instruct the jury that employment by or association with Michael Miske, Jr., and the so-called "Miske enterprise" is not illegal *per se*, and is not evidence of a crime, including the RICO conspiracy charged in Count I.

The government should also be precluded from referring to what is alleged in the indictment as the "Miske enterprise" as such. Based on the RICO allegations in this case, the term "enterprise" has a specific legal definition, and is in and of itself an inflammatory appellation that carries an unfairly prejudicial connotation. One example of a useful discussion of this issue is the Seventh Circuit's decision in *United States v. Irwin*, 87 F.3d 860, 866 (7th Cir. 1996). There, the conviction of one of the defendants was reversed, in part because of the prosecutor's statements during the trial and closing argument that "consistently" used the term "motorcycle gang." *Id*. The Court observed that the prosecutor: "specifically choos[e] [the term "motorcycle gang"] over the far less prejudicial term '"motorcycle club," even after the judge instructed him to refrain from using the tern "gang." In addition, the government openly mocked the use of the term

4

"club" in his questions, clearly suggesting to the jury that the term was a total misnomer for a gang. Most importantly, the prosecutor essentially asked the jury to associate criminal activity with the gang and to draw the improper inference of guilt by association." *Id.* *Irwin* is not a RICO case, but its discussion of this issue is relevant especially where, as here, Ms. Fabro-Miske was employed by and related to Mr. Miske. The risk of unfair prejudice as to her on the issue of "guilt by association" is especially serious.

      This Court should exclude these sorts of unfairly prejudicial references, for, as the Seventh Circuit explained, such highly charged terms cannot and must not be used as a substitute for direct evidence, leading to convictions based purely on guilt by association.

Dated: November 13, 2023                  Respectfully submitted,
*/s/ Marcia A. Morrissey*
MARCIA A. MORRISSEY

*/s/ Donovan A. Odo*
DONOVAN A. ODO

Attorneys for Defendant
DELIA FABRO-MISKE

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically served through CM/ECF on the following on November 13, 2023:

| | |
|---|---|
| MICHAEL D. NAMMAR, ESQ. | michael.nammar@usdoj.gov |
| MARK A. INCIONG, ESQ. | mark.inciong@usdoj.gov |
| W. KEAUPUNI AKINS | KeAupuni.Aking@usdoj.gov |
| LYNN E. PANAGAKOS, ESQ. | lynnpanagakos@yahoo.com |
| MICHAEL J. KENNEDY, ESQ. | michael@mjkennedylaw.com |
| WALTER J. RODBY, ESQ. | attorneyrodby@msn.com |
| TERRI L. FUJIOKA-LILLEY, ESQ. | terri@bflwlaw.com |
| WILLIAM L. SHIPLEY, JR., ESQ. | 808Shipleylaw@gmail.com |

DATED: November 13, 2023.

/s/ *Marcia A. Morrissey*
Marcia A. Morrissesy

Attorney for Defendant
Delia Fabro-Miske