MARCIA A. MORRISSEY
Law Office of Marcia A. Morrissey
11400 W. Olympic Blvd., Suite 1500
Los Angeles, CA 90065
Telephone: 310-399-3259
Email: morrisseyma@aol.com

DONOVAN ASAO ODO
Law Office of Donovan A. Odo LLLC
P.O. Box 939
Aiea, HI 96701
Telephone:  808-554-3490
Email: donovan.a.odo@gmail.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DELIA FABRO-MISKE (12),<br><br>    Defendant. | Cr. No. 1-19-CR-00099 DJK-KJM<br><br>DELIA FABRO-MISKE'S MOTION IN LIMINE NO. 12 RE: IMPROPER LAY WITNESS TESTIMONY |

Delia Fabro-Miske, by her counsel, Marcia A. Morrissey and Donovan A. Odo, move to exclude improper lay witness testimony about the existence of the alleged "Miske enterprise."

The alleged enterprise in this case, the "Miske enterprise" is, by any measure, "informal." In contrast to most alleged criminal enterprises, which have a defined structure, a code of rules, a formal hierarchy, shared rituals, or even written regulations, the government will have to prove the existence of the alleged Miske enterprise by inference. *See Boyle v. United States*, 556 U.S. 938, 951 (2009) (the existence of an association-in-fact is more readily proven by what it does, rather than by abstract analysis of its structure)." For this reason, it is imperative that the Court not allow the testimony of law witnesses to stray into legal conclusions.

The government bears the burden of proving the existence of the enterprise in this case. "Enterprise" has a specific legal meaning in the RICO context. *See United States v. Turkette*, 452 U.S. 576, 583 (1981); *Odom v. Microsoft*, 486 F. 3d 541, 550-552 (9th Cir. 2000). The government must prove that the "Miske enterprise" is an "enterprise" beyond a reasonable doubt. The government must also prove beyond a reasonable doubt that each defendant is a conspirator participating in furtherance of the enterprise.

While Federal Rule of Evidence 704 provides that an opinion is not objectionable just because it embraces an ultimate issue, a witness cannot testify to

2

a legal conclusion. *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1016.(9th Cir. 2004); *United States v. Defoor*, 625 Fed. Appx 784, 786 (9th Cir. 2015).

"The problem with testimony containing a legal conclusion is in conveying the witness' unexpressed and perhaps erroneous legal standards to the jury. This invades the province of the court to determine the applicable law and to instruct the jury as to that law." *Torres v. City of Oakland*, 758 F. 2d 147, 150 (6th Cir. 1984),

> The Advisory Committee notes for Rule 704 are instructive on this point:
>
> The abolition of the ultimate issue rule does not lower the bar so as to admit all opinions. Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day. They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria. Thus the question, "Did T have capacity to make a will?" would be excluded, while the question, "Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?" would be allowed.

"The best resolution to this type of problem is to determine whether the terms used by the witness have separate, distinct, and specialized meaning in the law different from that present in the vernacular. If they do, exclusion is

3

appropriate." *Torres v. City of Oakland*, 758 F. 2d 147, 26 151 (6th Cir. 1984) (citing *United States v. Hearst*, 563 F. 2d 1331, 1351 (9th Cir. 1977)). The Court explained that testimony containing terms such as "discriminating," "cause" and "unlawful" are properly excluded, when the common meaning that a layman juror would ascribe to the word varies from the legal meaning. *Id.*   On the other hand, "voluntarily robbed a bank" may be properly allowed by a court, when the layman juror's common understanding of "voluntary" has the same significance as its legal use in this context. *Id*, at 1351.

In this case, the Court must preclude all government lay witnesses from opining whether there is a "Miske enterprise" and/or that anyone is a "Miske enterprise member."  Indeed, the government may use the terms "Miske enterprise" and/or "enterprise" interchangeably to refer to the alleged RICO enterprise.  However, "enterprise" in this context is a highly specialized legal term and a question of fact that must be proved beyond a reasonable doubt.  Allowing for a lay witness to opine that anyone, particularly a defendant, is an enterprise member would be an inadmissible legal conclusion.  Permitting the government to elicit such testimony would be an end-run around both its burden to prove a defendant's participation in the enterprise and the enterprise itself.  This testimony is impermissible and prejudicial because it is is a legal conclusion that is the

exclusive province of the jury. *Hangarter*, 373 F.3d at 1016; Rules 703, 701, 704.

A lay witness is limited to testimony regarding the actions of another person that are rationally based on the witness' perception. Lay opinion testimony that an enterprise exists or than an individual is a member of an enterprise is inadmissible, because the jury, as trier of fact must decide that question for themselves, based on facts presented and the Court's instructions regarding the law, Therefore, the Court should preclude lay witnesses from giving opinions whether an enterprise exists and who is a member of an alleged enterprise. *Cf. United States v. Garcia-Ortiz*, 528 F.3d 74, 79-80 (1st Cir. 2008) (opinion of agent that defendant resembled photograph used in identification was wrongly admitted because the jury was perfectly capable of drawing its own conclusion); *United States v. Wantuch*, 525 F.3d 505,514 (7th Cir. 2008) (cooperating witness's testimony that defendant knew what he was doing was illegal was unhelpful to the jury).

Dated: November 13, 2023                     Respectfully submitted,

*/s/ Marcia A. Morrissey*
MARCIA A. MORRISSEY

*/s/ Donovan A. Odo*
DONOVAN A. ODO

Attorneys for Defendant
DELIA FABRO-MISKE

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically served through CM/ECF on the following on November 13, 2023:

| | |
|---|---|
| MICHAEL D. NAMMAR, ESQ. | michael.nammar@usdoj.gov |
| MARK A. INCIONG, ESQ. | mark.inciong@usdoj.gov |
| W. KEAUPUNI AKINS | KeAupuni.Aking@usdoj.gov |
| LYNN E. PANAGAKOS, ESQ. | lynnpanagakos@yahoo.com |
| MICHAEL J. KENNEDY, ESQ. | michael@mjkennedylaw.com |
| WALTER J. RODBY, ESQ. | attorneyrodby@msn.com |
| TERRI L. FUJIOKA-LILLEY, ESQ. | terri@bflwlaw.com |
| WILLIAM L. SHIPLEY, JR., ESQ. | 808Shipleylaw@gmail.com |

DATED: November 13, 2023.

/s/ *Marcia A. Morrissey*
Marcia A. Morrissesy

Attorney for Defendant
Delia Fabro-Miske