CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

MICHAEL D. NAMMAR
MARK A. INCIONG CA BAR #163443
W. KEAUPUNI AKINA #11565
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: Michael.Nammar@usdoj.gov
       Mark.Inciong@usdoj.gov
       KeAupuni.Akina@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>MICHAEL J. MISKE, JR.,     (01)<br>  aka "Bro,"<br>JOHN B. STANCIL,           (02)<br>DELIA FABRO-MISKE, and     (12)<br>JASON K. YOKOYAMA,         (13)<br><br>    Defendants. | CR. NO. 19-00099 DKW-KJM<br><br>UNITED STATES' SUPPLEMENTAL BRIEFING REGARDING MOTION *IN LIMINE* REGARDING THE EXCLUSION OF WITNESSES FROM THE COURTROOM DURING TRIAL [ECF NO. 1057]; CERTIFICATE OF SERVICE |

UNITED STATES' SUPPLEMENTAL BRIEFING REGARDING MOTION *IN LIMINE* REGARDING THE EXCLUSION OF WITNESSES FROM THE COURTROOM DURING TRIAL [ECF NO. 1057]

The United States, by and through undersigned counsel, submits this supplemental briefing regarding its motion *in limine* regarding the exclusion of witnesses from the courtroom during trial (ECF No. 1057), as directed by this Court's December 14, 2023 order. (ECF No. 1193.)

Allegations in the Third Superseding Indictment's regarding Johnathan Fraser's death are sufficient to confer "crime victim" status upon Fraser and crime victim's rights upon his relatives under the Crime Victims' Rights Act. "Victims' rights under the CVRA begin well before a conviction; thus, the status of 'victim' may be based on allegations rather than proof." *United States v. Schessel*, No. CR 22-0374 (ES), 2022 WL 17094777, at *1 (D.N.J. Nov. 21, 2022) (quoting *United States v. Saltsman*, No. 07-641, 2007 WL 4232985, at *1 (E.D.N.Y. Nov. 27, 2007)); *accord United States v. Nix*, 256 F. Supp. 3d 272, 277 (W.D.N.Y. 2017); *see also United States v. Bauldwin*, No. 19-CR-3579 MV, 2022 WL 4016745, at *2 n.1 (D.N.M. Sept. 2, 2022) ("[T]he statute makes it clear that the CVRA applies to *alleged* crime victims, prior to any formal adjudication of a defendant's guilt.") (emphasis in original).

Whether a person is a victim is determined pretrial by reference to the factual allegations in the charging instrument. *See United States v. Turner*, 367 F. Supp. 2d 319, 326 (E.D.N.Y. 2005) ("interpret[ing] the definition in § 3771(e) to include any person who would be considered a 'crime victim' if the government

1

were to establish the truth of the factual allegations in its charging instrument" and finding a contrary result "absurd"); *cf. In re Wild*, 994 F.3d 1244, 1261 (11th Cir. 2021), *cert. denied sub nom. Wild v. United States Dist. Ct. for S. Dist. of Fla.*, 142 S. Ct. 1188, 212 L. Ed. 2d 54 (2022) ("[A]s applied in the context of a preexisting criminal proceeding, the 'crime victim' determination is straightforward: An individual who has been 'directly and proximately harmed' as a result of the *conduct charged* by the government is entitled to CVRA protection and may assert her rights in court accordingly.") (emphasis added). As explained in *Turner*, constraining a court "to presume that there is no person who meets the definition of 'crime victim'" where the charges have not yet been proven is a "syllogism" that would "render[] the CVRA inapplicable to this or any other criminal case unless and until the defendant is proved guilty beyond a reasonable doubt" and "produce[] an absurd result that [the court] must presume Congress did not intend." *See Turner*, 367 F. Supp. 2d at 326.

    The CVRA confers crime victim's rights upon Johnathan Fraser's surviving family because they would be considered "'crime victim[s]' if the government were to establish the truth of the factual allegations in its charging instrument." *See id*. Fraser's death is among the factual allegations set forth in the Third

2

Superseding Indictment that the government will prove at trial.[1]  The government has not found "any case law requir[ing] a 'legal finding' that a victim is deceased, as Defendants contend, in order for the victim's family members to be allowed in a courtroom."  *See* Order at PageID.10315.  This absence of case law makes sense given that crime victim's rights "may be based on allegations rather than proof."  *See Schessel*, 2022 WL 17094777, at *1.[2]

---

[1]  A death certificate – like any other proffer of proof – is merely evidence of those allegations.  But the government is not now, nor at trial, required to prove up its allegations with the Defendants' preferred types of evidence.  *See, e.g.*, *United States v. Anchrum*, No. 306CR00085TMBJDR, 2012 WL 13093409, at *5 (D. Alaska Aug. 14, 2012) ("The Government has the burden of proof and is not required to present particular types of evidence, instead, it is only required to present what is necessary to support its burden."); *Garcia v. United States*, No. 16 CV 859, 2017 WL 1095053, at *7 (N.D. Ill. Mar. 22, 2017) ("The Government has no obligation to put on a defendant's preferred case by presenting a defendant's preferred evidence.").

[2]  Indeed, even at trial, evidence of death does not require a death certificate; a murder may be proven entirely by circumstantial evidence.  *See, e.g.*, *United States v. Free*, 841 F.2d 321, 325 (9th Cir. 1988) ("The elements of . . . murder can be established by circumstantial evidence and inferences drawn from it."); *Valot v. Lattimore*, No. SACV 08-1366SJO(FMO), 2010 WL 759158, at *15 (C.D. Cal. Feb. 25, 2010) ("murder can be proven entirely by circumstantial evidence"); *People v. Scott*, 176 Cal. App. 2d 458, 1 Cal. Rptr. 600 (Cal. Ct. App. 1959) cert. denied, 368 U.S. 849, 82, S.Ct. 81 (1961) (although "no body was produced, no direct evidence of death was introduced and there was no confession, . . . [t]he corpus delicti can be proved by circumstantial evidence"); *Munich v. United States*, 363 F.2d 859, 860 (9th Cir. 1966) (noting that *Scott* "is right in principle"); *Roberts v. Wabash Life Ins. Co.*, 410 N.E.2d 1377, 1383 (Ind. Ct. App. 1980) ("the lengthy disappearance of [the victim], his failure to communicate with friends and family,

To hold otherwise would exclude from the reach of the CVRA entire categories of criminal offenses, including offenses based upon circumstantial evidence, largely leaving those crimes where only the identity of the perpetrator is in dispute.  Take, for example, a sexual assault case where the purported victim identifies the defendant as the perpetrator, the defendant claims no assault or contact occurred, and there is no physical evidence of or independent finding as to the alleged assault.  Does such a case have no victim under the CVRA?  While a defendant certainly has a right at trial to dispute the fact that a crime occurred at all, it cannot be that the CVRA only protects victims where the fact of the crime is conclusively proven *before* trial and only the identity of the perpetrator is in dispute.

The defendants argue that "[a]n indictment is not evidence."  ECF No. 1173 at PageID.10216.  While that is undoubtedly so, allegations in an indictment are sufficient to establish victims' rights under the CVRA.  *See Turner*, 367 F. Supp. 2d at 326; *Schessel*, 2022 WL 17094777 at *1; *Saltsman*, 2007 WL 4232985, at *1; *Nix*, 256 F. Supp. 3d at 277 *Bauldwin*, 2022 WL 4016745, at *2.  Accordingly,

---

and the fruitless search for [the victim] amounted to circumstantial evidence of death").

4

allegations in the Third Superseding Indictment that Fraser is deceased confer upon his family members the right to be allowed in the courtroom.[3]

DATED: December 29, 2023, at Honolulu, Hawaii.

           CLARE E. CONNORS
           United States Attorney
           District of Hawaii

           By /s/ *Mark A. Inciong*
              MICHAEL D. NAMMAR
              MARK A. INCIONG
              W. KEAUPUNI AKINA
              Assistant U.S. Attorneys

---

[3] As the Court noted, the Defendants have made "no effort" to "even conclusorily assert that the family members['] testimony would be altered," much less by clear and convincing evidence as they are required. Order at PageID.10315 n.2. The Court should not entertain any such attempts now.

## CERTIFICATE OF SERVICE

I hereby certify that, on the date noted below, the true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:

| | |
|---|---|
| Lynn Panagakos, Esq. <br> Michael Jerome Kennedy, Esq. | Attorneys for Defendant <br> MICHAEL J. MISKE, JR. |
| Walter J. Rodby, Esq. <br> Caroline Elliot, Esq. | Attorneys for Defendant <br> JOHN B. STANCIL |
| Marcia Morrissey, Esq. <br> Donovan Odo, Esq. | Attorneys for Defendant <br> DELIA FABRO-MISKE |
| William A. Harrison, Esq. | Attorney for Defendant <br> JASON K. YOKOYAMA |

DATED: December 29, 2023, at Honolulu, Hawaii.

/s/ Tiani Kaneakua
U.S. Attorney's Office
District of Hawaii