ORIGINAL

CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

MICHAEL D. NAMMAR
MARK INCIONG CA BAR #163443
W. KEAUPUNI AKINA #11565
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Fax: (808) 541-2958
E-Mail: Michael.Nammar@usdoj.gov
        Mark.Inciong@usdoj.gov
        KeAupuni.Akina@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 2 2024

at____ o'clock and____ min.____M
Lucy H. Carrillo, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DELIA FABRO-MISKE (12),<br><br>Defendant. | ) CR. NO. 19-00099-DKW-KJM-12<br>)<br>) MEMORANDUM OF PLEA<br>) AGREEMENT<br>)<br>) DATE:   January 12, 2024<br>) TIME:    8:00 a.m.<br>) JUDGE:  Hon. Derrick K. Watson<br>)<br>) |

## **MEMORANDUM OF PLEA AGREEMENT**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, DELIA FABRO-MISKE, and her

attorneys, Marcia Morrisey, Esq., and Donovan Odo, Esq., have agreed upon the following:

## THE CHARGES

1.      The defendant acknowledges that she has been charged in the Third Superseding Indictment in Count 1 with violating Title 18, United States Code, Section 1962(d) (racketeering conspiracy) and in Count 20 with violating Title 18, United States, Section 1344(2) (bank fraud).

2.      The defendant has read the charges against her contained in the Third Superseding Indictment, and those charges have been fully explained to her by her attorneys.

3.      The defendant fully understands the nature and elements of the crimes with which she has been charged.

## THE AGREEMENT

4.      The defendant agrees to enter a voluntary plea of guilty to Count 1 of the Third Superseding Indictment, which charges her with conspiring to violate the racketeering laws of the United States, namely, Title 18, United States Code, Section 1962(c).   In return, the government agrees to move to dismiss Count 20 of the Third Superseding Indictment as to the defendant after sentencing.   The

2

government also agrees to be bound by the stipulations set forth in paragraph 10 of this Agreement.

5.      The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.      The defendant enters this plea because she is in fact guilty of conspiring to violate the racketeering laws of the United States, namely, Title 18, United States Code, Section 1962(c) as charged in Count 1, and she agrees that this plea is voluntary and not the result of force or threats.

## **PENALTIES**

7.      The defendant understands that the penalties for the offense to which she is pleading guilty include:

a.      a term of imprisonment of up to 20 years and a fine of up to $250,000, plus a term of supervised release of up to 3 years.

b.      In addition, the Court must impose a $100 special assessment as to each count to which the defendant is pleading guilty.   The defendant agrees to pay $100 for each count to which she is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessment, before the commencement of any portion of sentencing.   The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will

3

allow, though not require, the prosecution to withdraw from this Agreement at its option.

        c.    **Restitution.**   The Court must also award restitution pursuant to Title 18, United States Code, Section 3663A, to the persons and entities victimized by the defendant's commission of the offense charged in Count 1 of the Third Superseding Indictment.   The defendant understands that the Court will determine the amounts of restitution to be ordered, as well as the persons and entities entitled to such restitution, with the assistance of the United States Probation Office.   The defendant agrees to pay restitution for all losses caused by the defendant's conduct, regardless of whether the counts of the Indictment associated with such losses will be dismissed as part of this Agreement.

### FACTUAL STIPULATIONS

        8.    The defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which the defendant is pleading guilty:

        a.    From a precise date unknown, but by at least in or about 2016, and continuing to at least in or about June 2020, DELIA FABRO-MISKE, the defendant, and others known and unknown, were members and associates of the "Miske Enterprise."   Members and associates of the Miske Enterprise operated

4

principally under the direction and protection of Michael J. Miske, Jr., who used

his power over members and associates of the Miske Enterprise, his reputation for

violence in the community, and the various corporate entities under his control to

enrich the members and associates of the Miske Enterprise and to embolden their

criminal activities.

      b.     The Miske Enterprise, including its leadership, membership,

and associates, constituted an "enterprise" as that term is defined in Title 18,

United States Code, Section 1961(4), that is, a group of individuals and entities

associated in fact.   The Miske Enterprise was engaged in, and its activities

affected, interstate and foreign commerce.   The Miske Enterprise operated within

the District of Hawaii and elsewhere and constituted an ongoing organization

whose members and associates functioned as a continuing unit for a common

purpose of achieving the objectives of the Miske Enterprise.

      c.     Beginning at least in or about 2016, FABRO-MISKE and

others known and unknown, being persons employed by and associated with the

Miske Enterprise, willfully and knowingly combined, conspired, confederated, and

agreed to together and with each other to violate the racketeering laws of the

United States, namely, Title 18, United States Code, Section 1962(c), that is, to

conduct and participate, directly and indirectly, in the conduct of the affairs of the

Miske Enterprise through a pattern of racketeering activity, as that term is defined
in Title 18, United States Code, Sections 1961(1) and 1961(5).

        d.     The racketeering activity to which FABRO-MISKE and others
agreed included, among other things:   (a) acts related to bank fraud, (b) acts
related to obstruction of justice, and (c) acts related to wire fraud.

        e.     **Acts Relating to Bank Fraud.**   From April to July of 2017,
FABRO-MISKE and MISKE conspired with each other to commit bank fraud
related to two separate Toyota Tacoma vehicle leases with the Bank of Hawaii.
FABRO-MISKE and MISKE knew that in order for the vehicles to be leased
through a company, Bank of Hawaii, a financial institution, required the
leaseholder to be an owner of the company or a managing member.   FABRO-
MISKE and MISKE devised a scheme whereby they would represent to the Bank
of Hawaii that an individual with the initials M.K.M. was a managing member of
Oahu Termite and Pest Management (Oahu Termite).   In furtherance of the
scheme, FABRO-MISKE filed paperwork with the State of Hawaii, Department of
Commerce and Consumer Affairs (DCCA) in April 2017 indicating that M.K.M
was a managing member of Oahu Termite.   In reality, FABRO-MISKE and
MISKE knew that M.K.M was Miske's personal assistant and was not a manager
at Oahu Termite.   Thereafter, M.K.M submitted loan applications to the Bank of

Hawaii which falsely stated that M.K.M. was a managing member of Oahu Termite.   Bank of Hawaii relied on the false documents FABRO-MISKE filed with the DCCA when evaluating the loan applications for the two vehicles in question.

      f. **Acts Related to Obstruction of Justice.**   By at least 2019, FABRO-MISKE and MISKE became aware that the Environmental Protection Agency (EPA) and the Hawaii Department of Agriculture (HDA) were investigating the fumigation practices of Kamaaina Termite and Pest Control, Inc. (KTPC), a company owned by MISKE.   The Federal Insecticide, Fungicide and Rodenticide Act (FIFRA), Title 7, United States Code, Section 136, regulated certain applications of restricted use pesticides, including the use of the fumigant Vikane. Among other things, FIFRA requires that Vikane be applied consistent with its label.   The Vikane label requires that a certified applicator be on site when Vikane is introduced into a structure.   In Hawaii, the EPA worked hand in hand with the HDA to investigate FIFRA violations.   On March 4, 2020, FABRO-MISKE, at MISKE's direction, sent via email a log to the HDA wherein she listed herself as the certified applicator for over 300 jobs in 2019.   FABRO-MISKE knew the log was false, as she was not the actual applicator for the majority of the jobs on the log and most of the jobs listed were completed by unlicensed applicators.

7

FABRO-MISKE sent the falsified log to the HDA with the intent to influence, obstruct, or impede the EPA and the HDA's investigation.

    g. **Acts Relating to Wire Fraud.** In 2016, FABRO-MISKE began receiving survivor benefits from the Social Security Administration (SSA). These survivor benefits are reduced if a recipient's income exceeds a certain amount (SSA Threshold). In 2017, FABRO-MISKE was the vice-president of KTPC. Even though she was the vice-president of KTPC and was on track to (and did) earn more than the SSA Threshold in 2017, FABRO-MISKE and MISKE devised a scheme that ensured FABRO-MISKE continued to receive full survivor benefits under false pretenses. In furtherance of that scheme, and at the direction of MISKE, FABRO-MISKE sent a text message to KTPC's accountant on February 7, 2017, to lower her hourly rate to $10 an hour, which made her one of the lowest hourly wage earners at KTPC. FABRO-MISKE understood, however, that MISKE would funnel additional income to FABRO-MISKE to make up for the reduction. Consistent with this plan, in 2017 and 2018, FABRO-MISKE received significant additional income that was not reported to the SSA or to the Internal Revenue Service (IRS) that, had it been disclosed, would have reduced FABRO-MISKE's survivor benefits. For example, in 2017, a $17,000 check from the sale of a used vehicle owned by Hawaii Partners, a corporate entity controlled

8

by MISKE, was deposited into FABRO-MISKE's personal account.   FABRO-MISKE, who had no financial interest in that used vehicle, did not report the $17,000 deposit to the SSA or IRS, consistent with her scheme with MISKE to earn more than the SSA Threshold and still receive full survivor benefits. FABRO-MISKE knew that she was obligated to tell the SSA and IRS about her true income, including the $17,000 deposit.   FABRO-MISKE also knew that she was obligated to alert the SSA if she earned more than the SSA Threshold and that she had, as a result of the $17,000 deposit, earned more than the SSA Threshold in 2017.   Had FABRO-MISKE disclosed the additional $17,000 in income to the SSA, her survivor benefits would have been reduced.   Based on this fraudulent conduct, FABRO-MISKE continued to receive full survivor benefits from the SSA on a monthly basis via direct deposit into her bank account in Hawaii.   These direct deposits were made via interstate wire communications.

9.     Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

9

## SENTENCING STIPULATIONS

10.     Pursuant to CrimLR 32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

a.     As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit her involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility.   If all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate.   *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

11.     The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.   The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12.     The parties represent that as of the date of this agreement there are no material facts in dispute.

## APPEAL/COLLATERAL REVIEW

13.     The defendant is aware that he has the right to appeal her convictions and the sentence imposed.   The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, her convictions and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution order imposed, or the manner in which the sentence or restitution order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement.   The defendant understands that this waiver includes the right to assert any and all legally waivable claims.

a.     The defendant also waives the right to challenge her convictions or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

11

b.      If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of her sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of her sentence in a collateral attack.

c.      The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## **FINANCIAL DISCLOSURE**

14.     In connection with the collection of restitution or other financial obligations that may be imposed upon her, the defendant agrees as follows:

a.      The defendant agrees to fully disclose all assets in which she has any interest or over which she exercises control, directly or indirectly, including any assets held by a spouse, nominee, or third party.   The defendant understands that the United States Probation Office (USPO) will conduct a presentence investigation that will require the defendant to complete a comprehensive financial statement.   To avoid the requirement of the defendant completing financial statements for both the USPO and the government, the defendant agrees to truthfully complete a financial statement provided to the

12

defendant by the United States Attorney's Office.   The defendant agrees to
complete the disclosure statement and provide it to the USPO within the time
frame required by the United States Probation officer assigned to the defendant's
case.   The defendant understands that the USPO will in turn provide a copy of the
completed financial statement to the United States Attorney's Office.   The
defendant agrees to provide written updates to both the USPO and the United
States Attorney's Office regarding any material changes in circumstances, which
occur prior to sentencing, within seven days of the event giving rise to the changed
circumstances.   The defendant's failure to timely and accurately complete and
sign the financial statement, and any written update thereto, may, in addition to any
other penalty or remedy, constitute the defendant's failure to accept responsibility
under U.S.S.G § 3E1.1.

      b.    The defendant expressly authorizes the United States
Attorney's Office to obtain her credit report.   The defendant agrees to provide
waivers, consents, or releases requested by the United States Attorney's Office to
access records to verify the financial information, such releases to be valid for a
period extending 90 days after the date of sentencing.   The defendant also
authorizes the United States Attorney's Office to inspect and copy all financial
documents and information held by the USPO.

13

c.      Prior to sentencing, the defendant agrees to notify the Financial

Litigation Unit of the U.S. Attorney's Office before making any transfer of an

interest in property with a value exceeding $1,000 owned directly or indirectly,

individually or jointly, by the defendant, including any interest held or owned

under any name, including trusts, partnerships, and corporations.

## IMPOSITION OF SENTENCE

15.     The defendant understands that the District Court in imposing

sentence will consider the provisions of the Sentencing Guidelines.   The defendant

agrees that there is no promise or guarantee of the applicability or non-applicability

of any Guideline or any portion thereof, notwithstanding any representations or

predictions from any source.

16.     The defendant understands that this Agreement will not be accepted or

rejected by the Court until there has been an opportunity by the Court to consider a

presentence report, unless the Court decides that a presentence report is

unnecessary.   The defendant understands that the Court will not accept an

agreement unless the Court determines that the remaining charge adequately

reflects the seriousness of the actual offense behavior and accepting the Agreement

will not undermine the statutory purposes of sentencing.

14

## WAIVER OF TRIAL RIGHTS

17.    The defendant understands that by pleading guilty she surrenders certain rights, including the following:

a.    If the defendant persisted in a plea of not guilty to the charges against her, then she would have the right to a public and speedy trial.   The trial could be either a jury trial or a trial by a judge sitting without a jury.   The defendant has a right to a jury trial.   However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

b.    If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.   The defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.   The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.   The jury would be instructed that the defendant is presumed innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

c.     If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

d.     At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant.   The defendant would be able to confront those prosecution witnesses and her attorney would be able to cross-examine them.   In turn, the defendant could present witnesses and other evidence on her own behalf.   If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

e.     At a trial, the defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.

18.   The defendant understands that by pleading guilty, she is waiving all of the rights set forth in the preceding paragraph.   The defendant's attorneys have explained those rights to her, and the consequences of the waiver of those rights.

## USE OF PLEA STATEMENTS

19.   If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes

16

a motion before the Court to withdraw her guilty plea and the Court grants that

motion, the defendant agrees that any admission of guilt that she makes by signing

this Agreement or that she makes while pleading guilty as set forth in this

Agreement may be used against her in a subsequent trial if the defendant later

proceeds to trial.   The defendant voluntarily, knowingly, and intelligently waives

any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure

and Rule 410 of the Federal Rules of Evidence regarding the use of statements

made in this Agreement or during the course of pleading guilty when the guilty

plea is later withdrawn.   The _only_ exception to this paragraph is where the

defendant fully complies with this Agreement but the Court nonetheless rejects it.

Under those circumstances, the United States may not use those statements of the

defendant for any purpose.

  20. The defendant understands that the prosecution will apprise the Court

and the United States Probation Office of the nature, scope, and extent of the

defendant's conduct regarding the charges against her, related matters, and any

matters in aggravation or mitigation relevant to the issues involved in sentencing.

## COOPERATION

  21. The defendant agrees that she will fully cooperate with the United

States.

a.   The defendant agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests her to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving co-defendants and others charged later in the investigation, sentencing hearings, and related civil proceedings.

b.   The defendant agrees to be available to speak with law enforcement officials and representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, but she understands she may have her counsel present at those conversations, if she so desires.

c.   The defendant agrees she will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes charged in the Third Superseding Indictment or any subsequent charges related to this investigation, at which the prosecution requests her to testify.

d.   The defendant agrees that her sentencing date may be delayed based on the government's need for the defendant's continued cooperation and agrees not to object to any continuances of the defendant's sentencing date sought by the United States.

18

e.     Pursuant to Section 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under Section 1B1.8(b) of the Sentencing Guidelines.

22.    In the event that the defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after the defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case-in-chief in the trial of the defendant in this matter.   The defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

23.    Pursuant to Guidelines § 5K1.1 and Rule 35(b) of the Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense.   The defendant understands that:

19

      a.      The decision as to whether to make such a request or motion is entirely up to the prosecution.

      b.      This Agreement does not require the prosecution to make such a request or motion.

      c.      This Agreement confers neither any right upon the defendant to have the prosecution make such a request or motion, nor any remedy to the defendant in the event the prosecution fails to make such a request or motion.

      d.      Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines.

24      The defendant and her attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty.   Apart from any written proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements, or conditions between the parties.

25.      To become effective, this Agreement must be signed by all signatories listed below.

//

//

//

//

//

26.    Should the Court refuse to accept this Agreement, it is null and void

and neither party shall be bound thereto.

AGREED:

CLARE E. CONNORS
United States Attorney
District of Hawaii

_____     Dated: January 11, 2024
KENNETH M. SORENSON
Chief, Criminal Division

_____     Dated: January 11, 2024

MICHAEL D. NAMMAR
MARK A. INCIONG
W. KEAUPUNI AKINA
Assistant U.S. Attorneys

_____     Dated: January 12, 2024
DELIA FABRO-MISKE
Defendant

_____     Dated: January 12, 2024
MARCIA MORRISEY
DONOVAN ODO
Attorneys for Defendant

21