IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. MISKE, JR.,        (1)<br><br>Defendant. | Case No. 19-cr-00099-DKW-KJM<br><br>**THIRD ORDER ON MOTIONS IN LIMINE** |

On January 18-19, 2024, the Court held a two-day hearing on the admissibility of statements under Federal Rule of Evidence 801(d)(2)(E).[1]  Having considered the government's factual proffer concerning certain of the potential statements, the parties' oral arguments, and relevant case law, the Court DEFERS ruling further on Defendant Michael Miske's motion to exclude coconspirator statements and hold pre-trial hearing, Dkt. No. 1035, until an appropriate time at trial following objection, if any, to specific proffered statements.   As Defendant's counsel acknowledged during oral argument, the inquiry under Rule 801(d)(2)(E) is a fact-intensive one dependent on the evidence adduced at trial.   While the two-

---

[1] The Court did so after granting in part Defendant Michael Miske's motion to exclude coconspirator statements and hold pre-trial hearing, Dkt. No. 1035.  *See* Dkt. No. 1192 at 10-11.

day hearing afforded the government a measure of time to present some of those facts, all can agree that it was certainly not sufficient in and of itself for the Court to make the determinations necessary under Rule 801.² Therefore, the motion, Dkt. No. 1035, is DEFERRED as set forth herein.

IT IS SO ORDERED.

Dated: January 22, 2024 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

<u>United States of America v. Michael J. Miske, Jr.</u>, Civil No. 19-00099 DKW-KJM;
**THIRD ORDER ON MOTIONS IN LIMINE**

---

²Specifically, the determinations whether the alleged conspiracy existed, whether any statement was made by a co-conspirator, and whether any statement was made in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E).