CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

MICHAEL NAMMAR
MARK A. INCIONG
W. KEAUPUNI AKINA #11565
AISLINN AFFINITO
Assistant U.S. Attorneys
300 Ala Moana Blvd., Room 6-100
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail:  Michael.Nammar@usdoj.gov
         Mark.Inciong@usdoj.gov
         KeAupuni.Akina@usdoj.gov
         Aislinn.Affinito@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 19-00099 DKW-KJM-01 |
| | ) | |
| Plaintiff, | ) | PARTIES' JOINT PROPOSED |
| | ) | FORFEITURE JURY |
| vs. | ) | INSTRUCTIONS |
| | ) | |
| MICHAEL J. MISKE, JR,   (01) | ) | |
| aka "Bro," | ) | TRIAL DATE:  January 8, 2024 |
| | ) | JUDGE:  Hon. Derrick K. Watson |
| | ) | |
| Defendant. | ) | |
| | ) | |

PARTIES' JOINT PROPOSED FORFEITURE JURY INSTRUCTIONS

1

The United States of America and Defendant Michael J. Miske, Jr., by and through undersigned counsel, hereby submit these Proposed Forfeiture Jury Instructions for use, as necessary, in the forfeiture phase of trial, should defendant Michael J. Miske, Jr. be found guilty of Count 1 of the Third Superseding Indictment, and party request that the jury be retained, pursuant to Fed. R. Crim. P. 32.2(b)(5)(A), to determine the forfeitability of the specific property identified in the Bill of Particulars for Forfeiture of Property[1] (ECF No. 1182).

//

//

//

//

//

//

//

---

[1] As there is no right to jury determination of a forfeiture money judgment, the proposed jury instructions only relate to the specific property that the government seeks to forfeit. Where a money judgment is requested, the Court, not the jury, determines the amount of that money judgment. *See United States v. Phillips*, 704 F.3d 754, 769-71 (9th Cir. 2012); *see also* Fed. R. Crim. P. 32.2(b)(5) ("the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict") (emphasis added); Fed. R. Crim. P. 32.2(b)(1)(A) ("If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.").

The parties respectfully request permission to withdraw any of the aforementioned and attached instructions, to modify them, or to offer such additional instructions as may, during the course of the trial, become appropriate.

Dated:  June 2, 2024, at Honolulu, Hawaii.

                Respectfully submitted,

                CLARE E. CONNORS
                United States Attorney
                District of Hawaii

                By    */s/ Mark A. Inciong*
                          MICHAEL D. NAMMAR
                          MARK A. INCIONG
                          W. KEAUPUNI AKINA
                          AISLINN AFFINITO
                          Assistant U.S. Attorneys

                By    */s/ Michael J. Kennedy*
                          MICHAEL J. KENNEDY
                          LYNN E. PANAGAKOS
                          Counsel for Defendant
                          MICHAEL J. MISKE, JR.

PROPOSED FORFEITURE JURY INSTRUCTION NO. 1
(Criminal Forfeiture Phase of Trial)

*[To be read to the jury immediately after its return of a verdict of guilty on Count 1 of the Third Superseding Indictment, and prior to the commencement of the forfeiture phase of trial.]*

Members of the jury, your verdict in this case doesn't complete your jury service as it would in most cases, because there is another matter you must now consider.

In a portion of the Third Superseding Indictment not previously discussed or disclosed to you, and in the Bill of Particulars, it is alleged that certain property is forfeitable to the United States due to its nexus to the Racketeering Conspiracy in Count 1 of which the defendant was convicted.

To "forfeit" a thing is to be divested or deprived of the ownership of it as a part of the punishment allowed by law for certain criminal offenses.

Here, the United States seeks to forfeit:

(1) The real property located at 6 Lumahai Street, Portlock, Honolulu, Hawaii, and any rental income derived therefrom;

(2) The real property located at 614 Paokano Loop, Kailua, Hawaii;

(3) $611,123.60 constituting proceeds of the sale of the real property located at 559 Kumukahi Place, Hawaii Kai, Honolulu, Hawaii;

(4) The "Painkiller", a 2014 37.5-foot Boston Whaler Pleasure Craft, held in the name of Hawaii Partners LLC;

(5) Hawaii Longline Limited Entry Permit issued to the fishing vessel "Rachel," held in the name of Kama'aina Holdings LLC;

(6) $676,785.56 constituting proceeds of the sale of the "Rachel", a Tuna Longliner Fishing Vessel, registered to Kama'aina Holdings LLC;

(7) A 2017 Ferrari F12 Berlinetta, held in the name of Hawaii Partners LLC;

(8) $81,656.56 in funds seized from a Hawaii Central Federal Credit Union account ending in 075, held in the name of Michael J. Miske;

(9) $300,372.85 in funds seized from a Bank of Hawaii account ending in 415, held in the name of Kama'aina Termite and Pest Control, Inc.;

(10) $1,063,427.35 in funds seized from a Bank of Hawaii account ending in 602, held in the name of Kama'aina Termite and Pest Control, Inc.;

(11) $206,725.80 in funds seized from a Bank of Hawaii account ending in 414, held in the name of Oahu Termite and Pest Management LLC, dba Oahu Termite and Pest Control LLC;

(12) $170,105.72 in funds seized from a Bank of Hawaii account ending in 218, held in the name of Oahu Termite and Pest Management LLC, dba Oahu Termite and Pest Control LLC;

(13) $22,710.48 in funds seized from a Bank of Hawaii account ending in 220, held in the name of Kama'aina Plumbing and Renovations LLC;

(14) Bank of Hawaii Cashier's Check No. 429111 in the amount of $1,162,826.76 payable to Kama'aina Termite and Pest Control;

(15) The following vehicles seized from defendant Michael J. Miske, Jr.'s residence on or about July 15, 2020;

    a. 1951 Volkswagen, VIN 10234188, Hawaii License Plate: SYB865, Registered Owner:  Hawaii Partners LLC;

    b. 1956 Volkswagen, VIN 109382821, Hawaii License Plate: 56VDUB, Registered Owner:  Hawaii Partners LLC;

    c. 1957 Volkswagen, VIN:  1529889, Hawaii License Plate: BBYGRL, Registered Owner:  Hawaii Partners LLC;

    d. 1961 Volkswagen Van, VIN:  685167, Hawaii License Plate:  SYB762, Registered Owner:  Hawaii Partners LLC;

    e. 1970 Ford Bronco, VIN: U15GLG85573, Hawaii License Plate:  TTY105, Registered Owner:  Hawaii Partners LLC;

(16) The following artwork seized from Michael J. Miske, Jr.'s residence on or about July 15, 2020:

    a. Painting entitled "Ludavico & Ludovio" by RETNA;

    b. Painting entitled "Watermark" by RETNA;

    c. Painting entitled "Forever Young" by RETNA;

    d. Painting entitled "Sangre Oscura" by RETNA;

    e. Painting entitled "Graffiti Does It" by OG Slick;

    f. Sculpture entitled "Slick Skull" by OG Slick;

    g. Sculpture entitled "Uzi Does It" by OG Slick;

    h. Painting entitled "Speaking in Tongues" by Alex "DEFER" Kizu;

      i. Painting entitled "Spiritual Language" by Alex "DEFER" Kizu; and

      j. Painting with unknown title by David Flores.

The above property that the United States is seeking to forfeit will be listed for you on a Special Verdict Form that I will give you before you retire to consider your verdict.

As to the property for which the United States seeks forfeiture, you must determine whether the Government has established the requisite nexus between the property and the Racketeering Conspiracy in Count 1 of which the defendant was convicted. In other words, you must determine whether that property is connected to the underlying crime in the way that the statute provides.

In deciding these forfeiture issues you should consider all of the evidence you have already heard during the trial plus the additional evidence, if any, presented to you after these instructions.

AUTHORITY:
Fed. R. Crim. P. 32.2(b)(1)(A);  ("As soon as practical after a verdict or finding of guilty … on any count in an indictment . . . regarding which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense…."); Fed. R. Crim. P. 32.2(b)(1)(B) ("The court's [or jury's] [forfeiture] determination may be based on evidence already in the record … and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."); Fed. R. Crim. P. 32.2(b)(5)(A); 18 U.S.C. § 1963.

PROPOSED FORFEITURE JURY INSTRUCTION NO. 2
(Scope of Jury's Consideration During Forfeiture Phase)

[Parties disagree]

PROPOSED FORFEITURE JURY INSTRUCTION NO. 3
(Forfeiture: Burden of Proof)

[Parties disagree]

PROPOSED FORFEITURE JURY INSTRUCTION NO. 4
(Property Subject to Forfeiture for RICO Conviction)

[Parties disagree]

<u>PROPOSED FORFEITURE JURY INSTRUCTION NO. 5</u>
(Property Acquired or Maintained in Violation of RICO)

Property is "acquired" in violation of Section 1962 if the defendant came to own it as a result of the conduct of which he has been found guilty in Count 1, or if he paid for the property using proceeds of the illegal conduct. Property is "maintained" in violation of Section 1962 if the Defendant kept it by committing the criminal acts of which he has been found guilty in Count 1 or if he used proceeds of the illegal acts to keep it.

In this context, the term, "proceeds," means any property that a defendant would not have received "but for" the crime of conviction.

AUTHORITY:
18 U.S.C. § 1963(a)(1); *United States v. Washington*, 797 F.2d 1461, 1477 (9th Cir. 1986); *United States v. Bokhari*, 185 F. Supp. 3d 254, 275 (D. Mass. 2016), *aff'd in part, modified in part*, No. 14-30044-MGM, 2016 WL 3746492 (D. Mass. July 8, 2016).

8

PROPOSED FORFEITURE JURY INSTRUCTION NO. 6
(Property Affording an Interest In or Source of Influence Over the Enterprise)

Property is an "interest" in an enterprise if it is property which carries with it a right of ownership in the enterprise.

Property affords a "source of influence" over the enterprise if it was used by the defendant to promote or further the affairs of the enterprise.

The government's right to forfeiture includes the defendant's entire interest in the enterprise, even though some part of the enterprise may not be tainted by racketeering activity.

AUTHORITY:
18 U.S.C. § 1963(a)(2); *United States v. Busher*, 817 F.2d 1409, 1413 (9th Cir. 1987) ("Forfeiture is not limited to those assets of a RICO enterprise that are tainted by use in connection with racketeering activity, but rather extends to the convicted person's entire interest in the enterprise."); *United States v. Segal*, 495 F.3d 826, 838-39 (7th Cir. 2007) (defendant's entire interest in enterprise is forfeitable under § 1963(a)(2), not just tainted portion); *United States v. Zielie*, 734 F.2d 1447, 1459 (11th Cir. 1984) ("Properties that are owned by a RICO participant and used by him to further the affairs of a RICO enterprise afford the owner/participant a source of influence over the enterprise and are thus subject to forfeiture under 18 U.S.C. § 1963(a)(2).").

<u>PROPOSED FORFEITURE JURY INSTRUCTION NO. 7</u>
(Special Verdict Form)

It is your duty to determine what property, if any, is connected to the Defendant's conviction of Count 1 in one or more ways that make the property forfeitable. While deliberating, you may consider any evidence, including testimony, offered by the parties at any time during this trial.

A Special Verdict Form for Forfeiture has been prepared for you to record your forfeiture verdicts.  The special verdict requires you to answer a certain question about the relationship between the property and the violations of which you have found the Defendant guilty.

Where indicated in the forms, you may record your verdict by putting an "X" or check mark in the space provided next to the word "YES" or "NO."  The foreperson must then sign and date the form.

You must reach a unanimous verdict as to each question on the special verdict forms.  Everyone must agree to any "YES" or "NO" answer.

//

//

//

//

//

You will take the Special Verdict Form for Forfeiture to the jury room and when you have reached unanimous agreement as to each property, the foreperson will fill in the form, and sign and date the Special Verdict Form for Forfeiture.

AUTHORITY:
Fed. R. Crim. P. 32.2(b)(5)(B) (when the jury determines forfeiture, the government must submit a Special Verdict Form for that purpose).