# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       vs.<br><br>MICHAEL J. MISKE, JR.,<br><br>            Defendant. | CR 19-00099-DKW-KJM-1<br><br><br>**COURT PROPOSED JURY INSTRUCTIONS – DRAFT 2** |

# PARTIAL INDEX

|  | Page |
|---|---|
| Count One | 29 |
| Types of Racketeering Activity Alleged in Count One | 35 |
|     First Type – Murder | 37 |
|     Second Type – Kidnapping | 43 |
|     Third Type – Robbery | 49 |
|     Fourth Type – Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire | 56 |
|     Fifth Type – Use of a Chemical Weapon | 58 |
|     Sixth Type – Travelling in or Using Interstate Commerce Facilities in Aid of Unlawful Activity | 61 |
|     Seventh Type – Hobbs Act Robbery or Extortion | 65 |
|     Eighth Type – Trafficking in Controlled Substances | 68 |
|     Ninth Type – Wire Fraud | 73 |
|     Tenth Type – Bank Fraud | 75 |
|     Eleventh Type – Identity Theft | 79 |
|     Twelfth Type – Structuring of Financial Transactions | 88 |
|     Thirteenth Type – Obstruction of Justice | 90 |
|     Fourteenth Type – Tampering With a Witness, Victim, or Informant | 91 |
| Count Two | 100 |
| Count Three | 105 |
| Count Four | 107 |
| Count Five | 110 |
| Count Six | 113 |
| Count Seven | 116 |
| Count Ten | 118 |
| Count Eleven | 124 |
| Count Twelve | 127 |
| Count Thirteen | 129 |
| Count Fourteen | 132 |
| Count Fifteen | 135 |
| Count Twenty | 138 |
| Count Twenty-One | 142 |
| Count Twenty-Two | 146 |

## INSTRUCTION NO. 1

Members of the jury, you have now heard all of the evidence in the case and will soon hear the final arguments of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It has been my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration.  It is now my duty to instruct you on the law applicable to the case.

**INSTRUCTION NO. 2**

You, as jurors, are judges of the facts.  But in determining what happened in this case – that is, in reaching your decision as to the facts – it is your sworn duty to follow the law I am defining for you.

You must follow all of my instructions as a whole.  You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I state to you.  That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

It is your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

## INSTRUCTION NO. 3

This is a criminal case brought by the United States government.  The charges against the defendant, Michael J. Miske, Jr. ("Defendant"), are contained in the Third Superseding Indictment ("Indictment").  The Indictment simply describes the charges the government brings against the Defendant.  The Indictment is not evidence and does not prove anything.

The Defendant has pled not guilty to the charges.

# INSTRUCTION NO. 4

The Defendant is presumed to be innocent and does not have to testify or present any evidence to prove his innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.  If it fails to do so, you must return a not guilty verdict.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the Defendant is guilty.

If after careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant not guilty.  On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant guilty.

## INSTRUCTION NO. 5

As stated earlier, it is your duty to determine the facts, and in doing so, you must consider only the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses, the exhibits admitted in the record, and any facts to which the parties agree.

Remember that any statements, questions, objections, or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in doing so, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

## INSTRUCTION NO. 6

Rules of evidence control what can be received into evidence. During the course of trial, when a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected. If I overruled an objection, the question was answered or the exhibit received. If I sustained an objection, the question was not answered or the exhibit was not received.

Whenever I sustained an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection. You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

## INSTRUCTION NO. 7

During the course of the trial I may have occasionally made comments to the lawyers, or asked questions of a witness, or admonished a witness concerning the manner in which he or she should respond to the questions of counsel.  Do not assume from anything I said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I said during the trial in arriving at your own findings as to the facts.

**INSTRUCTION NO. 8**

In this case, the parties have agreed, or stipulated, as to certain facts.  This means that they agree that these facts are true.  You should therefore treat these facts as having been conclusively proved.

**INSTRUCTION NO. 9**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as the testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

You are to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give any evidence.

In addition, you are permitted to draw such reasonable inferences from the evidence as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the evidence in the case.

## INSTRUCTION NO. 10

Now, I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  In evaluating the testimony of a witness, you may consider: (1) the opportunity and ability of the witness to see or hear or know the things testified to; (2) the witness' memory; (3) the witness' manner while testifying; (4) the witness' interest in the outcome of the case, if any; (5) the witness' bias or prejudice, if any; (6) whether other evidence contradicted the witness' testimony; (7) the reasonableness of the witness' testimony in light of all the evidence; and (8) any other factors that bear on believability.  You may accept or reject the testimony of any witness in whole or in part.  That is, you may believe everything a witness says, or part of it, or none of it.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## INSTRUCTION NO. 11

[The Defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.]

[A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the Defendant did not testify.]

## INSTRUCTION NO. 12

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify and state his or her opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.  If you decide that the opinion of an expert witness is not based upon sufficient education and/or experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you conclude that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

## INSTRUCTION NO. 13

You have heard testimony from [specify witness(es)]individuals who testified to facts and offered opinions and the reasons for those opinions.  Each type of testimony from each witness is permitted and should be evaluated and weighed like that of any other fact or expert witness.

When a witness provides opinion testimony based on knowledge, skill, experience, training, or education, that person might rely on facts that are not based on his or her personal observations or involvement, but that opinion cannot serve as proof of the underlying facts.  Also, the fact that a witness is allowed to express opinions based on that person's specialized knowledge, skill, experience, training, or education should not cause you to give that witness undue deference for any aspect of that person's testimony or otherwise influence your assessment of the credibility of that witness.

## INSTRUCTION NO. 14

A witness may be discredited or impeached by contradictory evidence including that: (1) the witness testified falsely concerning a material matter; (2) at some other time, the witness said or did something that is inconsistent with the witness' present testimony; or (3) at some other time, the witness failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been impeached, then it is for you alone to decide how much credibility or weight, if any, to give to the testimony of that witness.

14

## INSTRUCTION NO. 15

[A witness may also be discredited or impeached by evidence that the general reputation of the witness for truth and veracity is bad in the community where the witness now resides or has recently resided.

If you believe that any witness has been so impeached, then it is for you alone to decide how much credibility or weight, if any, to give to the testimony of that witness.].

**INSTRUCTION NO. 16**

The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness.  The fact of such a conviction does not necessarily destroy the witness' credibility, but is one of the circumstances you may take into account in determining the weight to give to the testimony.

## INSTRUCTION NO. 17

You have heard testimony from witnesses who have pleaded guilty to a crime arising out of the same events for which the Defendant is on trial. The guilty plea is not evidence against the Defendant, and you may consider it only in determining the witness' believability. In addition, you have heard testimony from witnesses who have admitted to being an accomplice to certain crimes charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime. You have also heard testimony from witnesses who received benefits, [compensation,] or favored treatment from the government in connection with the case. You should consider these witnesses' testimony with greater caution than that of other witnesses.

## INSTRUCTION NO. 18

You have heard testimony that the Defendant made a statement.  It is for you to decide (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the Defendant may have made it.

## INSTRUCTION NO. 19

The testimony of a law enforcement officer should be weighed and considered, and credibility determined, in the same way as that of any other witness.  A law enforcement officer's testimony is not entitled to any greater weight, nor should you consider it more credible, than any other witness' testimony simply because it is given by a law enforcement officer.

**INSTRUCTION NO. 20**

[During the trial, certain charts and summaries have been admitted into evidence.  Also, other charts and summaries were shown to you to help explain the evidence in the case.  These charts and summaries, but were not admitted into evidence and will not go into the jury room with you.  For all charts and summaries, they are only as good as the underlying supporting material.  They are not themselves evidence or proof of any facts.  If they doTherefore, if any chart or summary does not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summariesthat chart or summary and determine the facts from the underlying evidence.].

## INSTRUCTION NO. 21

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

### ~~INSTRUCTION NO. 22~~

[If you find that the government intentionally destroyed or failed to preserve [describe evidence] that the government knew or should have known would be evidence in this case, you may infer, but are not required to infer, that this evidence was unfavorable to the government.]

**INSTRUCTION NO. ~~23~~22**

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the Defendant committed the crime.  The Defendant must be a participant and not merely a knowing spectator.  The Defendant's presence may be considered by the jury along with other evidence in the case.

23

**INSTRUCTION NO. ~~24~~23**

Some of you took notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

**INSTRUCTION NO. 25 24**

A separate crime or offense is charged in each count of the Indictment.  Each charge and the evidence pertaining to it should be considered separately.  The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to any other offense charged.

I caution you, members of the jury, that you are here to determine whether the Defendant is guilty or not guilty from the evidence in this case.  The Defendant is not on trial for any act or conduct or offense not alleged in the Indictment.  Nor are you called upon to return a verdict as to guilt of any other person or persons not on trial as a defendant in this case.

Also, the punishment provided by law for the offenses charged in the Indictment is a matter exclusively within the province of the judge, and should never be considered by the jury in any way in arriving at an impartial verdict.

**INSTRUCTION NO. 2625**

You will note that the Indictment charges that the offenses were committed "on or about" certain dates.  The evidence need not establish with certainty the exact date of an alleged offense.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the date alleged.

**INSTRUCTION NO. 2726**

Now, I will provide instructions related to the specific counts in the

Indictment.  Count One of the Indictment charges the Defendant, Michael J.

Miske, Jr., with Racketeering Conspiracy.  Before explaining each of the elements

for that charge in detail, I will provide some general instructions on conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or

more persons to commit one or more crimes.  The crime of conspiracy is the

agreement to do something unlawful; it does not matter whether the crime agreed

upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators

made a formal agreement or that they agreed on every detail of the conspiracy.  It

is not enough, however, that the conspirators simply met, discussed matters of

common interest, acted in similar ways, or perhaps helped one another.  You must

find that there was a plan to commit the alleged crime as an object or purpose of

the charged conspiracy with all of you agreeing as to the particular crime which the

conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the

unlawful plan with the intent to advance or further some object or purpose of the

conspiracy, even though the person may not have full knowledge of all the details

of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is

27

as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even if the Defendant did not directly conspire with other conspirators in the overall scheme, the Defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

First, the Defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

Second, the Defendant knew or had reason to know that other conspirators were involved with those with whom the Defendant directly conspired; and

Third, the Defendant had reason to believe that whatever benefits the Defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

**INSTRUCTION NO. ~~28~~27**

As stated, Count One of the Indictment charges the Defendant, Michael J. Miske, Jr., with Racketeering Conspiracy; that is, by at least in or about the late 1990s up to and including in or about June 2020, the Defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States; namely, Section 1962(d) of Title 18 of the United States Code.  For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1. That two or more persons agreed to conduct or participate, directly or indirectly, in the affairs of an enterprise through a pattern of racketeering activity;

2. That the Defendant knowingly and willfully joined in the conspiracy, knowing of and intending to further or facilitate its purpose; and

3. That the enterprise or its activities would affect interstate or foreign commerce.

As used in this ~~Instruction~~instruction, the word "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.

## ~~INSTRUCTION NO. 29~~

## INSTRUCTION NO. 28

For purposes of Count One, a person ~~"~~agrees to conduct or participate~~,"~~, directly or indirectly, in the affairs of an enterprise ~~through a pattern of racketeering activity~~ if that person agrees to knowingly further or facilitate the operation or management of the enterprise.

As used in this ~~Instruction~~instruction, the word "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.

31

## INSTRUCTION NO. 29

## INSTRUCTION NO. 30

For purposes of Count One, an "enterprise" is a group of people who have or would have associated together for a common purpose of engaging in a course of conduct over a period of time.  This group of people must also have an ongoing organization, either formal or informal.  The personnel of the enterprise, however, may change and need not be associated with the enterprise for the entire period alleged in the Indictment.  This group of people does not have to be a legally recognized entity, such as a partnership or corporation, and need not have a name, regular meetings, or established rules.  This group may be organized for either a lawful or unlawful purpose.

Therefore, the government must prove beyond a reasonable doubt that this was or would have been a group of people with (1) associated for a common purpose of engaging in a course of conduct, (2) thatrelationships among those associated with the association of these people was or would have been an ongoing formal or informal organizationenterprise, and (3) longevity sufficient to permit these associates to pursue the group was or would have engaged in or had an effect upon interstate or foreign commerceenterprise's purpose.  The government need not prove that the enterprise had any particular organizational structure or that the enterprise existed.

32

**INSTRUCTION NO. ~~31~~30**

For purposes of Count One, interstate commerce includes the movement of goods, services, money, and individuals between states.  These goods can be legal or illegal.  Only a minimal effect on commerce is or would have been required and the effect need only have been probable or potential, not actual.  It is not necessary to prove that the Defendant's own acts would have affected interstate commerce as long as the enterprise's acts would have had such effect.

## INSTRUCTION NO. 3231

For purposes of Count One, to establish a "pattern of racketeering activity," the government must prove each of the following beyond a reasonable doubt:

1. The Defendant agreed that one or more members of the conspiracy would commit at least two acts of racketeering within a period of ten years of each other;

2. The acts of racketeering were related to each other, meaning that there was a relationship between or among the acts of racketeering; and

3. The acts of racketeering amounted to or posed a threat of continued criminal activity.

The types of racketeering acts alleged in Count One include murder, kidnapping, robbery, use of interstate commerce facilities in the commission of murder-for-hire, using a chemical weapon, traveling in or using interstate commerce facilities in aid of unlawful activity, Hobbs Act robbery or extortion, trafficking in controlled substances, wire fraud, bank fraud, identity theft, structuring of financial transactions, obstruction of justice, and tampering with a witness, victim, or informant. Later in these instructions, I will instruct you on each of these types of racketeering activity.

With respect to the first element, your verdict must be unanimous as to which type or types of racketeering activity the Defendant agreed would be

committed~~; including, without limitation, murder, kidnapping, robbery, dealing in a controlled substance, using a chemical weapon, financial institution fraud, or obstruction of justice, or any combination thereof.  Later in these instructions, I will instruct you on each of the types of racketeering activity alleged in Count One.~~.  The pattern of racketeering activity may be of the same type, for example, at least two acts of wire fraud; or, the pattern of racketeering activity may be at least one of one type, for example, kidnapping, and at least one of another type, for example, robbery.  The agreement to commit two racketeering acts is not necessarily enough to establish a pattern of racketeering.

With respect to the second element, acts of racketeering are related if they embraced the same or similar purposes, results, participants, victims, or methods of commission, or were otherwise interrelated by distinguishing characteristics.  Sporadic, widely separated, or isolated criminal acts do not form a pattern of racketeering activity.  ~~The agreement to commit two racketeering acts is not necessarily enough to establish a pattern of racketeering activity.~~

With respect to the third element, acts of racketeering amount to or pose a threat of continued criminal activity if, for example, they are ongoing over a substantial period of time, or had the potential to continue over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.

36

The government need not prove that any acts of racketeering were actually committed or that the Defendant committed or agreed to personally commit any act of racketeering.

## INSTRUCTION NO. ~~33~~32

~~As stated,~~ I will now instruct you on each of the types of racketeering

activity alleged in Count One of the Indictment.  These types of racketeering

activity include:

(1)     murder, in violation of Hawaiʻi state law;

(2)     kidnapping, in violation of Hawaiʻi state law;

~~(3)     arson, in violation of Hawaiʻi state law;~~

~~(4)~~(3) robbery, in violation of Hawaiʻi state law;

~~(5)~~(4) use of interstate commerce facilities in the commission of murder-for-

          hire, in violation of federal law;

~~(6)~~(5) use of a chemical weapon, in violation of federal law;

~~(7)     extortionate credit transactions, in violation of federal law;~~

~~(8)~~(6) ~~interstate transport~~ traveling in or ~~use of~~using interstate commerce

          facilities in ~~relation to racketeering~~aid of unlawful activity, in

          violation of federal law;

~~(9)~~(7) robbery ~~and~~or extortion, in violation of federal law;

~~(10)~~(8)        trafficking in controlled substances, in violation of federal law;

~~(11)~~(9)        wire fraud, in violation of federal law;

~~(12)~~(10)        identity theft, in violation of federal law;

~~(13)~~(11)        financial institution fraud, in violation of federal law;

(14) structuring of financial transactions, in violation of federal law;

(12)

(15)(13)    obstruction of justice, in violation of federal law; and

(16)(14)    tampering with a witness, victim, or informant, in violation of

federal law.

I will now instruct you on the elements of each of these types of racketeering

activity.

## INSTRUCTION NO. ~~34~~33

The first type of alleged racketeering activity consists of acts involving murder.  Acts involving murder ~~include murder, attempted~~are attempted first-degree murder, second-degree murder, attempted second-degree murder, solicitation of murder, and conspiracy to commit murder.  I will now instruct you on each.

A person commits the offense of attempted first-degree murder if he intentionally engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his commission of first-degree murder.

There are two material elements for the offense of attempted first degree murder, each of which the government must prove beyond a reasonable doubt. These two elements are:

1.  That one or more members of the conspiracy charged in Count One engaged in conduct which, under the circumstances as the member(s) believed them to be, was a substantial step in a course of conduct intended by the member(s) to culminate in the commission of first-degree murder, as that offense is defined below in this instruction; and

2.  That the member(s) engaged in such conduct intentionally.

41

Conduct shall not be considered a substantial step unless it is strongly corroborative of the person's intent to commit first-degree murder.

A person commits the offense of murder in the first degree if he intentionally or knowingly causes the death of another person by a hired killer.  There are three material elements of the offense of murder in the first degree, each of which the government must prove beyond a reasonable doubt.  These three elements are:

1. That, on one or about [date], more members of the Defendantconspiracy charged in Count One hired a personsomeone to cause the death of another person;

2. That the Defendantmember(s) did so intentionally or knowingly; and

3. That, as a result of the hiring, the person the Defendant hired caused the death of the other personanother.

For purposes of this instruction, a person acts intentionally with respect to his conduct when it is his conscious object to engage in such conduct.

For purposes of this instruction, a person acts knowingly with respect to his conduct when he is aware that his conduct is of that nature.

*****

A person commits the offense of murder in the second degree if he intentionally or knowingly causes the death of another person.  There are two

42

material elements of the offense of murder in the second degree, each of which the

government must prove beyond a reasonable doubt.  These two elements are:

1. That ~~on~~one or ~~about [date],~~more members of the ~~Defendant~~conspiracy
   charged in Count One intentionally or knowingly engaged in conduct;
   and

2. That by engaging in that conduct, the ~~Defendant~~member(s) intentionally
   or knowingly caused the death of another person.

*****

A person commits the offense of attempted ~~first-degree murder or attempted~~

second-degree murder if he intentionally engages in conduct which, under the

circumstances as he believes them to be, constitutes a substantial step in a course

of conduct intended to culminate in his commission of ~~first-degree murder or~~

second-degree murder.

~~There are two material elements for the offense of attempted first degree~~

~~murder, each of which the government must prove beyond a reasonable doubt.~~

~~These two elements are:~~

~~1. That, on or about [date], the Defendant engaged in conduct which, under~~

~~the circumstances as the Defendant believed them to be, was a substantial~~

~~step in a course of conduct intended by the Defendant to culminate in the~~

43

~~commission of first-degree murder, as that offense is defined in this~~

~~instruction; and~~

~~2.   That the Defendant engaged in such conduct intentionally.~~

There are also two material elements for the offense of attempted second-degree murder, each of which the government must prove beyond a reasonable doubt.  These two elements are:

1.   That~~, on~~ one or ~~about [date],~~ more members of the ~~Defendant~~conspiracy charged in Count One engaged in conduct which, under the circumstances as the ~~Defendant~~member(s) believed them to be, was a substantial step in a course of conduct intended by the ~~Defendant~~member(s) to culminate in the commission of second-degree murder, as that offense is defined in this instruction; and

2.   That the ~~Defendant~~member(s) engaged in such conduct intentionally.

Conduct shall not be considered a substantial step unless it is strongly corroborative of the ~~Defendant's~~person's intent to commit~~, respectively, first-degree murder or~~ second-degree murder.

*****

A person commits the offense of criminal solicitation of murder if, with the intent to promote or facilitate the commission of first-degree murder or second-degree murder, he commands, encourages, or requests another person to engage in

or cause, respectively, first-degree murder or second-degree murder.  There are two

material elements of the offense of criminal solicitation of first-degree murder,

each of which the government must prove beyond a reasonable doubt.  These two

elements are:

1. That~~, on~~ one or ~~about [date],~~more members of the ~~Defendant~~conspiracy

    charged in Count One commanded, encouraged, or requested another

    person to engage in or cause first-degree murder, as that offense is

    defined in this instruction; and

2. That the ~~Defendant~~member(s) did so with the intent to promote or

    facilitate the commission of first-degree murder.

There are two material elements of the offense of criminal solicitation of

second-degree murder, each of which the government must prove beyond a

reasonable doubt.  These two elements are:

1. That~~, on~~ one or ~~about [date],~~more members of the ~~Defendant~~conspiracy

    charged in Count One commanded, encouraged, or requested another

    person to engage in or cause second-degree murder, as that offense is

    defined in this instruction; and

2. That the ~~Defendant~~member(s) did so with the intent to promote or

    facilitate the commission of second-degree murder.

*****

A person commits the offense of criminal conspiracy to commit murder if, with intent to promote or facilitate the commission of a crime, he agrees with one or more persons that one or more of them will engage in or solicit first-degree murder or second-degree murder and he or a person who had joined the agreement commits an overt act for the purpose of carrying out the agreement.

There are three material elements of the offense of criminal conspiracy to commit first-degree murder, each of which the government must prove beyond a reasonable doubt. These three elements are:

1. That~~, on~~ one or ~~about [date],~~more members of the ~~Defendant~~conspiracy charged in Count One agreed with ~~one or more persons~~at least one person, not necessarily a member of the conspiracy, that they or one of them would engage in or solicit first-degree murder, as that offense is defined in this instruction;

2. That, while the agreement was in effect, the ~~Defendant~~member(s) or a person who had joined the agreement committed one or more overt acts for the purpose of carrying out the agreement; and

3. That the ~~Defendant~~member(s) joined in the agreement with intent to promote or facilitate the commission of first-degree murder, and the overt act was also committed with such intent.

46

There are three material elements of the offense of criminal conspiracy to commit second-degree murder, each of which the government must prove beyond a reasonable doubt.  These three elements are:

1. That~~, on~~ one or ~~about [date],~~more members of the ~~Defendant~~conspiracy charged in Count One agreed with ~~one or more persons~~at least one person, not necessarily a member of the conspiracy, that they or one of them would engage in or solicit second-degree murder, as that offense is defined in this instruction;

2. That, while the agreement was in effect, the ~~Defendant~~member(s) or a person who had joined the agreement committed one or more overt acts for the purpose of carrying out the agreement; and

3. That the ~~Defendant~~member(s) joined in the agreement with intent to promote or facilitate the commission of second-degree murder, and the overt act was also committed with such intent.

For purposes of this instruction, an "overt act" is any act in pursuit of the conspiratorial purpose.

## INSTRUCTION NO. ~~35~~34

The second type of alleged racketeering activity consists of acts involving kidnapping.  Acts involving kidnapping include kidnapping, attempted kidnapping, solicitation of kidnapping, and conspiracy to commit kidnapping.  I will now instruct you on each.

A person commits the offense of kidnapping if he intentionally or knowingly restrains another person with intent to facilitate the commission of a felony or flight thereafter.  There are three material elements of the offense of kidnapping, each of which the government must prove beyond a reasonable doubt.  These three elements are:

1. That~~, on~~ one or ~~about [date],~~ more members of the ~~Defendant~~conspiracy charged in Count One restrained another person;

2. That the ~~Defendant~~member(s) did so intentionally or knowingly;

3. That the ~~Defendant~~member(s) did so with the intent to facilitate the commission of a felony [or flight thereafter].

For purposes of this instruction, a person acts intentionally with respect to his conduct when it is his conscious object to engage in such conduct.

For purposes of this instruction, a person acts knowingly with respect to his conduct when he is aware that his conduct is of that nature.

"Restrain" means to restrict a person's movement in such a manner as to interfere substantially with the person's liberty: (1) by means of force, threat, or deception[; or (2) if the person is under the age of 18 or incompetent, without the consent of a relative, person, or institution having lawful custody of the person]..

With respect to the third element, a "felony" includes murder oras defined in Instruction No. [33], robbery as defined in Instruction No. [35], and felony assault as that offense is defined below in this instruction.

"Felony assault" includes assault in the second degree causing substantial bodily injury and assault in the second degree with a dangerous instrument, both of which are defined below.

There are two material elements of the offense of assault in the second degree causing substantial bodily injury, each of which the government must prove beyond a reasonable doubt.  These two elements are:

1.  That one or more members of the conspiracy charged in Count One caused substantial bodily injury to another person; and

2.  That the member(s) did so intentionally, knowingly, or recklessly.

For purposes of this instruction, "substantial bodily injury" means: (1) a major avulsion, major laceration, or major penetration of the skin; (2) a burn of at least second-degree severity; (3) a bone fracture; (4) a serious concussion; or (5) a

tearing, rupture, or corrosive damage to the esophagus, viscera, or other internal organs.

For purposes of this instruction, a person acts recklessly with respect to his conduct when he consciously disregards a substantial and unjustifiable risk that the person's conduct is of the specified nature.

A risk is substantial and unjustifiable if, considering the nature and purpose of the person's conduct and the circumstances known to him, the disregard of the risk involves a gross deviation from the standard of conduct that a law abiding person would observe in the same situation.

There are three material elements of the offense of assault in the second degree with a dangerous instrument, each of which the government must prove beyond a reasonable doubt.  These three elements are:

1.  That one or more members of the conspiracy charged in Count One caused bodily injury to another person;

2.  That a member of the conspiracy charged in Count One did so with a dangerous instrument; and

3.  That the member did so intentionally or knowingly.

For purposes of this instruction, "bodily injury" means physical pain, illness, or any impairment of physical condition.

For purposes of this instruction, "dangerous instrument" means any firearm, whether loaded or not, and whether operable or not, or other weapon, device, instrument, material, or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to be capable of producing death or serious bodily injury.  "Serious bodily injury" means bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

*****

A person commits the offense of attempted kidnapping if he intentionally engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his commission of kidnapping.

There are two material elements for the offense of attempted kidnapping, each of which the government must prove beyond a reasonable doubt.  These two elements are:

1. That, on one or about [date], more members of the Defendantconspiracy charged in Count One engaged in conduct which, under the circumstances as the Defendantmember(s) believed them to be, was a substantial step in a course of conduct intended by the

51

~~Defendant~~member(s) to culminate in the commission of kidnapping, as that offense is defined in this instruction; and

2. That the ~~Defendant~~member(s) engaged in such conduct intentionally.

Conduct shall not be considered a substantial step unless it is strongly corroborative of the ~~Defendant's~~member's intent to commit kidnapping.

*****

A person commits the offense of criminal solicitation of kidnapping if, with the intent to promote or facilitate the commission of kidnapping, he commands, encourages, or requests another person to engage in or cause kidnapping.  There are two material elements of the offense of criminal solicitation of kidnapping, each of which the government must prove beyond a reasonable doubt.  These two elements are:

1. That~~, on~~ one or ~~about [date],~~more members of the ~~Defendant~~conspiracy charged in Count One commanded, encouraged, or requested another person to engage in or cause kidnapping, as that offense is defined in this instruction; and

2. That the ~~Defendant~~member(s) did so with the intent to promote or facilitate the commission of kidnapping.

*****

A person commits the offense of criminal conspiracy to commit kidnapping if, with intent to promote or facilitate the commission of a crime, he agrees with one or more persons that one or more of them will engage in or solicit kidnapping and he or a person who had joined the agreement commits an overt act for the purpose of carrying out the agreement.

There are three material elements of the offense of criminal conspiracy to commit kidnapping, each of which the government must prove beyond a reasonable doubt.  These three elements are:

1. That, on or about [date], the Defendant agreed with one or more persons That one or more members of the conspiracy charged in Count One agreed with at least one person, not necessarily a member of the conspiracy charged in Count One, that they or one of them would engage in or solicit kidnapping, as that offense is defined in this instruction;

2. That, while the agreement was in effect, the Defendant member(s) or a person who had joined the agreement committed one or more overt acts for the purpose of carrying out the agreement; and

3. That the Defendant member(s) joined in the agreement with intent to promote or facilitate the commission of kidnapping, and the overt act was also committed with such intent.

For purposes of this instruction, an "overt act" is any act in pursuit of the conspiratorial purpose.

## INSTRUCTION NO. ~~36~~35

~~The third type of alleged racketeering activity consists of acts involving arson.  Acts involving arson include arson, attempted arson, and conspiracy to commit arson.  I will now instruct you on each.~~

~~A person commits arson in the first degree if he intentionally or knowingly sets fire to or causes to be burned property and knowingly places another person in danger of death or bodily injury.  There are three material elements of the offense of arson in the first degree, each of which the government must prove beyond a reasonable doubt.~~  The third~~These three elements are:~~

~~1.  That, on or about [date], the Defendant set fire to or caused to be burned property of another;~~

~~2.  That the defendant did so intentionally or knowingly; and~~

~~3.  That the defendant knowingly placed another person in danger of death or bodily injury by such conduct.~~

~~For purposes of this instruction, a person acts intentionally with respect to his conduct when it is his conscious object to engage in such conduct.~~

~~For purposes of this instruction, a person acts knowingly with respect to his conduct when he is aware that his conduct is of that nature.  A person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result.~~

For purposes of this instruction, "property" means any money, personal property, real property, thing in action, evidence of debt or contract, or article of value of any kind.

For purposes of this instruction, "property of another" means property which any person, other than the Defendant, has possession of or any other interest in, even though that possession or interest is unlawful.

For purposes of this instruction, "bodily injury" means physical pain, illness, or any impairment of physical condition.

*****

A person commits the offense of arson in the second degree if he intentionally or knowingly sets fire to or causes to be burned property and recklessly places another person in danger of death or bodily injury.  There are three material elements of the offense of arson in the second degree, each of which the government must prove beyond a reasonable doubt.  These three elements are:

1.  That, on or about [date], the Defendant set fire to or caused to be burned property of another;

2.  That the Defendant did so intentionally or knowingly; and

3.  That the Defendant recklessly placed another person in danger of death or bodily injury by such conduct.

For purposes of this instruction, a person acts recklessly with respect to his conduct when he consciously disregards a substantial and unjustifiable risk that the person's conduct is of the specified nature.  [A person acts recklessly with respect to attendant circumstances when he consciously disregards a substantial and unjustifiable risk that such circumstances exist.]  A person acts recklessly with respect to a result of his conduct when he consciously disregards a substantial and unjustifiable risk that his conduct will cause such a result.

A risk is substantial and unjustifiable if, considering the nature and purpose of the person's conduct and the circumstances known to him, the disregard of the risk involves a gross deviation from the standard of conduct that a law-abiding person would observe in the same situation.

\*\*\*\*\*

A person commits the offense of arson in the third degree if he intentionally or knowingly sets fire to or causes to be burned property and negligently places another person in danger of death or bodily injury.  There are three material elements of the offense of arson in the third degree, each of which the government must prove beyond a reasonable doubt.  These three elements are:

1.  That, on or about [date], the Defendant set fire to or caused to be burned property of another;

2.  That the Defendant did so intentionally or knowingly; and

3.  That the Defendant negligently placed another person in danger of death or bodily injury by such conduct.

For purposes of this instruction, a person acts negligently with respect to his conduct when he should be aware of a substantial and unjustifiable risk that the person's conduct is of the specified nature.  [A person acts negligently with respect to attendant circumstances when he should be aware of a substantial and unjustifiable risk that such circumstances exist.]  A person acts negligently with respect to a result of his conduct when he should be aware of a substantial and unjustifiable risk that his conduct will cause such a result.

A risk is substantial and unjustifiable if the person's failure to perceive it, considering the nature and purpose of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a law-abiding person would observe in the same situation.

*****

A person commits the offenses of attempted arson in the first degree, attempted arson in the second degree, or attempted arson in the third degree if he intentionally engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his commission of, respectively, arson in the first degree, arson in the second degree, or arson in the third degree.

58

There are two material elements for the offenses of attempted arson in the first degree, attempted arson in the second degree, or attempted arson in the third degree, each of which the government must prove beyond a reasonable doubt. These two elements are:

1. That, on or about [date], the Defendant engaged in conduct which, under the circumstances as the Defendant believed them to be, was a substantial step in a course of conduct intended by the Defendant to culminate in the commission of arson in the first degree, arson in the second degree, or arson in the third degree, as those offenses are defined in this instruction; and

2. That the Defendant engaged in such conduct intentionally.

Conduct shall not be considered a substantial step unless it is strongly corroborative of the Defendant's intent to commit, respectively, arson in the first degree, arson in the second degree, or arson in the third degree.

\*\*\*\*\*

A person commits the offense of criminal conspiracy to commit arson if, with intent to promote or facilitate the commission of a crime, he agrees with one or more persons that one or more of them will engage in or solicit arson in the first degree, arson in the second degree, or arson in the third degree, and he or a person

who had joined the agreement commits an overt act for the purpose of carrying out the agreement.

There are three material elements of the offense of criminal conspiracy to commit arson, each of which the government must prove beyond a reasonable doubt.  These three elements are:

1.   That, on or about [date], the Defendant agreed with one or more persons that they or one of them would engage in or solicit arson in the first degree, arson in the second degree, or arson in the third degree, as those offenses are defined in this instruction;

2.   That, while the agreement was in effect, the Defendant or a person who had joined the agreement committed one or more overt acts for the purpose of carrying out the agreement; and

3.   That the Defendant joined in the agreement with intent to promote or facilitate the commission of, respectively, arson in the first degree, arson in the second degree, or arson in the third degree, and the overt act was also committed with such intent.

For purposes of this instruction, an "overt act" is any act in pursuit of the conspiratorial purpose.

**INSTRUCTION NO. 37**

~~The fourth~~ type of alleged racketeering activity consists of acts involving robbery.  I will now instruct you on these acts.

A person commits the offense of robbery in the first degree if, in the course of committing theft ~~[or taking a motor vehicle without consent]~~, he ~~[attempts~~ is armed with a dangerous instrument, and he uses force against the person of anyone present with intent to ~~kill another~~ overcome that person's physical resistance ~~or]~~ ~~intentionally or knowingly inflicts or attempts to inflict serious bodily injury upon another.~~ physical power of resistance.  There are ~~two~~ three material elements of the offense of robbery in the first degree, each of which the government must prove beyond a reasonable doubt.  These ~~two~~ three elements are:

1. That~~, on~~ one or ~~about [date],~~ more members of the ~~Defendant~~ conspiracy charged in Count One was in the course of committing theft ~~[~~or taking a motor vehicle without consent~~]; and~~;

2. That, while doing so, a member of the ~~Defendant [attempted~~ conspiracy charged in Count One was armed with a dangerous instrument; and

~~2.~~3.   That, while doing so, the armed member used force against the person of anyone present with intent to ~~kill another~~ overcome that person's physical resistance ~~or]~~ ~~intentionally or knowingly inflicted or attempted~~

~~to inflict serious bodily injury upon another.~~ physical power of resistance.

For purposes of this instruction, a person commits theft if he obtains or exerts unauthorized control over the property of another with intent to deprive the person of the property.

For purposes of this instruction, an act shall be deemed "in the course of committing a theft [or taking a motor vehicle without consent]"" if it occurs in an attempt to commit theft [or take a motor vehicle without consent], or in the flight after the attempt or commission.

~~For purposes of this instruction, a person attempts to kill another if, with the intent to kill, he intentionally engages in conduct which is a substantial step in a course of conduct intended or known to be practically certain by the Defendant to cause death.~~

~~For purposes of this instruction, a person attempts to inflict serious bodily injury on another if, with the intent to inflict serious bodily injury, he intentionally engages in conduct which is a substantial step in a course of conduct intended or known [by the Defendant] to create a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.~~

For purposes of this instruction, "obtain" means when used in relation to property, to bring about a transfer of possession or other interest, whether to the obtainer or to another.

For purposes of this instruction, "unauthorized control over the property" means control over property of another which is not authorized by the owner.

For purposes of this instruction, "control over the property" means the exercise of dominion over the property and includes, but is not limited to, taking, carrying away, or possessing the property, or selling, conveying, or transferring title to or an interest in the property.

For purposes of this instruction, "property" means any money, personal property, real property, thing in action, evidence of debt or contract, or article of value of any kind.

For purposes of this instruction, "property of another" means property which any person, other than ~~the Defendant~~a member of the conspiracy charged in Count One, has possession of or any other interest in, even though that possession or interest is unlawful.

For purposes of this instruction, "deprive" means: (a) to withhold property or cause it to be withheld from a person permanently or for so extended a period or under such circumstance that a significant portion of its economic value, or of the use and benefit thereof, is lost to him; (b) to dispose of the property so as to make

63

it unlikely that the owner will recover it; (c) to retain the property with intent to restore it to the owner only if the owner purchases or leases it back, or pays a reward or other compensation for its return; (d) to sell, give, pledge, or otherwise transfer any interest in the property; or (e) to subject the property to the claim of a person other than the owner.

For purposes of this instruction, ~~a person acts intentionally with respect to his conduct when~~ "dangerous instrument" means any firearm, or other weapon, whether loaded or not, or whether operable or not, or other weapon, device, instrument, material, or substance, whether animate or inanimate, which in the manner it is used or threatened to be used is capable of producing death or serious bodily injury.

For purposes of this instruction, "serious bodily injury" means bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

For purposes of this instruction, a person acts intentionally with respect to his conduct when it is his conscious object to engage in such conduct. ~~his conscious object to engage in such conduct.~~ A person acts intentionally with respect to a result of his conduct when it is his conscious object to cause such a result.

64

For purposes of this instruction, a person acts knowingly with respect to his conduct when he is aware that his conduct is of that nature.  A person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result.

*****


For purposes of this instruction, a person acts knowingly with respect to his conduct when he is aware that his conduct is of that nature.  A person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result.

*****

A person also commits the offense of robbery in the first degree if, in the course of committing theft [or taking a motor vehicle without consent], he is armed with a dangerous instrument, and he uses force against the person of anyone present with intent to overcome that person's physical resistance or physical power of resistance.  There are three material elements of the offense of robbery in the first degree, each of which the government must prove beyond a reasonable doubt. These three elements are:

1.  That, on or about [date], the Defendant was in the course of committing theft [or taking a motor vehicle without consent];

65

2.  That, while doing so, the Defendant was [intentionally] armed with a
   dangerous instrument; and

3.  That, while doing so, the Defendant used force against the person of
   anyone present with intent to overcome that person's physical resistance
   or physical power of resistance.

For purposes of this instruction, "dangerous instrument" means any firearm,
or other weapon, whether loaded or not, or whether operable or not, or other
weapon, device, instrument, material, or substance, whether animate or inanimate,
which in the manner it is used or threatened to be used is capable of producing
death or serious bodily injury.

*****

A person also commits the offense of robbery in the first degree if, in the
course of committing theft [or taking a motor vehicle without consent],or taking a
motor vehicle without consent, he is armed with a dangerous instrument, and he
threatens the imminent use of force against the person of anyone who is present,
with intent to compel acquiescence to the taking of or escaping with the property.
There are three material elements of the offense of robbery in the first degree, each
of which the government must prove beyond a reasonable doubt.  These three
elements are:

66

1. That, on one or about [date], more members of the Defendantconspiracy charged in Count One was in the course of committing theft [or taking a motor vehicle without consent];.;

2. That, while doing so, a member of the Defendantconspiracy charged in Count One was [intentionally] armed with a dangerous instrument; and

3. That, while doing so, the Defendant [intentionally]armed member threatened the imminent use of force against anyone who is present, with intent to compel acquiescence to the taking of or escaping with the property.

\*\*\*\*\*

A person commits the offense of robbery in the second degree if, in the course of committing theft [or taking a motor vehicle without consent]., he uses force against the person of anyone present, with intent to overcome the person's physical resistance or physical power of resistance.  There are two material elements of the offense of robbery in the second degree, each of which the government must prove beyond a reasonable doubt.  These two elements are:

1. That, on one or about [date], more members of the Defendantconspiracy charged in Count One was in the course of committing theft [or taking a motor vehicle without consent];.; and

2. That, while doing so, a member of the Defendantconspiracy charged in Count One used force against the person of anyone present, with intent to overcome that person's physical resistance or physical power of resistance.

*****

*****

A person also commits the offense of robbery in the second degree if, in the course of committing theft [or taking a motor vehicle without consent], he threatens the imminent use of force against the person of anyone who is present, with intent to compel acquiescence to the taking of or escaping with the property. There are two material elements of the offense of robbery in the second degree, each of which the government must prove beyond a reasonable doubt.  These two elements are:

1. That, on one or about [date], more members of the Defendantconspiracy charged in Count One was in the course of committing theft [or taking of a motor vehicle without consent]; and

2. That, while doing so, a member of the Defendant [intentionally]conspiracy charged in Count One threatened the imminent use of force against the person of anyone who is present, with intent to compel acquiescence to the taking of or escaping with the property.

68

\*\*\*\*\*

\*\*\*\*\*

A person also commits the offense of robbery in the second degree if, in the course of committing theft [or taking a motor vehicle without consent]., he recklessly inflicts serious bodily injury on another.  There are two material elements of the offense of robbery in the second degree, each of which the government must prove beyond a reasonable doubt.  These two elements are:

1. That, on one or about [date], more members of the Defendantconspiracy charged in Count One was in the course of committing theft [or taking a motor vehicle without consent].; and

2. That, while doing so, a member of the Defendantconspiracy charged in Count One recklessly inflicted serious bodily injury on another.

For purposes of this instruction, a person acts recklessly with respect to his conduct when he consciously disregards a substantial and unjustifiable risk that the person's conduct is of the specified nature.  A person acts recklessly with respect to a result of his conduct when he consciously disregards a substantial and unjustifiable risk that his conduct will cause such a result.  A risk is substantial and unjustifiable if, considering the nature and purpose of the person's conduct and the circumstances known to him, the disregard of the risk involves a gross deviation

69

from the standard of conduct that a law-abiding person would observe in the same

situation.

**INSTRUCTION NO. ~~38~~36**

The ~~fifth~~fourth type of alleged racketeering activity consists of acts

involving the use of interstate commerce facilities in the commission of murder-

for-hire, indictable under Section 1958 of Title 18 of the United States Code.  I will

now instruct you on these acts.

~~The Defendant is charged with conspiring to use interstate commerce~~

~~facilities in the commission of murder-for-hire~~For you to find that a person

committed an act in violation of Section 1958.  ~~For the Defendant to be found~~

~~guilty of that charge~~, the government must prove each of the following elements

beyond a reasonable doubt:

1. ~~The Defendant~~One or more members of the conspiracy charged in Count

   One used, caused another to use, conspired to use, or conspired to cause

   another to use a cellular telephone operating on interstate networks;

2. The ~~Defendant~~member(s) did so with the intent that ~~[~~murder~~]~~ be

   committed; and

3. The ~~Defendant~~member(s) intended that the ~~[~~murder~~]~~ be committed in

   exchange for ~~[specify thing of pecuniary value].~~money or employment.

A conspiracy is a kind of criminal partnership—an agreement of two or

more persons to commit one or more crimes.  The crime of conspiracy is the

agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to use a cellular telephone operating on interstate networks as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person may not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

With respect to the second element, the intent that murder be committed must have existed when the ~~Defendant conspired~~person used, caused another to

72

use, conspired to use, or conspired to cause another to use the facility of interstate

commerce.

## INSTRUCTION NO. 37

With respect to the third element, "pecuniary value" means anything of value, whether in the form of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage.

**INSTRUCTION NO. 39**

The ~~sixth~~fifth type of alleged racketeering activity consists of ~~acts~~using or conspiring to use a chemical weapon, indictable under Section 229 of Title 18 of the United States Code.  I will now instruct you on these acts.

The crime of using a chemical weapon in violation of Section 229 is a racketeering act.  For ~~the Defendant~~you to ~~be found guilty of~~find that a person committed that crime, the government must prove each of the following elements beyond a reasonable doubt:

1. ~~The Defendant~~One or more members of the conspiracy charged in Count One used a chemical weapon for a non-peaceful purpose or induced another to do so;

2. The ~~Defendant~~member(s) did so knowingly; and

3. The ~~Defendant's~~member(s) conduct, or the conduct the ~~Defendant~~member(s) induced, occurred in the United States.

For purposes of this instruction, a chemical, namely, chloropicrin, is a "chemical weapon" if, when considering the type of chemical used and the circumstances in which the chemical was used, there was a potential to cause severe harm to many people.

75

For purposes of this instruction, "peaceful purpose" means any peaceful purpose related to an industrial, agricultural, research, medical, or pharmaceutical activity or other activity.

For purposes of this instruction, the word "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.

\*\*\*\*\*

The ~~Defendant is charged with conspiracy~~crime of conspiring to use a chemical weapon in violation of Section 229~~.~~ is a racketeering act.  For ~~the Defendant~~you to ~~be found guilty of~~find that ~~charge~~a person committed that crime, the government must prove each of the following elements beyond a reasonable doubt:

1. ~~Beginning on or about [date] and ending on or about [date], there~~There was an agreement between two or more persons to use a chemical weapon for a non-peaceful purpose;

2. ~~The Defendant became a member of the conspiracy~~One or more members of the conspiracy charged in Count One joined in the conspiracy to use a chemical weapon for a non-peaceful purpose knowing of at least one of its objects and intending to help accomplish it; and

3. The agreement took place in the United States.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the chemical weapon crimes alleged in the Indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person may not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

## INSTRUCTION NO. ~~40~~38

The ~~seventh~~sixth type of alleged racketeering activity consists of ~~acts indictable under Section 894 of Title 18 of the United States Code.  I will now instruct you on these acts.~~

~~The crime of collecting an extension of credit by extortionate means~~traveling in ~~violation of Section 894 is a racketeering act.  For you to find that the Defendant committed that crime, the government must prove each of the following elements beyond a reasonable doubt:~~

1. ~~On~~ or ~~about [date], there was an attempt to collect or a collection of an extension of credit [from specify victim]; [or, [specify person] was punished for the non-repayment of an extension of credit;]~~

2. ~~The attempt to collect, collection of, [or punishment for non-repayment of] an extension of credit involved the use of extortionate means; and~~

3. ~~The Defendant knowingly participated~~using interstate commerce facilities in ~~some way in the use of such extortionate means.~~

~~An attempt to "collect" or a "collection" of an extension of credit means to induce in any way any person to make repayment thereof.~~

~~An "extension of credit" means to make or renew any loan, or to enter into any agreement, tacit or express, whereby the repayment or satisfaction of any debt or claim, whether acknowledged or disputed, valid or invalid, and however arising,~~

may or will be deferred.  The "repayment" of an extension of credit includes the repayment, satisfaction, or discharge in whole or in part of any debt or claim, acknowledged or disputed, valid or invalid, resulting from or in connection with that extension of credit.

An "extortionate means" is any means which involves the use, or an express or implicit threat of use, of violence or other criminal means to cause harm to the person, reputation, or property of any person.

For purposes of this instruction, the word "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.

**INSTRUCTION NO. 41**

~~The eighth type of alleged racketeering~~aid of unlawful activity ~~consists of acts,~~ indictable under Section 1952 of Title 18 of the United States Code.  I will now instruct you on these acts.

The crime of traveling or using the facilities of interstate commerce in aid of an unlawful activity in violation of Section 1952 is a racketeering act.  For you to find that ~~the Defendant~~a person committed that crime, the government must prove each of the following elements beyond a reasonable doubt:

1. ~~The Defendant [~~One or more members of the conspiracy charged in Count One traveled in interstate or foreign commerce, used the mail, or used ~~[specify facility]~~a cellular telephone or the internet in interstate or foreign commerce~~]~~ with the intent to ~~[~~promote, manage, establish, or carry on, or facilitate the promotion, management, establishment, or carrying on of~~] [specify unlawful activity~~ bribery as that offense is defined below, extortion as that offense is defined below, or possession with intent to distribute cocaine or distribution of cocaine, as those offenses are defined in Instruction No. [40]~~]~~;

2. After doing so, the ~~Defendant [~~member(s) performed or attempted to perform~~] [specify act]; [~~ bribery, extortion, possession with intent to distribute cocaine, or distribution of cocaine; and

3. The ~~Defendant~~member(s) did something that was a substantial step toward committing the crime~~.~~].

[A substantial step is conduct that strongly corroborated the ~~Defendant's~~member(s) intent to commit the crime.  To constitute a substantial step, the ~~Defendant's~~member's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.  Mere preparation is not a substantial step toward committing the crime.~~]  [~~.  Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime~~."~~].

**INSTRUCTION NO. 42**

There are three material elements of the offense of bribery, each of which the government must prove beyond a reasonable doubt.  These three elements are:

1.  That one or more members of the conspiracy charged in Count One conferred, offered, or agreed to confer, directly or indirectly, a pecuniary benefit upon another person;

2.  That the other person was a public servant; and

3.  That the member(s) did so with the intent to influence the public servant's vote, opinion, judgment, exercise of discretion, or other action in his or her official capacity.

For purposes of this instruction, "public servant" means any officer or employee of any branch of government, whether elected, appointed, or otherwise employed, and any person participating as an advisor, consultant, or otherwise, in performing a governmental function.

For purposes of this instruction, for you to find that a person committed the crime of extortion, the government must prove each of the following elements beyond a reasonable doubt:

1.  One or more members of the conspiracy charged in Count One induced another person to part with property by the wrongful use of actual or threatened force, violence, or fear;

83

2.  The member(s) obtained the property with the other person's consent;

3.  The member(s) acted with the intent to obtain the property; and

4.  Commerce from one state to another was affected in some way.

For purposes of this instruction, conduct "affected" commerce from one state to another if it in any way involves, interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property in commerce between or among the states or between the United States and a foreign country.  The effect can be minimal.  It is not necessary for the government to prove that the member(s) knew or intended that his or her conduct would affect commerce; it must prove only that the natural consequences of his or her conduct affected commerce in some way.  Also, you do not have to find that there was an actual effect on commerce.  The government must show only that the natural result of the offense would be to cause an effect on interstate commerce to any degree, however minimal or slight.

## INSTRUCTION NO. 39

~~ninth~~The seventh type of alleged racketeering activity consists of

~~acts~~robbery and extortion, indictable under the Hobbs Act, Section 1951 of Title

18 of the United States Code.  The crimes of robbery and extortion in violation of

Section 1951 are separate racketeering acts.  I will now instruct you on these acts.

For you to find that ~~the Defendant~~a person committed the crime of robbery

in violation of Section 1951, the government must prove each of the following

elements beyond a reasonable doubt:

1. ~~The Defendant~~One or more members of the conspiracy charged in Count

   One knowingly obtained money or property from or in the presence of

   ~~[name of victim];~~another person;

2. The ~~Defendant~~member(s) did so by means of robbery;

3. The ~~Defendant~~member(s) believed that ~~[name of victim]~~the other person

   parted with the money or property because of the robbery; and

4. The robbery affected interstate commerce.

"Robbery" means the unlawful taking or obtaining of personal property from

the person or in the presence of another, against his will, by means of actual or

threatened force, or violence [or fear of injury, immediate or future, to his person

or property, or to property in his custody or possession, or to the person or property

of a relative or member of his family or of anyone in his company at the time of the taking or obtaining].

For purposes of this instruction, conduct "affected" interstate commerce or commerce from one state to another if it in any way involves, interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property in commerce between or among the states or between the United States and a foreign country. The effect can be minimal. It is not necessary for the government to prove that the ~~Defendant~~member(s) knew or intended that his or her conduct would affect commerce; it must prove only that the natural consequences of his or her conduct affected commerce in some way. Also, you do not have to find that there was an actual effect on commerce. The government must show only that the natural result of the offense would be to cause an effect on interstate commerce to any degree, however minimal or slight.

For purposes of this instruction, the word "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.

*****

For you to find that ~~the Defendant~~a person committed the crime of extortion by force in violation of Section 1951, the government must prove each of the following elements beyond a reasonable doubt:

86

1. ~~The Defendant~~One or more members of the conspiracy charged in Count One induced ~~[name of victim]~~another person to part with property by the wrongful use of actual or threatened force, violence, or fear;

2. The ~~Defendant~~member(s) obtained the property with ~~[name of victim's]~~the other person's consent;

3. The member(s) acted with the intent to obtain the property; and

4. Commerce from one state to another was affected in some way.

~~3.~~1.    ~~The Defendant acted with the intent to obtain the property; and~~

~~4.~~1.    ~~Commerce from one state to another was affected in some way.~~

\*\*\*\*\*

For you to find that ~~the Defendant~~a person committed the crime of extortion by nonviolent threat in violation of Section 1951, the government must prove each of the following elements beyond a reasonable doubt:

1. ~~The Defendant~~One or more members of the conspiracy charged in Count One induced ~~[name of victim]~~the other person to part with property by wrongful threat of ~~[~~economic harm ~~or specify other nonviolent harm];~~;

2. The ~~Defendant~~member(s) acted with the intent to obtain property; and

~~3.~~1.    ~~Commerce from one state to another was affected in some way.~~

3. Commerce from one state to another was affected in some way.

A threat is wrongful if it is unlawful or if the ~~Defendant~~member(s) knew he or she was not entitled to obtain the property.

INSTRUCTION NO. 43

INSTRUCTION NO. 40

The tentheighth type of alleged racketeering activity consists of acts

involving trafficking in controlled substances in violation of Sections 841 and 846

of Title 21 of the United States Code.  I will now instruct you on these acts.

The crime of possession of [cocaine, or methamphetamine, oxycodone, or

marijuana] with intent to distribute in violation of Section 841 is a racketeering

activity.  For you to find that a person committed this crime, the

Defendantgovernment must prove each of the following elements beyond a

reasonable doubt:

1.  One or more members of the conspiracy charged in Count One

knowingly possessed any controlled substance; and

2.  The member(s) possessed it with the intent to distribute it to another

person.

To "possess with intent to distribute" means to possess with intent to deliver

or transfer possession of cocaine or methamphetamine to another person, with or

without any financial interest in the transaction.

For purposes of this instruction, the word "knowingly" means that the act

was done voluntarily and intentionally and not because of mistake or accident.

The government is not required to prove the amount or quantity of cocaine or methamphetamine.  It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of cocaine or methamphetamine.

It does not matter whether the member(s) knew that the substance was cocaine or methamphetamine.  It is sufficient that the member(s) knew that it was some kind of a federally controlled substance.

You are instructed that cocaine and methamphetamine are controlled substances under federal law.

*****

The crime of distribution of cocaine or methamphetamine in violation of Section 841 is a racketeering activity.  For you to find that a person committed this crime, the government must prove each of the following elements beyond a reasonable doubt:

1.  ~~The Defendant~~One or more members of the conspiracy charged in Count One knowingly ~~possessed any controlled substance; and~~

2.  ~~The Defendant possessed it with the intent to distribute it to another~~

   ~~person.~~

1.  ~~To "possess with intent to distribute" means to possess with intent to~~

   ~~deliver or transfer possession of [~~distributed cocaine~~,~~ or

   methamphetamine~~, oxycodone, or marijuana];~~ and

2.  The member(s) knew it was cocaine or methamphetamine or some other federally controlled substance.

"Distributing" means delivering or transferring possession of cocaine or methamphetamine to another person, with or without any financial interest in ~~the~~that transaction.

~~For purposes of this instruction, the word "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.~~

The government is not required to prove the amount or quantity of ~~[~~cocaine~~,~~ or methamphetamine~~, oxycodone, or marijuana]~~.~~.~~  It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of ~~[cocaine, methamphetamine, oxycodone, or marijuana].~~

~~It does not matter whether the Defendant knew that the substance was [cocaine, methamphetamine, oxycodone, or marijuana].  It is sufficient that the Defendant knew that it was some kind of a federally controlled substance.~~

~~[You are instructed that [~~cocaine~~,~~ or methamphetamine~~, oxycodone, or marijuana] are controlled substances under federal law.].~~

~~*****~~

~~The crime of [distribution or manufacture] of [specify controlled substance] in violation of Section 841 is a racketeering activity.  For you to find that the~~

Defendant committed this crime, the government must prove each of the following elements beyond a reasonable doubt:

1.  The Defendant knowingly [distributed or manufactured] [specify controlled substance]; and

2.  The Defendant knew it was [specify controlled substance] or some other federally controlled substance.

["Distributing" means delivering or transferring possession of [specify controlled substance] to another person, with or without any financial interest in that transaction.]

The government is not required to prove the amount or quantity of [specify controlled substance].  It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of [specify controlled substance].

*****

The crime of conspiracy to [distribute cocaine or manufacture] [specify controlled substance]methamphetamine in violation of Sections 841 and 846 is a racketeering activity.  For the Defendanta person to be found guilty of that crime, the government must prove each of the following elements beyond a reasonable doubt:

1.  Beginning on or about [date] and ending on or about [date], thereThere was an agreement between two or more persons to [distribute or

92

manufacture] [specify controlled substance];cocaine or

methamphetamine; and

2. The DefendantOne or more members of the conspiracy charged in Count

One joined in the agreementconspiracy to distribute cocaine or

methamphetamine knowing of its purpose and intending to help

accomplish that purpose.

[""To distribute" means to deliver or transfer possession of [specify

controlled substance]cocaine or methamphetamine to another person, with or

without any financial interest in that transaction.].

A conspiracy is a kind of criminal partnership—an agreement of two or

more persons to commit one or more crimes.  The crime of conspiracy is the

agreement to do something unlawful; it does not matter whether the crime agreed

upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators

made a formal agreement or that they agreed on every detail of the conspiracy.  It

is not enough, however, that they simply met, discussed matters of common

interest, acted in similar ways, or perhaps helped one another.  You must find that

there was a plan to commit at least one of the controlled substances crimes alleged

in the Indictment as an object or purpose of the conspiracy with all of you agreeing

as to the particular crime which the conspirators agreed to commit.

93

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person may not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

## INSTRUCTION NO. 4441

In connection with the eighth type of racketeering activity described above, you may be required to determine whether the government proved beyond a reasonable doubt that the amount of cocaine or methamphetamine, if any, equaled or exceeded: 5 kilograms or more of a mixture or substance containing a detectible amount of cocaine; or 50 grams or more of actual or pure methamphetamine.

Your determination of weight must not include the weight of any packaging material.  Your decision as to weight must be unanimous.

The government does not have to prove that any member of the conspiracy charged in Count One knew the quantity of cocaine or methamphetamine involved.

## INSTRUCTION NO. 42

~~eleventh~~The ninth type of alleged racketeering activity consists of ~~acts~~wire fraud, indictable under Section 1343 of Title 18 of the United States Code.  ~~I will now instruct you on these acts.~~

The crime of wire fraud in violation of Section 1343 is a racketeering activity.  For you to find that ~~the Defendant~~a person committed that crime, the government must prove each of the following elements beyond a reasonable doubt:

1. ~~The Defendant~~One or more members of the conspiracy charged in Count One knowingly [participated in, devised, or intended to devise] a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises[, or omitted facts]. [.  Deceitful statements of half-truths may constitute false or fraudulent representations]~~;~~:

2. The statements made [or facts omitted] as part of the scheme were material; that is, [they had a natural tendency to influence, or were capable of influencing, a person to part with money or property] [ and they directly or indirectly deceived the victim about the nature of the bargain]~~;~~:

3.  The ~~Defendant~~member(s) acted with the intent to defraud; that is, the intent to deceive and cheat; and

96

4. The ~~Defendant~~member(s) used, or caused to be used, an interstate [or foreign] wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the ~~Defendant's~~member's words and statements but also the circumstances in which they are used as a whole.

~~[To convict the Defendant of wire fraud based on omission[s] of material fact[s], you must find that the Defendant had a duty to disclose the omitted fact[s] arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance that it would ordinarily exercise.]~~

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use. It need not be reasonably foreseeable to the ~~Defendant~~member(s) that the wire communication would be interstate [or foreign] in nature. Rather, it must have been reasonably foreseeable to the ~~Defendant~~member(s) that some wire communication would occur in furtherance of the scheme, and an interstate [or foreign] wire communication must have actually occurred in furtherance of the scheme.

For purposes of this instruction, the word "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.

[A statement deceives about the "nature of the bargain" when it goes to price or quality, or otherwise to essential aspects of the transaction.].

**INSTRUCTION NO. 43**

**INSTRUCTION NO. 45**

The ~~twelfth~~tenth type of alleged racketeering activity consists of ~~acts~~bank fraud, indictable under Section 1344 of Title 18 of the United States Code. ~~I will now instruct you on these acts.~~

The crime of bank fraud in violation of Section 1344(1) is a racketeering activity. For you to find that ~~the Defendant~~a person committed that crime, the government must prove each of the following beyond a reasonable doubt:

1. ~~The Defendant~~One or more members of the conspiracy charged in Count One knowingly executed ~~[or attempted to execute]~~ a scheme to defraud a financial institution of something of value;

2. That the statements made ~~[or facts omitted]~~ as part of the scheme were material; that is, ~~[~~they had a natural tendency to influence, or were capable of influencing, a person to part with money or property~~][~~ and they directly or indirectly deceived the victim about the nature of the bargain~~];~~;

3. The ~~Defendant~~member(s) did so with the intent to defraud the financial institution; ~~[and]~~

4. The financial institution was insured by the Federal Deposit Insurance Corporation~~[;]~~ ~~[and.~~

5.  The Defendant did something that was a substantial step toward

executing the scheme to defraud.]

A "scheme to defraud" means any deliberate plan of action or course of

conduct by which someone intends to deceive and cheat, in other words, to deprive

the victim of money or property by means of deception.  It is not necessary for the

government to prove that a financial institution was the only or sole victim of the

scheme to defraud.  It is also not necessary for the government to prove that the

Defendantmember(s) was actually successful in defrauding any financial

institution.  Finally, it is not necessary for the government to prove that any

financial institution lost any money or property as a result of the scheme to

defraud.

[A statement deceives about the "nature of the bargain" when it goes to price

or quality, or otherwise to essential aspects of the transaction.].

An "intent to defraud" is an intent to deceive and cheat.

For purposes of this instruction, the word "knowingly" means that the act

was done voluntarily and intentionally and not because of mistake or accident.

*****

The crime of bank fraud in violation of Section 1344(2) is a racketeering

activity.  [For you to find that a person committed that crime, the government must

prove each of the following beyond a reasonable doubt:

1.  One or more members of the conspiracy charged in Count One knowingly carried out a scheme or plan to obtain money or property from a financial institution by making false statements or promises;

2.  The member(s) knew that the statements or promises were false;

3.  The statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property and they directly or indirectly deceived the victim about the nature of the bargain;

4.  The member(s) acted with the intent to defraud; and

5.  The financial institution was federally chartered or insured.

A statement deceives about the "nature of the bargain" when it goes to price or quality, or otherwise to essential aspects of the transaction.

An "intent to defraud" is an intent to deceive and cheat.

*****

The crime of attempted bank fraud in violation of Section 1344 is a racketeering activity.  "For you to find that a person committed that crime, the government must prove each of the following beyond a reasonable doubt:

1.  One or more members of the conspiracy charged in Count One knowingly devised a plan or scheme to obtain money or property from a financial institution by false promises or statements;

2.  The promises or statement were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property and they directly or indirectly deceived the victim about the nature of the bargain;

3.  The member(s) acted with the intent to defraud;

4.  The member(s) did something that was a substantial step toward carrying out the plan or scheme; and

5.  The financial institution was federally chartered or insured.

A statement deceives about the "nature of the bargain" when it goes to price or quality, or otherwise to essential aspects of the transaction.

An "intent to defraud" is an intent to deceive and cheat.

A "substantial step" is conduct that strongly corroborated the " is conduct that strongly corroborated the Defendant'smember's intent to commit the crime. To constitute a substantial step, the Defendant'sa member's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.  Mere preparation is not a substantial step toward committing the crime.  Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of thea crime.].

*****

103

The crime of bank fraud in violation of Section 1344(2) is a racketeering activity. For the Defendant to be found guilty of that crime, the government must prove each of the following beyond a reasonable doubt:

1. The Defendant knowingly carried out a scheme or plan to obtain money or property from [specify financial institution] by making false statements or promises;

2. The Defendant knew that the statements or promises were false;

3. The statements or promises were material; that is, [they had a natural tendency to influence, or were capable of influencing, a person to part with money or property] [they directly or indirectly deceived the victim about the nature of the bargain];

4. The Defendant acted with the intent to defraud; and

5. [Specify financial institution was federally [chartered or insured].

[A statement deceives about the "nature of the bargain" when it goes to price or quality, or otherwise to essential aspects of the transaction.]

An "intent to defraud" is an intent to deceive and cheat.

*****

The crime of attempted bank fraud in violation of Section 1344 is a racketeering activity. For you to find that the Defendant committed that crime, the government must prove each of the following beyond a reasonable doubt:

1.  The Defendant knowingly devised a plan or scheme to obtain money or property from [specify financial institution] by false promises or statements;

2.  The promises or statement were material; that is, [they had a natural tendency to influence, or were capable of influencing, a person to part with money or property] [they directly or indirectly deceived the victim about the nature of the bargain];

3.  The Defendant acted with the intent to defraud;

4.  The Defendant did something that was a substantial step toward carrying out the plan or scheme; and

5.  [Specify financial institution] was federally [chartered or insured].

[A statement deceives about the "nature of the bargain" when it goes to price or quality, or otherwise to essential aspects of the transaction.]

An "intent to defraud" is an intent to deceive and cheat.

A "substantial step" is conduct that strongly corroborated the Defendant's intent to commit the crime.  To constitute a substantial step, a Defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.  Mere preparation is not a substantial step toward committing the crime.  Jurors do not need to agree unanimously as to

~~which particular act or actions constituted a substantial step toward commission of~~

~~a crime.~~

**INSTRUCTION NO. 46**

## INSTRUCTION NO. 44

The ~~thirteenth~~eleventh type of alleged racketeering activity consists of ~~acts indictable under Section 1028 of Title 18 of the United States Code.  I will now instruct you on these acts.~~

~~The crime of~~ producing without legal authority [an identification document, authentication feature, or a false identification document], or transferring, possessing, or using the same, indictable under Section 1028 of Title 18 of the United States Code.

The crime of producing without legal authority an identification document, authentication feature, or a false identification document in violation of Section 1028 is a racketeering activity.  For you to find that ~~the Defendant~~a person committed that crime, the government must prove each of the following elements beyond a reasonable doubt:

1. ~~The Defendant~~One or more members of the conspiracy charged in Count One knowingly produced [an identification document, authentication feature, or a false identification document]~~;~~:

2.  The ~~Defendant~~member(s) produced the [identification document, authentication feature, or false identification document without lawful authority; and

3.  The identification document, authentication feature, or false identification document was or appeared to be issued by or under authority of the State of Hawaiʻi; or

2.  The production of the identification document, authentication feature, or false identification document] without lawful authority; and

3.  The [identification document, authentication feature, false identification document] was or appeared to be issued by or under authority of [the United States or specify issuing authority;]; or

3.  The production of the [identification document, authentication feature, false identification document] was in or affected commerce between one state and another state, or between a state of the United States and a foreign country; or

3.  In the course of production, the [identification document, authentication feature, or false identification document] was transported in the mail.

For purposes of this instructionthe crime of producing without legal authority an identification document, authentication feature, or a false identification document in violation of Section 1028, the word "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.

For purposes of this instruction, "identification document" means a document made or issued by or under the authority of the ~~United States Government, a State, political subdivision of a State, a sponsoring entity of an event of national significance, a foreign government, political subdivision of a foreign government, an international governmental or an international quasi-governmental organization~~State of Hawai'i which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals.

~~[~~For purposes of this instruction, "authentication feature" means any hologram, watermark, certification, symbol, code, image, sequence of numbers or letters, or other feature that either individually or in combination with another feature is used by the issuing authority on an identification document, document-making implement, or means of identification to determine if the document is counterfeit, altered, or otherwise falsified.

For purposes of this instruction, "document-making implement" means any implement, impression, template, computer file, computer disc, electronic device, or computer hardware or software, that is specifically configured or primarily used for making an identification document, a false identification document, or another document-making implement.

For purposes of this instruction, "false identification document" means a document of a type intended or commonly accepted for the purposes of identification of individuals that: (A) is not issued by or under the authority of a governmental entity or was issued under the authority of a governmental entity but was subsequently altered for purposes of deceit; and (B) appears to be issued by or under the authority of the ~~United States Government, a State, a political subdivision of a State, a sponsoring entity of an event designated by the President as a special event of national significance, a foreign government, a political subdivision of a foreign government, or an international governmental or quasi-governmental organization~~<u>State of Hawaiʻi</u>.

For purposes of this instruction, the term "issuing authority" (A) means any governmental entity or agency that is authorized to issue identification documents, means of identification, or authentication features~~; and (B) includes the United States Government, a State, a political subdivision of a State, a sponsoring entity of an event designated by the President as a special event of national significance, a foreign government, a political subdivision of a foreign government, or an international government or quasi-governmental organization~~<u>, and (B) includes the State of Hawaiʻi</u>.

For purposes of this instruction, the term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual.

For purposes of this instruction, the term "produce" includes alter, authenticate, or assemble.~~].~~

\*\*\*\*\*

The crime of transferring ~~[~~an identification document, authentication feature, or a false identification document~~]~~ in violation of Section 1028 is a racketeering activity.  For ~~the Defendant~~you to ~~be found guilty of~~find that a person committed that crime, the government must prove each of the following elements beyond a reasonable doubt:

1. ~~The Defendant~~One or more members of the conspiracy charged in Count One knowingly transferred ~~[~~an identification document, authentication feature, or a false identification document~~];~~;

2. The ~~Defendant~~member(s) knew the ~~[~~identification document, authentication feature, or false identification document~~]~~ was ~~[stolen or~~ produced without lawful authority~~];~~; and

3. The ~~[~~identification document, authentication feature, or false identification document, or false identification document~~]~~ was or appeared to be issued by or under

authority of [the United States or specify issuing authority;];State of Hawai'i; or

3. The production of the [identification document, authentication feature, or false identification document] was in or affected commerce between one state and another state, or between a state of the United States and a foreign country; or

3. In the course of production, the [identification document, authentication feature, or false identification document] was transported in the mail.

For purposes of this instruction, the term "transfer" includes selecting an identification document, false identification document, or document-making implement and placing or directing the placement of such identification document, false identification document, or document-making implement on an online location where it is available to others.

*****

The crime of [possessing, transferring, or using] another person's means of identification without lawful authority in violation of Section 1028 is a racketeering activity.  For you to find that the Defendanta person committed that crime, the government must prove each of the following elements beyond a reasonable doubt:

1. ~~The Defendant~~One or more members of the conspiracy charged in Count One knowingly ~~[transferred,~~ possessed~~,~~ or used~~]~~ a means of identification of another person;

2. The ~~Defendant~~member(s) did so without lawful authority;

3. The ~~Defendant~~ ~~[member(s)~~ intended to commit, aided or abetted, or ~~transferred,~~ possessed~~,~~ or used the means of identification in connection with~~]~~ ~~[specify unlawful activity];~~ wire fraud as that offense is defined in Instruction No. [42], bank fraud as defined in Instruction No. [43], obstruction of justice as defined in Instruction No. [46], and forgery in the second degree, as defined below in this instruction; and

4. The ~~[transfer,~~possession~~,~~ or use~~]~~ of the means of identification of another person was in or affected commerce between one state and another state, or between a state of the United States and a foreign country~~];~~ or

4. In the course of ~~[transfer,~~possession~~,~~ or use~~],~~ the means of identification was transported in the mail.

Forgery in the second degree has two material elements, each of which the government must prove beyond a reasonable doubt.  These two elements are:

1. One or more members of the conspiracy charged in Count One falsely altered, completed, endorsed, or made a written instrument or uttered a

114

forged instrument, which is or purported to be, or which is calculated to

become or to represent if completed, a contract, identification card,

permit, or other written instrument, which does or may evidence, create,

transfer, terminate, or otherwise affect a legal right, interest, obligation,

or status; and

2.  That the member(s) did so with the intent to defraud.

"Written instrument" means: (a) any paper, document, or other instrument

containing written or printed matter or its equivalent; or (b) any token, coin, stamp,

seal, badge, trademark, or other evidence or symbol of value, right, privilege, or

identification.

"Complete written instrument" means a written instrument which purports to

be genuine and fully drawn with respect to every essential feature thereof.

"Falsely alter", in relation to a written instrument, means to change, without

the authority of the ostensible maker or drawer, a written instrument, whether

complete or incomplete, by means of erasure, obliteration, deletion, insertion of

new matter, transportation of matter, or in any other manner, so that the instrument

so altered falsely appears or purports to be in all respects an authentic creation of

its ostensible maker or authorized by that person.

"Falsely complete", in relation to a written instrument, means to transform,

by adding, inserting, or changing matter, an incomplete written instrument into a

115

complete one, without the authority of the ostensible maker or drawer, so that the complete written instrument falsely appears or purports to be in all respects an authentic creation of its ostensible maker or authorized by him.

"Falsely endorse", in relation to a written instrument, means to endorse, without the authority of the ostensible maker or drawer, any part of a written instrument, whether complete or incomplete, so that the written instrument so endorsed falsely appears or purports to be authorized by the ostensible maker or drawer.

"Falsely make", in relation to a written instrument, means to make or draw a complete written instrument, or an incomplete written instrument, which purports to be an authentic creation of its ostensible maker, but which is not either because the ostensible maker is fictitious or because, if real, the person did not authorize the making or drawing thereof.

"Incomplete written instrument" means a written instrument which contains some matter by way of content or authentication, but which requires additional matter in order to render it a complete written instrument.

"Forged instrument" means a written instrument which has been falsely made, completed, or altered.

"Utter", in relation to a forged instrument, means to offer, whether accepted or not, a forged instrument with representation by acts or words, oral or in writing, that the instrument is genuine.

"Intent to defraud" means that the member(s) either (a) intended to use deception to injure another person's interest, which had value, in which case the required state of mind is "intentionally", or (b) knew that he or she was facilitating an injury to another person's interest, which had value, in which case the required state of mind is "knowingly."

For purposes of forgery in the second degree, a person acts "intentionally" (a) with respect to his or her conduct when it is his or her conscious object to engage in such conduct, or (b) with respect to a result of his conduct when it is his or her conscious object to cause such a result.

For purposes of forgery in the second degree, a person acts "knowingly" (a) with respect to his or her conduct when he or she is aware that his or her conduct is of that nature, or (b) with respect to a result of his or her conduct when he or she is aware that it is practically certain that his or her conduct will cause such a result.

**INSTRUCTION NO. 45**

**INSTRUCTION NO. 47**

The ~~fourteenth~~twelfth type of alleged racketeering activity consists of

~~acts~~structuring a financial transaction, indictable under Section 5324 of Title 31 of

the United States Code.  ~~I will now instruct you on these acts.~~

The crime of structuring a financial transaction in violation of Section 5324

is a racketeering activity.  For you to find that ~~the Defendant~~a person committed

that crime, the government must prove each of the following beyond a reasonable

doubt:

1. ~~The Defendant~~One or more members of the conspiracy charged in Count

   One had knowledge that ~~[specify~~a financial institution~~]~~ is required to

   report currency transactions in amounts greater than $10,000;

2. The ~~Defendant~~ [member(s) structured or attempted to structure~~]~~ a

   currency transaction for the purpose of evading this reporting

   requirement; ~~[and]~~

3. The transaction involved one or more domestic financial institutions~~[;][;~~

   and

4. The ~~Defendant~~member(s) did something that was a substantial step

   toward committing the crime.~~]~~.

~~[A "substantial step" is conduct that strongly corroborated the Defendant's~~

~~intent to commit the crime.  To constitute a substantial step, a Defendant's act or~~

actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.  Mere preparation is not a substantial step toward committing the crime.  Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward commission of a crime.]

A "substantial step" is conduct that strongly corroborated the member's intent to commit the crime.  To constitute a substantial step, a member's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.  Mere preparation is not a substantial step toward committing the crime.  Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward commission of a crime.

For purposes of this instruction, a financial institution must file a currency transaction report with the Internal Revenue Service every time a customer engages in a currency transaction of more than $10,000.

[Specify type of financial institution]Banks insured by the Federal Deposit Insurance Corporation are financial institutions.

A currency transaction is the physical transfer of currency from one person or entity to another person or entity.

A person structures a currency transaction when he[, or she,] by ~~himself~~him or herself or on behalf of others~~,]~~, conducts one or more currency transactions at one or more financial institutions ~~[or different branches of the same financial institution]~~, on one or more days, with the purpose of evading currency transaction reporting requirements.  Structuring may include breaking down a single sum of currency over $10,000 into smaller sums, or conducting a series of cash transactions all at or below $10,000, with the purpose of evading currency transaction reporting requirements.

You may find a member of the ~~Defendant guilty~~conspiracy charged in Count One committed the crime of unlawfully structuring a transaction regardless of whether the financial institution filed a true and accurate currency transaction report.

**INSTRUCTION NO. 46**

## INSTRUCTION NO. 48

The ~~fifteenth~~thirteenth type of alleged racketeering activity consists of ~~acts~~obstruction of justice, indictable under Section 1503 of Title 18 of the United States Code.  ~~I will now instruct you on these acts.~~

The crime of obstruction of justice in violation of Section 1503 is a racketeering activity.  For you to find that ~~the Defendant~~a person committed that crime, the government must prove each of the following beyond a reasonable doubt:

1. ~~The Defendant~~One or more members of the conspiracy charged in Count One influenced, obstructed, or impeded, or tried to influence, obstruct, or impede the due administration of justice; and

2. The ~~Defendant~~member(s) acted corruptly, or by threats or force, or by any threatening communication, with the intent to obstruct justice.

~~[~~The government need not prove that the Defendant's sole or even primary intention was to obstruct justice so long as the government proves beyond a reasonable doubt that one of the Defendant's intentions was to obstruct justice. The Defendant's intention to obstruct justice must be substantial~~.]~~.

For purposes of this instruction, "corruptly" means that the act must be done with the purpose of obstructing justice.

## INSTRUCTION NO. ~~49~~47

The ~~sixteenth~~fourteenth and final type of alleged racketeering activity consists of ~~acts~~tampering with a witness, victim, or informant, indictable under Section 1512 of Title 18 of the United States Code.  ~~I will now instruct you on these acts.~~

The crime of tampering with a witness, victim, or informant in violation of Section 1512(b)(1) is a racketeering activity.  For you to find that ~~the Defendant~~a person committed that crime, the government must prove each of the following beyond a reasonable doubt:

1. ~~The Defendant~~ [One or more members of the conspiracy charged in Count One used intimidation, threatened another person, corruptly persuaded another person, or engaged in misleading conduct toward another person~~]~~[, or attempted to do so~~];~~;

2. The ~~Defendant~~member(s) acted knowingly; ~~[and]~~

3. The ~~Defendant~~member(s) acted with the intent to influence, delay or prevent the testimony of any person in an official proceeding~~[;]~~[; and

4. The Defendant did something that was a substantial step toward committing the crime.~~].~~

[A "substantial step" is conduct that strongly corroborated the ~~Defendant's~~member's intent to commit the crime.  To constitute a substantial step,

a Defendant's the member's act or actions must unequivocally demonstrate that the

crime will take place unless interrupted by independent circumstances.  Mere

preparation is not a substantial step toward committing the crime.  Jurors do not

need to agree unanimously as to which particular act or actions constituted a

substantial step toward commission of a crime.].

For purposes of this instruction,tampering with a witness, victim, or

informant in violation of Section 1512(b)(1), to "corruptly" persuade means the

Defendantmember(s) must persuade with consciousness of wrongdoing.

For purposes of this instruction, the term "misleading conduct" means

[knowingly making a false statement; intentionally omitting information from a

statement and thereby causing a portion of such statement to be misleading, or

intentionally concealing a material fact, and thereby creating a false impression by

such statement; with intent to mislead, knowingly submitting or inviting reliance

on a writing or recording that is false, forged, altered, or otherwise lacking in

authenticity; with intent to mislead, knowingly submitting or inviting reliance on a

sample, specimen, map, photograph, boundary mark, or other object that is

misleading in a material respect; or knowingly using a trick, a scheme, or device

with intent to mislead].

For purposes of this instruction, the word "knowingly" means that the act

was done voluntarily and intentionally and not because of mistake or accident.

~~For purposes of this instruction, the word "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.~~

For purposes of this instruction, the term "official proceeding" includes (1) a proceeding before a judge or court of the United States, (2) a Federal grand jury, or (~~2~~3) a proceeding before a Federal Government agency.  An official proceeding need not be pending or about to be instituted at the time of the offense.  However, the government must prove beyond a reasonable doubt that the particular official proceeding was reasonably foreseeable to the ~~An official proceeding need not be pending or about to be instituted at the time of the offense.  However, the government must prove beyond a reasonable doubt that the particular official proceeding was reasonably foreseeable to the Defendant.~~member(s).

\*\*\*\*\*

The crime of tampering with a witness, victim, or informant in violation of Section 1512(b)(2)(A) is a racketeering activity.  \*\*\*\*\*

~~The crime of tampering with a witness, victim, or informant in violation of Section 1512(b)(2)(A) is a racketeering activity.~~For you to find that ~~the Defendant~~a person committed that crime, the government must prove each of the following beyond a reasonable doubt:

1. ~~The Defendant [~~One or more members of the conspiracy charged in Count One used intimidation~~;~~, threatened another person~~;~~, corruptly

persuaded another person, or engaged in misleading conduct toward

another person~~] [,~~ or attempted to do so~~];;~~

2. The ~~Defendant~~member(s) acted knowingly; ~~[and]~~

3. The ~~Defendant~~member(s) acted with the intent to cause or induce any

person to withhold ~~[~~testimony~~;,~~ a record~~;,~~ a document~~;, or~~ another object~~]~~

from an official proceeding~~[;][;~~ and

4. The ~~Defendant~~member(s) did something that was a substantial step

toward committing the crime.~~]~~.

~~[~~A "substantial step" is conduct that strongly corroborated the

~~Defendant's~~member's intent to commit the crime.  To constitute a substantial step,

the member's act or actions must unequivocally demonstrate that the crime will

take place unless interrupted by independent circumstances.  Mere preparation is

not a substantial step toward committing the crime.  Jurors do not need to agree

unanimously as to which particular act or actions constituted a substantial step

toward commission of a crime.

For purposes of tampering with a witness, victim, or informant in violation

of Section 1512(b)(2)(A), to "corruptly" persuade means the member(s) must

persuade with consciousness of wrongdoing.

*****

127

The crime of tampering with a witness, victim, or informant in violation of Section 1512(b)(2)(B) is a racketeering activity. ~~a Defendant's~~For you to find that a person committed that crime, the government must prove each of the following beyond a reasonable doubt:

1. One or more members of the conspiracy charged in Count One used intimidation, threatened another person, corruptly persuaded another person, or engaged in misleading conduct toward another person, or attempted to do so;

2. The member(s) acted knowingly;

3. The member(s) acted with the intent to cause or induce any person to alter, destroy, mutilate, or conceal an object with the intent to impair the object's integrity or availability for use in an official proceeding; and

4. The member(s) did something that was a substantial step toward committing the crime.

A "substantial step" is conduct that strongly corroborated the member's intent to commit the crime.  To constitute a substantial step, the member's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.  Mere preparation is not a substantial step toward committing the crime.  Jurors do not need to agree unanimously as to

which particular act or actions constituted a substantial step toward commission of a crime.].

For purposes of tampering with a witness, victim, or informant in violation of Section 1512(b)(2)(B), to "corruptly" persuade means the member(s) must persuade with consciousness of wrongdoing.

*****

The crime of tampering with a witness, victim, or informant in violation of Section 1512(b)(3) is a racketeering activity.  *****

The crime of tampering with a witness, victim, or informant in violation of Section 1512(b)(2)(B) is a racketeering activity.  For you to find that the Defendanta person committed that crime, the government must prove each of the following beyond a reasonable doubt:

1. The Defendant [One or more members of the conspiracy charged in Count One used intimidation;, threatened another person;, corruptly persuaded another person, or engaged in misleading conduct toward another person] [, or attempted to do so];;

2. The Defendantmember(s) acted knowingly; [and]

3.  The Defendantmember(s) acted with the intent to causehinder, delay or induce any person to [alter; destroy; mutilate; conceal] an object withprevent the intent to impaircommunication of information to a law

enforcement officer of the object's integrityUnited States or availability

for use in an official proceeding[;][judge of the United States;

3.4.   Such information related to the commission or possible commission

of a federal offense or violation of conditions of supervised release or

release pending judicial proceedings; and

4.5.   The Defendantmember(s) did something that was a substantial step

toward committing the crime.].

[A "substantial step" is conduct that strongly corroborated the

Defendant'smember's intent to commit the crime.  To constitute a substantial step,

a Defendant'sthe member's act or actions must unequivocally demonstrate that the

crime will take place unless interrupted by independent circumstances.  Mere

preparation is not a substantial step toward committing the crime.  Jurors do not

need to agree unanimously as to which particular act or actions constituted a

substantial step toward commission of a crime.].

The government need not prove that the member(s)*****

The crime of tampering with a witness, victim, or informant in violation of

Section 1512(b)(3) is a racketeering activity.  For you to find that the Defendant

committed that crime, the government must prove each of the following beyond a

reasonable doubt:

1. The Defendant [used intimidation; threatened another person; corruptly persuaded another person, or engaged in misleading conduct toward another person] [or attempted to do so];

2. The Defendant acted knowingly;

3. The Defendant acted with the intent to hinder, delay or prevent the communication of information to [a law enforcement officer of the United States; judge of the United States]; [and]

4. Such information related to the commission or possible commission of a [federal offense; violation of conditions of [probation; supervised release; release pending judicial proceedings]][;] [and

5. The Defendant did something that was a substantial step toward committing the crime.]

[A "substantial step" is conduct that strongly corroborated the Defendant's intent to commit the crime. To constitute a substantial step, a Defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances. Mere preparation is not a substantial step toward committing the crime. Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward commission of a crime.]

~~The government need not prove that the Defendant~~ had a particular federal law enforcement officer, or even a general thought about federal officers, in mind. The government also need not prove that a communication would have been to a federal officer.  However, the government must prove it was reasonably likely under the circumstances that at least one relevant communication would have been made to a federal officer.

For purposes of tampering with a witness, victim, or informant in violation of Section 1512(b)(3), to "corruptly" persuade means the member(s) must persuade with consciousness of wrongdoing.

\*\*\*\*\*

The crime of obstructing justice in violation of Section 1512(c)(1) is a racketeering activity.  For you to find that ~~the Defendant~~a person committed that crime, the government must prove each of the following beyond a reasonable doubt:

1. ~~The Defendant~~One or more members of the conspiracy charged in Count One corruptly altered, destroyed, mutilated, or concealed a record, document, or other object, [or attempted to do so~~]; [and];~~

2. The ~~Defendant~~member(s) acted with the intent to impair the object's integrity or availability for use in an official proceeding~~[;] [;~~ and

3. The ~~Defendant~~member(s) did something that was a substantial step toward committing the crime~~.~~].

[A "substantial step" is conduct that strongly corroborated the ~~Defendant's~~member's intent to commit the crime.  To constitute a substantial step, the member's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.  Mere preparation is not a substantial step toward committing the crime.  Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward commission of a crime.

For purposes of obstructing justice in violation of Section 1512(c)(1), the word "corruptly" means that the act must be done with the purpose of obstructing justice.

*****

The crime of obstructing justice in violation of Section 1512(c)(2) is a racketeering activity.  For the Defendant to be found guilty of that crime, the government must prove each of the following beyond a reasonable doubt:

1. ~~a Defendant's~~One or more members of the conspiracy charged in Count One obstructed, influenced, or impeded an official proceeding, or attempted to do so;

2. The member(s) acted corruptly; and

133

3.  The member(s) did something that was a substantial step toward committing the crime.

A "substantial step" is conduct that strongly corroborated the member's intent to commit the crime.  To constitute a substantial step, the member's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.  Mere preparation is not a substantial step toward committing the crime.  Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward commission of a crime.

For purposes of ~~this offense,~~obstructing justice in violation of Section 1512(c)(2), the word "corruptly" means that the ~~Defendant acted~~act must be done with ~~consciousness of wrongdoing~~the purpose of obstructing justice.

## INSTRUCTION NO. 48

*****

The crime of obstructing justice in violation of Section 1512(c)(2) is a racketeering activity.  For the Defendant to be found guilty of that crime, the government must prove each of the following beyond a reasonable doubt:

1.  On or about [date,] the Defendant obstructed, influenced, or impeded an official proceeding, [or attempted to do so]; [and]

2.  The Defendant acted corruptly[;][and

3.  The Defendant did something that was a substantial step toward committing the crime.]

[A "substantial step" is conduct that strongly corroborated the Defendant's intent to commit the crime.  To constitute a substantial step, a Defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.  Mere preparation is not a substantial step toward committing the crime.  Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward commission of a crime.]

For purposes of this offense, the word "corruptly" means the Defendant acted with consciousness of wrongdoing.

**INSTRUCTION NO. 50**

Turning to the other counts of the Indictment, in Count Two, the Defendant is charged with committing a crime of violence; specifically, murder in aid of racketeering in violation of ~~Section~~Sections 1959(a)(1) and 2 of Title 18 of the United States Code.  For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1. On or about July 30, 2016, an enterprise affecting interstate commerce existed;

2. The enterprise engaged in racketeering activity;

3. The Defendant committed, or aided and abetted, ~~[or attempted to commit]~~ the following crime of violence: the murder of Johnathan Fraser in the second degree as that offense is defined above in Instruction No. [~~34];~~33]; and

4. The Defendant's purpose in committing, or aiding or abetting, ~~[or attempting to commit]~~ the murder of Johnathan Fraser in the second degree was to gain entrance to, or to maintain, or to increase his position in the enterprise~~; and~~.

5. ~~[The Defendant did something that was a substantial step toward committing the crime.]~~

With respect to the first element, the government must prove that an "enterprise" existed that was engaged in or had an effect on interstate commerce. An enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal. The personnel of the enterprise, however, may change and need not be associated with the enterprise for the entire period alleged in the Indictment. This group of people does not have to be a legally recognized entity, such a partnership or corporation. This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose. The name of the organization itself is not an element of the offense and does not have to be proved. Therefore, the government must prove beyond a reasonable doubt that this was a group of people (1) associated for a common purpose of engaging in a course of conduct, (2) that the association of these people was an ongoing formal or informal organization, and (3) the group was engaged in or had an effect upon interstate or foreign commerce. The government need not prove that the enterprise had any particular organizational structure.

With respect to the first element, "interstate commerce" includes the movement of goods, services, money, and individuals between states. These goods can be legal or illegal. Only a minimal effect on commerce is required and the

137

effect need only be probable or potential, not actual.  It is not necessary to prove that the Defendant's own acts affected interstate commerce as long as the enterprise's acts had such effect.

With respect to the second element, the government must prove that the enterprise was engaged in racketeering activity.  "Racketeering activity" means the commission of certain crimes, which are listed above in Instruction No. [33] and defined in the instructions thereafter.  You are to apply those instructions here in determining whether the enterprise was engaged in racketeering activity.  The government must prove beyond a reasonable doubt that the enterprise was engaged in at least one of the crimes listed above in Instruction No. [33].

With respect to the fourth element, the government must prove beyond a reasonable doubt that the Defendant's "purpose" was to gain entrance to, or to maintain, or to increase his position in the enterprise.  It is not necessary for the government to prove that this motive was the Defendant's sole purpose, or even the primary purpose, in committing [or attempting to commit] the charged crime. You need only find that enhancing his status in the enterprise was a substantial purpose of the Defendant or that he committed [or attempted to commit] the charged crime as an integral aspect of membership in the enterprise.  In determining the Defendant's purpose in committing [or attempting to commit] the alleged crime, you must determine what he had in mind.  Because you cannot look

138

into a person's mind, you have to determine purpose by considering all the facts and circumstances before you.

With respect to the fifth element, a "substantial step" is conduct that strongly corroborated the Defendant's intent to commit the crime.  To constitute a substantial step, the Defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.  Mere preparation is not substantial step toward committing the crime.  Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

## INSTRUCTION NO. 51

With respect to the first element, the government must prove that an "enterprise" existed that was engaged in or had an effect on interstate commerce. An enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal. The personnel of the enterprise, however, may change and need not be associated with the enterprise for the entire period alleged in the Indictment. This group of people does not have to be a legally recognized entity, such a partnership or corporation. This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose. The name of the organization itself is not an element of the offense and does not have to be proved. Therefore, the government must prove beyond a reasonable doubt that this was a group of people with (1) a common purpose, (2) relationships among those associated with the enterprise, and (3) longevity sufficient to permit these associates to pursue the enterprise's purpose. The government need not prove that the enterprise had any particular organizational structure.

With respect to the first element, "interstate commerce" includes the movement of goods, services, money, and individuals between states. These goods

can be legal or illegal.  Only a minimal effect on commerce is required and the

effect need only be probable or potential, not actual.  It is not necessary to prove

that the Defendant's own acts affected interstate commerce as long as the

enterprise's acts had such effect.

With respect to the second element, the government must prove that the

enterprise was engaged in racketeering activity.  "Racketeering activity" means the

commission of certain crimes, which are listed above in Instruction No. [32] and

defined in the instructions thereafter.  You are to apply those instructions here in

determining whether the enterprise was engaged in racketeering activity.  The

government must prove beyond a reasonable doubt that the enterprise was engaged

in at least one of the crimes listed above in Instruction No. [32].

With respect to the fourth element, the government must prove beyond a

reasonable doubt that the Defendant's "purpose" was to gain entrance to, or to

maintain, or to increase his position in the enterprise.  It is not necessary for the

government to prove that this motive was the Defendant's sole purpose, or even

the primary purpose, in committing the charged crime.  You need only find that

enhancing his status in the enterprise was a substantial purpose of the Defendant or

that he committed the charged crime as an integral aspect of membership in the

enterprise.  In determining the Defendant's purpose in committing the alleged

crime, you must determine what he had in mind.  Because you cannot look into a

person's mind, you have to determine purpose by considering all the facts and

circumstances before you.

## INSTRUCTION NO. 49

The Defendant may be found guilty of murder in aid of racketeering as

charged in Count Two, even if the Defendant personally did not commit the act or

acts constituting the crime but aided and abetted in its commission.  To "aid and

abet" means intentionally to help someone else commit a crime.  To prove the

Defendant guilty of murder in aid of racketeering by aiding and abetting, the

government must prove each of the following beyond a reasonable doubt:

1. Someone else committed murder in aid of racketeering as defined in

   Instruction No. [~~50~~48];

2. The Defendant aided, counseled, commanded, induced, or procured that

   person with respect to at least one element of murder in aid of

   racketeering;

3. The Defendant acted with the intent to facilitate murder in aid of

   racketeering; and

4. The Defendant acted before the crime was completed.

It is not enough that the Defendant merely associated with the person

committing the crime, or unknowingly or unintentionally did things that were

helpful to that person or was present at the scene of the crime.  The evidence must

show beyond a reasonable doubt that the Defendant acted with the knowledge and

intention of helping that person commit murder in aid of racketeering.

143

The Defendant acts with the intent to facilitate the crime when the Defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the Defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely [who] [which defendant] actually committed the crime and [who] [which defendant] aided and abetted.

**INSTRUCTION NO. 52**

### INSTRUCTION NO. 50

The Defendant is charged in Count Three of the Indictment with conspiring to commit a crime of violence; specifically, murder in aid of racketeering in violation of Section 1959(a)(5) of Title 18 of the United States Code.  For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1. InFrom a precise date unknown, but by at least in or about March 2016 and continuing to on or about July 30, 2016, an enterprise affecting interstate commerce existed;

2. The enterprise engaged in racketeering activity;

3. The Defendant conspired to commit the following crime of violence: the murder of Johnathan Fraser in the second degree as that offense is defined above in Instruction No. [3433]; and

4. The Defendant's purpose in conspiring to commit the murder of Johnathan Fraser in the second degree was to gain entrance to, or to maintain, or to increase his position in the enterprise.

The terms "enterprise", "interstate commerce", "racketeering activity", and "purpose" have the same meanings provided above in Instruction No. [5048] and should be applied equally here.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit the murder of Johnathan Fraser in the second degree as an object or purpose of the conspiracy.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person may not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

147

## INSTRUCTION NO. ~~53~~51

The Defendant is charged in Count Four of the Indictment with conspiring to use a facility of interstate commerce in the commission of a murder-for-hire in violation of Section 1958 of Title 18 of the United States Code.  For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1. ~~In~~From a precise date unknown, but by at least in or about March 2016 and continuing to on or about July 30, 2016, the Defendant conspired to use a cellular telephone operating on interstate networks;

2. The Defendant did so with the intent that ~~[~~the murder of Johnathan Fraser in the second degree~~]~~, as that offense is defined above in Instruction No. [33], be committed;

3. The Defendant intended that the murder be committed in exchange for cash or other things of pecuniary value; and

4. The conspiracy resulted in the death of Johnathan Fraser.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to use a cellular telephone operating on interstate networks as an object or purpose of the conspiracy.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person may not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

With respect to the second element, the intent that murder be committed must have existed when the Defendant conspired to use the facility of interstate commerce.

With respect to the third element, "pecuniary value" means anything of value, whether in the form of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage.

## INSTRUCTION NO. ~~54~~52

The Defendant is charged in Count Five of the Indictment with kidnapping resulting in death, or aiding and abetting the same, in violation of Sections 1201(a)(1) and 2 of Title 18 of the United States Code.  For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1. On or about July 30, 2016, the Defendant seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away Johnathan Fraser;

2. The Defendant held Johnathan Fraser against his will;

3. The Defendant used a cellular telephone operating on interstate networks in furtherance of committing the offense; and

4. The kidnapping resulted in the death of Johnathan Fraser.

The government is not required to prove that the Defendant kidnapped Johnathan Fraser for reward or ransom, or for any other purpose.

## INSTRUCTION NO. ~~55~~53

The Defendant may be found guilty of kidnapping in violation of Sections 1201(a)(1) and 2, even if the Defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove the Defendant guilty of kidnapping by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

1. Someone else committed kidnapping as defined in Instruction No. [~~54~~52];

2. The Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of kidnapping;

3. The Defendant acted with the intent to facilitate kidnapping; and

4. The Defendant acted before the crime was completed.

It is not enough that the Defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the Defendant acted with the knowledge and intention of helping that person commit the crime.

The Defendant acts with the intent to facilitate the crime when the Defendant actively participates in a criminal venture with advance knowledge of

the crime and having acquired that knowledge when the Defendant still had a

realistic opportunity to withdraw from the crime.

The government is not required to prove precisely [who] [which defendant]

actually committed the crime and [who] [which defendant] aided and abetted.

## INSTRUCTION NO. ~~56~~54

The Defendant is charged in Count Six of the Indictment with conspiracy to commit kidnapping in violation of Section 1201(c) of Title 18 of the United States Code.  For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1. ~~Beginning~~From a precise date unknown, but by at least in or about March 2016 and ending on or about July 30, 2016, there was an agreement between two or more persons to kidnap Johnathan Fraser using a cellular telephone operating on interstate networks;

2. The Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

3. One of the members of the conspiracy performed at least one overt act in or after March 2016 for the purpose of carrying out the conspiracy.

Kidnapping using a facility of interstate commerce has the same elements provided above in Instruction No. [~~54~~52] and you should apply that instruction equally here.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to kidnap Johnathan Fraser using a cellular telephone operating on interstate networks as an object or purpose of the conspiracy.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person may not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

In addition, for purposes of Count Six, in order for the Defendant to be found guilty of conspiracy, the government must prove beyond a reasonable doubt that one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy. An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the

purpose of carrying out the conspiracy.  The government is not required to prove

that the Defendant personally did one of the overt acts.

## INSTRUCTION NO. ~~57~~55

The Defendant is charged in Count Seven of the Indictment with conspiring to use a facility of interstate commerce in the commission of a murder-for-hire in violation of Section 1958 of Title 18 of the United States Code.  For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1.  In or about 2016, the Defendant conspired to use a cellular telephone operating on interstate networks;

2.  The Defendant did so with the intent that [the murder of Joe Boy Tavares] be committed; and

3.  The Defendant intended that the murder be committed in exchange for cash or other things of pecuniary value.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that

there was a plan to use a cellular telephone operating on interstate networks as an object or purpose of the conspiracy.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person may not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

With respect to the second element, the intent that murder be committed must have existed when the Defendant conspired to use the facility of interstate commerce.

With respect to the third element, "pecuniary value" means anything of value, whether in the form of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage.

# INSTRUCTION NO. ~~58~~56

~~The Defendant is charged in Count Eight of the Indictment with committing a crime of violence, specifically, an assault of Lindsey Kinney with a dangerous weapon and an attempted murder of Lindsey Kinney, in aid of a racketeering enterprise in violation of Section 1959 of Title 18 of the United States Code.  For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:~~

~~1.  On or about May 23, 2017, an enterprise affecting interstate commerce existed;~~

~~2.~~1.    ~~The enterprise engaged in racketeering activity;~~

~~3.  The Defendant committed, or aided and abetted, one or more of the following crimes of violence: assault with a dangerous weapon or attempted murder as defined below; and~~

~~4.  The Defendant's purpose in committing, or aiding and abetting, assault with a dangerous weapon or attempted murder was to gain entrance to, or to maintain, or to increase his position in the enterprise.~~

~~With respect to the first element, the government must prove that an "enterprise" existed that was engaged in or had an effect on interstate commerce. An enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time.  This group of~~

159

people, in addition to having a common purpose, must have an ongoing organization, either formal or informal. The personnel of the enterprise, however, may change and need not be associated with the enterprise for the entire period alleged in the Indictment. This group of people does not have to be a legally recognized entity, such a partnership or corporation. This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose. The name of the organization itself is not an element of the offense and does not have to be proved. Therefore, the government must prove beyond a reasonable doubt that this was a group of people (1) associated for a common purpose of engaging in a course of conduct, (2) that the association of these people was an ongoing formal or informal organization, and (3) the group was engaged in or had an effect upon interstate or foreign commerce. The government need not prove that the enterprise had any particular organizational structure.

With respect to the first element, "interstate commerce" includes the movement of goods, services, money, and individuals between states. These goods can be legal or illegal. Only a minimal effect on commerce is required and the effect need only be probable or potential, not actual. It is not necessary to prove that the Defendant's own acts affected interstate commerce as long as the enterprise's acts had such effect.

With respect to the second element, the government must prove that the enterprise was engaged in racketeering activity. "Racketeering activity" means the commission of certain crimes, which are listed above in Instruction No. [33] and defined in the instructions thereafter. You are to apply those instructions here in determining whether the enterprise was engaged in racketeering activity. The government must prove beyond a reasonable doubt that the enterprise was engaged in at least one of the crimes listed above in Instruction No. [33].

With respect to the third element, a person commits the offense of assault with a dangerous weapon if he intentionally or knowingly causes bodily injury to another person with a dangerous weapon. There are three material elements of the offense of assault with a dangerous weapon, each of which the government must prove beyond a reasonable doubt. These three elements are:

1. That, on or about May 23, 2017, the Defendant caused bodily injury to Lindsey Kinney;

2. That the Defendant did so with a dangerous weapon; and

3. That the Defendant did so intentionally or knowingly.

For the purposes of assault with a dangerous weapon, the terms below have the following meanings. "Bodily injury" means physical pain, illness, or any impairment of physical condition. "Dangerous weapon" means any firearm, whether loaded or not, and whether operable or not, or other weapon, device,

instrument, material, or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to be capable of producing death or serious bodily injury.  "Serious bodily injury" means bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.  A person acts "intentionally" with respect to his conduct when it is his conscious object to engage in such conduct.  A person acts "knowingly" with respect to his conduct when he is aware that his conduct is of that nature.

With respect to the third element, a person commits the offense of attempted murder if he intentionally engages in conduct which, under the circumstances as he believes them to be, is a substantial step in a course of conduct intended or known to cause the death of another person.  There are two material elements of the offense of attempted murder, each of which the government must prove beyond a reasonable doubt.  These two elements are:

1.  That, on or about May 23, 2017, the Defendant intentionally engaged in conduct; and

2.  That the conduct, under the circumstances as the Defendant believed them to be, was a substantial step in a course of conduct intended or known to be practically certain by the Defendant to cause the death of Lindsey Kinney.  Conduct shall not be considered a substantial step

unless it is strongly corroborative of the Defendant's intent to commit

murder, which is intentionally or knowingly causing the death of Lindsey

Kinney.

For purposes of attempted murder, a person acts "intentionally" with respect

to his conduct when it is his conscious object to engage in such conduct, and a

person acts "knowingly" with respect to his conduct when he is aware that his

conduct is of that nature.

With respect to the fourth element, the government must prove beyond a

reasonable doubt that the Defendant's "purpose" was to gain entrance to, or to

maintain, or to increase his position in the enterprise. It is not necessary for the

government to prove that this motive was the Defendant's sole purpose, or even

the primary purpose, in committing the charged crime. You need only find that

enhancing his status in the enterprise was a substantial purpose of the Defendant or

that he committed the charged crime as an integral aspect of membership in the

enterprise. In determining the Defendant's purpose in committing the alleged

crime, you must determine what he had in mind. Because you cannot look into a

person's mind, you have to determine purpose by considering all the facts and

circumstances before you.

## INSTRUCTION NO. 59

The Defendant may be found guilty of committing assault with a dangerous weapon or attempted murder in aid of a racketeering enterprise as charged in Count Eight, even if the Defendant personally did not commit the act or acts constituting either crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove the Defendant guilty of Count Eight by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

1. Someone else committed assault with a dangerous weapon or attempted murder in aid of a racketeering enterprise as defined in Instruction No. [58];

2. The Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of assault with a dangerous weapon or attempted murder in aid of a racketeering enterprise;

3. The Defendant acted with the intent to facilitate assault with a dangerous weapon or attempted murder in aid of a racketeering enterprise; and

4. The Defendant acted before one or more of the crimes was completed.

It is not enough that the Defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime.  The evidence must

show beyond a reasonable doubt that the Defendant acted with the knowledge and intention of helping that person commit the crime.

The Defendant acts with the intent to facilitate the crime when the Defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the Defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely [who] [which defendant] actually committed the crime and [who] [which defendant] aided and abetted.

## INSTRUCTION NO. 60

The Defendant is charged in Count Nine of the Indictment with carrying and using a firearm during and in relation to a crime of violence involving Lindsey Kinney on May 23, 2017, or aiding and abetting the same, specifically, attempted murder and assault with a dangerous weapon in aid of racketeering, in violation of Section 924(c) of Title 18 of the United States Code.  For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1.  The Defendant committed the crime of attempted murder or assault with a dangerous weapon in aid of racketeering as charged in Count Eight of the Indictment.  I instruct you that each of these crimes is a crime of violence; and

2.  The Defendant knowingly carried or used [a firearm] during and in relation to those crimes.

The Defendant "carried" a firearm if he knowingly possessed it and held, moved, conveyed, or transported it in some manner on his person or in a vehicle.

The Defendant "used" a firearm if he actively employed the firearm during and in relation to attempted murder or assault with a dangerous weapon in aid of racketeering.

~~The Defendant carried or used a firearm "during and in relation to" the crime if the firearm facilitated or played a role in the crime.~~

~~For purposes of this instruction, the word "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.~~

## INSTRUCTION NO. 61

The Defendant may be found guilty of carrying and using a firearm during and in relation to a crime of violence, even if the Defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove the Defendant guilty of Count Nine by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

1. Someone else carried or used a firearm during and in relation to a crime of violence as defined in Instruction No. [60];

2. The Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of carrying and using a firearm during and in relation to a crime of violence;

3. The Defendant acted with the intent to facilitate carrying and using a firearm during and in relation to a crime of violence; and

4. The Defendant acted before the crime of carrying and using a firearm during and in relation to a crime of violence was completed.

It is not enough that the Defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime.  The evidence must

show beyond a reasonable doubt that the Defendant acted with the knowledge and intention of helping that person commit the crime.

The Defendant acts with the intent to facilitate the crime when the Defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the Defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely [who] [which defendant] actually committed the crime and [who] [which defendant] aided and abetted.

**INSTRUCTION NO. 62**

The Defendant is charged in Count Ten of the Indictment with conspiring to commit a crime of violence, specifically, assault with a dangerous weapon and assault resulting in serious bodily injury, in aid of a racketeering enterprise in violation of Section 1959(a)(6) of Title 18 of the United States Code.  For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1. OnFrom a precise date unknown, but by at least in or about the late 1990s and continuing to in or about 2018, an enterprise affecting interstate commerce existed;

2. The enterprise engaged in racketeering activity;

2. The enterprise engaged in racketeering activity;

3. The Defendant conspired to commit one or more of the following crimes of violence: assault with a dangerous weapon or assault resulting in serious bodily injury, as defined below; and

4. The Defendant's purpose in conspiring to commit assault with a dangerous weapon andor assault resulting in serious bodily injury was to gain entrance to, or to maintain, or to increase his position in the enterprise.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit assault with a dangerous weapon or assault resulting in serious bodily injury as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person may not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

With respect to the first element, the government must prove that an "enterprise" existed that was engaged in or had an effect on interstate commerce. An enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal. The personnel of the enterprise, however, may change and need not be associated with the enterprise for the entire period alleged in the Indictment. This group of people does not have to be a legally recognized entity, such a partnership or corporation. This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose. The name of the organization itself is not an element of the offense and does not have to be proved.

Therefore, the government must prove beyond a reasonable doubt that this was a group of people with (1) associated for a common purpose of engaging in a course of conduct, (2) thatrelationships among those associated with the association of these people was an ongoing formal or informal organizationenterprise, and (3) longevity sufficient to permit these associates to pursue the group was engaged in or had an effect upon interstate or foreign commerceenterprise's purpose. The government need not prove that the enterprise had any particular organizational structure.

172

With respect to the first element, "interstate commerce" includes the movement of goods, services, money, and individuals between states.  These goods can be legal or illegal.  Only a minimal effect on commerce is required and the effect need only be probable or potential, not actual.  It is not necessary to prove that the Defendant's own acts affected interstate commerce as long as the enterprise's acts had such effect.

With respect to the second element, the government must prove that the enterprise was engaged in racketeering activity.  "Racketeering activity" means the commission of certain crimes, which are listed above in Instruction No. [32] and defined in the instructions thereafter.  You are to apply those instructions here in determining whether the enterprise was engaged in racketeering activity.  The government must prove beyond a reasonable doubt that the enterprise was engaged in at least one of the crimes listed above in Instruction No. [32].

With respect to the third element, a person commits the offense of assault with a dangerous weapon if he intentionally or knowingly causes bodily injury to another person with a dangerous weapon.  There are three material elements of the offense of assault with a dangerous weapon, each of which the government must prove beyond a reasonable doubt.  These three elements are:[33] and defined in the instructions thereafter.  You are to apply those instructions here in determining whether the enterprise was engaged in racketeering activity.  The government must

173

~~prove beyond a reasonable doubt that the enterprise was engaged in at least one of the crimes listed above in Instruction No. [33].~~

~~With respect to the third element, a person commits the offense of assault with a dangerous weapon if he intentionally or knowingly causes bodily injury to another person with a dangerous weapon.  There are three material elements of the offense of assault with a dangerous weapon, each of which the government must prove beyond a reasonable doubt.  These three elements are:~~

1. That~~, [in or about~~ a member of the ~~late 1990s and continuing to in or about 2018], the Defendant~~conspiracy charged in Count Ten caused bodily injury to ~~[~~another person~~];.;~~

2. That the ~~Defendant~~member did so with a dangerous weapon; and

3. That the ~~Defendant~~member did so intentionally or knowingly.

With respect to the third element, a person commits the offense of assault resulting in serious bodily injury if he intentionally or knowingly causes serious bodily injury to another person.  There are two material elements of the offense of assault resulting in serious bodily injury, each of which the government must prove beyond a reasonable doubt.  These two elements are:

1. That~~, [in or about the late 1990s and continuing to in or about 2018], the~~ ~~Defendant~~ a member of the conspiracy charged in Count Ten caused serious bodily injury to ~~[~~another person~~];;~~ and

2. That the ~~Defendant~~member did so intentionally or knowingly.

For the purposes of assault with a dangerous weapon and assault resulting in serious bodily injury, the terms below have the following meanings.  "Bodily injury" means physical pain, illness, or any impairment of physical condition. "Dangerous weapon" means any firearm, whether loaded or not, and whether operable or not, or other weapon, device, instrument, material, or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to be capable of producing death or serious bodily injury.  "Serious bodily injury" means bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.  A person acts "intentionally" with respect to his conduct when it is his conscious object to engage in such conduct.  A person acts "knowingly" with respect to his conduct when he is aware that his conduct is of that nature.

With respect to the fourth element, the government must prove beyond a reasonable doubt that the Defendant's "purpose" was to gain entrance to, or to maintain, or to increase his position in the enterprise.  It is not necessary for the

government to prove that this motive was the Defendant's sole purpose, or even the primary purpose, in committing the charged crime.  You need only find that enhancing his status in the enterprise was a substantial purpose of the Defendant or that he committed the charged crime as an integral aspect of membership in the enterprise.  In determining the Defendant's purpose in committing the alleged crime, you must determine what he had in mind.  Because you cannot look into a person's mind, you have to determine purpose by considering all the facts and circumstances before you.

**INSTRUCTION NO. 6357**

The Defendant is charged in Count Eleven of the Indictment with conspiring to commit kidnapping in violation of Section 1201(c) of Title 18 of the United States Code.  For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1. In or about October 2017, there was an agreement between two or more persons to seize, confine, inveigle, decoy, kidnap, abduct, or carry away Seung Ji Robert Lee using cellular telephones operating on interstate networks in furtherance of committing the offense;

2. The Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

3. One of the members of the conspiracy performed at least one overt act in or about October 2017 for the purpose of carrying out the conspiracy.

The government is not required to prove that the Defendant kidnapped Seung Ji Robert Lee for reward or ransom, or for any other purpose.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to kidnap Seung Ji Robert Lee using cellular telephones operating on interstate networks as an object or purpose of the conspiracy.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person may not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

In addition, for purposes of Count Eleven, in order for the Defendant to be found guilty of conspiracy, the government must prove beyond a reasonable doubt that one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy. An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the

purpose of carrying out the conspiracy.  The government is not required to prove

that the Defendant personally performed one of the overt acts.

## INSTRUCTION NO. ~~64~~58

The Defendant is charged in Count Twelve of the Indictment with

conspiracy to use a chemical weapon in violation of Section 229(a)(2) of Title 18

of the United States Code.  For the Defendant to be found guilty of that charge, the

government must prove each of the following elements beyond a reasonable doubt:

1. In or about March 2017, there was an agreement between two or more

   persons to use a chemical weapon for a non-peaceful purpose;

2. The Defendant became a member of the ~~agreement~~conspiracy knowing

   of at least one of its objects and intending to help accomplish it; and

3. The agreement took place in the United States.

A conspiracy is a kind of criminal partnership—an agreement of two or

more persons to commit one or more crimes.  The crime of conspiracy is the

agreement to do something unlawful; it does not matter whether the crime agreed

upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators

made a formal agreement or that they agreed on every detail of the conspiracy.  It

is not enough, however, that they simply met, discussed matters of common

interest, acted in similar ways, or perhaps helped one another.  You must find that

there was a plan to use a chemical weapon for a non-peaceful purpose as an object

or purpose of the conspiracy.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person may not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

A chemical, namely, chloropicrin, is a "chemical weapon" if, when considering the type of chemical used and the circumstances in which the chemical was used, there was a potential to cause severe harm to many people.

"Peaceful purpose" means any peaceful purpose related to an industrial, agricultural, research, medical, or pharmaceutical activity or other activity.

**INSTRUCTION NO. ~~65~~59**

The Defendant is charged in Count Thirteen of the Indictment with using a chemical weapon in violation of Section 229(a) of Title 18 of the United States Code.  For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1. On or about March 4, 2017, at the District Nightclub, the Defendant used a chemical weapon for a non-peaceful purpose or induced another to do so;

2. The Defendant did so knowingly; and

3. The Defendant's conduct, or the conduct the Defendant induced, occurred in the United States.

The terms "chemical weapon" and "peaceful purpose" have the same meanings provided above in Instruction No. [~~64~~58] and should be applied equally here.

For purposes of this instruction, the word "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.

## INSTRUCTION NO. ~~66~~60

The Defendant may be found guilty of using a chemical weapon as charged in Count Thirteen, even if the Defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove the Defendant guilty of Count Thirteen by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

1.  Someone else used a chemical weapon as charged in Count Thirteen;

2.  The Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of using a chemical weapon as charged in Count Thirteen;

3.  The Defendant acted with the intent to facilitate using a chemical weapon as charged in Count Thirteen; and

4.  The Defendant acted before the crime of using a chemical weapon as charged in Count Thirteen was completed.

It is not enough that the Defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the Defendant acted with the knowledge and intention of helping that person commit the crime.

The Defendant acts with the intent to facilitate the crime when the
Defendant actively participates in a criminal venture with advance knowledge of
the crime and having acquired that knowledge when the Defendant still had a
realistic opportunity to withdraw from the crime.

The government is not required to prove precisely [who] [which defendant]
actually committed the crime and [who] [which defendant] aided and abetted.

## INSTRUCTION NO. 61

### INSTRUCTION NO. 67

The Defendant is charged in Count Fourteen of the Indictment with using a chemical weapon in violation of Section 229(a) of Title 18 of the United States Code.  For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1. On or about March 5, 2017, at the Ginza Nightclub, the Defendant used a chemical weapon for a non-peaceful purpose or induced another to do so;

2. The Defendant did so knowingly; and

3. The Defendant's conduct, or the conduct the Defendant induced, occurred in the United States.

The terms "chemical weapon" and "peaceful purpose" have the same meanings provided above in Instruction No. [6458] and should be applied equally here.

For purposes of this instruction, the word "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.

## INSTRUCTION NO. ~~68~~62

The Defendant may be found guilty of using a chemical weapon as charged in Count Fourteen, even if the Defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove the Defendant guilty of Count Fourteen by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

1.  Someone else used a chemical weapon as charged in Count Fourteen;

2.  The Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of using a chemical weapon as charged in Count Fourteen;

3.  The Defendant acted with the intent to facilitate using a chemical weapon as charged in Count Fourteen; and

4.  The Defendant acted before the crime of using a chemical weapon as charged in Count Fourteen was completed.

It is not enough that the Defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the Defendant acted with the knowledge and intention of helping that person commit the crime.

The Defendant acts with the intent to facilitate the crime when the Defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the Defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely [who] [which defendant] actually committed the crime and [who] [which defendant] aided and abetted.

**INSTRUCTION NO. 69**

## INSTRUCTION NO. 63

The Defendant is charged in Count Fifteen of the Indictment with conspiracy to distribute and possess with intent to distribute cocaine in violation of Sections 841(a) and (b) and Section 846 of Title 21 of the United States Code. For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1. ~~Beginning in or about~~From a precise date unknown, but by at least July 2014 and ending on or about July 22, 2014, there was an agreement between two or more persons to distribute or possess with intent to distribute cocaine; and

2. The Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

"To distribute" means to deliver or transfer possession of cocaine to another person, with or without any financial interest in that transaction.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of cocaine to another person, with or without any financial interest in the transaction.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the

190

agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to distribute or possess with intent to distribute cocaine as an object or purpose of the conspiracy.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person may not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

**INSTRUCTION NO. ~~70~~64**

~~If you find the Defendant guilty of the charge in~~In connection with Count Fifteen ~~of the Indictment~~, you ~~are then~~may be required to determine whether the government proved beyond a reasonable doubt that the amount of cocaine involved was (1) 5 kilograms or more, (2) at least 500 grams but less than 5 kilograms, or (3) less than 500 grams.

Your determination of weight must not include the weight of any packaging material.

Your decision as to weight must be unanimous.

The government does not have to prove that the Defendant knew the quantity of cocaine involved.

## INSTRUCTION NO. ~~71~~65

The Defendant is charged in Count Sixteen of the Indictment with conspiracy to distribute and possess with intent to distribute [methamphetamine, cocaine, oxycodone, and marijuana] in violation of Sections 841(a) and (b) and Section 846 of Title 21 of the United States Code.  For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1. Beginning in or about 2016 and continuing to in or about August 2018, there was an agreement between two or more persons to distribute or possess with intent to distribute [methamphetamine, cocaine, oxycodone, and/or marijuana]; and

2. The Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

"To distribute" means to deliver or transfer possession of [methamphetamine, cocaine, oxycodone, and/or marijuana] to another person, with or without any financial interest in that transaction.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of [methamphetamine, cocaine, oxycodone, and/or marijuana] to another person, with or without any financial interest in the transaction.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to distribute or possess with intent to distribute methamphetamine, cocaine, oxycodone, and/or marijuana as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person may not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object

or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a

person does not become a conspirator merely by associating with one or more

persons who are conspirators, nor merely by knowing that a conspiracy exists.

## INSTRUCTION NO. 72

If you find the Defendant guilty of the charge in Count Sixteen of the Indictment, you are then to determine whether the government proved beyond a reasonable doubt that the amount of methamphetamine: involved (a) 500 grams or more, (b) at least 50 but less than 500 grams, or (c) more than zero but less than 50 grams; and/or the amount of cocaine: involved (a) 5 kilograms or more, (b) at least 500 grams but less than 5 kilograms, or (c) more than zero but less than 500 grams.

Your determination of weight must not include the weight of any packaging material.

Your decision as to weight must be unanimous.

The government does not have to prove that the Defendant knew the quantity of methamphetamine or cocaine involved.

You do not need to make a determination of the amount of oxycodone or marijuana, if any, involved.

## ~~INSTRUCTION NO. 73~~

The Defendant is charged in Count Twenty of the Indictment with bank

fraud in violation of Section 1344(2) of Title 18 of the United States Code.  For the

Defendant to be found guilty of that charge, the government must prove each of the

following elements beyond a reasonable doubt:

1. From on or about April 21, 2017 up to and including on or about July 3,

   2017, the Defendant knowingly carried out a scheme or plan to obtain

   money or property from the Bank of Hawaii by making false statements

   or promises;

2. The Defendant knew that the statements or promises were false;

3. The statements or promises were material; that is, [they had a natural

   tendency to influence, or were capable of influencing, a financial

   institution to part with money or property] [ and they directly or

   indirectly deceived a financial institution about the nature of the

   bargain];;

4. The Defendant acted with the intent to defraud; and

5. The Bank of Hawaii was federally chartered or insured.

[You may determine whether the Defendant had an honest, good faith belief

in the truth of the specific representations alleged in the Indictment in determining

whether or not the Defendant acted with intent to defraud.  However, the

Defendant's belief that the victims of the fraud will be paid in the future or will sustain no economic loss is no defense to the crime.]

For purposes of this instruction, the word "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.

[A statement deceives about the "nature of the bargain" when it goes to price or quality, or otherwise to essential aspects of the transaction.].

An "intent to defraud" is an intent to deceive and cheat.

## INSTRUCTION NO. 7466

The Defendant may be found guilty of bank fraud as charged in Count Twenty, even if the Defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove the Defendant guilty of bank fraud by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

1. Someone else committed bank fraud as charged in Count Twenty;

2. The Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of bank fraud as charged in Count Twenty;

3. The Defendant acted with the intent to facilitate bank fraud as charged in Count Twenty; and

4. The Defendant acted before the crime of bank fraud as charged in Count Twenty was completed.

It is not enough that the Defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the Defendant acted with the knowledge and intention of helping that person commit bank fraud.

The Defendant acts with the intent to facilitate the crime when the Defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the Defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely [who] [which defendant] actually committed the crime and [who] [which defendant] aided and abetted.

**INSTRUCTION NO. 67**

**INSTRUCTION NO. 75**

The Defendant is charged in Count Twenty-One of the Indictment with

obstructing justice [by causing [Individual A]Angela Varnadore to create a

character letter in the name of K.N.,]Kurt Nosal, in violation of Section 1512(c)(2)

of Title 18 of the United States Code.  For the Defendant to be found guilty of that

charge, the government must prove each of the following beyond a reasonable

doubt:

1. OnFrom a precise date unknown, but by on or about September 15, 2017

   and continuing to on or about August 11, 2020, the Defendant obstructed,

   influenced, or impeded an official proceeding, or attempted to do so;

   [and]

2. The Defendant acted corruptly[;][; and

3. The Defendant did something that was a substantial step toward

   committing the crime.].

A "substantial step" is conduct that strongly corroborated the Defendant's

intent to commit the crime.  To constitute a substantial step, a Defendant's act or

actions must unequivocally demonstrate that the crime will take place unless

interrupted by independent circumstances.  Mere preparation is not a substantial

step toward committing the crime.  Jurors do not need to agree unanimously as to

which particular act or actions constituted a substantial step toward commission of

202

a crime[A "substantial step" is conduct that strongly corroborated the Defendant's intent to commit the crime.  To constitute a substantial step, a Defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.  Mere preparation is not a substantial step toward committing the crime.  Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward commission of a crime.]

.

For purposes of this instruction, the word "corruptly" means that the act must be done with the purpose of obstructing justice.

For purposes of this instruction, the term "official proceeding" includes proceedings before a judge or court of the United States.  An official proceeding need not be pending or about to be instituted at the time of the offense.  However, the government must prove beyond a reasonable doubt that the Defendant acted with consciousness of wrongdoingreasonably foresaw the particular official proceeding.

For purposes of this instruction, the term "official proceeding" includes proceedings before a judge or court of the United States.  An official proceeding need not be pending or about to be instituted at the time of the offense.  However,

203

~~the government must prove beyond a reasonable doubt that the Defendant reasonably foresaw the particular official proceeding.~~

[The government need not prove that the Defendant's sole or even primary intention was to obstruct justice so long as the government proves beyond a reasonable doubt that one of the ~~defendant's~~Defendant's intentions was to obstruct justice.  The Defendant's intention to obstruct justice must be substantial.~~]~~

.

## INSTRUCTION NO. ~~76~~68

The Defendant may be found guilty of obstructing justice as charged in Count Twenty-One, even if the Defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove the Defendant guilty of Count Twenty-One by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

1. Someone else obstructed justice as charged in Count Twenty-One;

2. The Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of obstructing justice as charged in Count Twenty-One;

3. The Defendant acted with the intent to facilitate obstructing justice as charged in Count Twenty-One; and

4. The Defendant acted before the crime of obstructing justice as charged in Count Twenty-One was completed.

It is not enough that the Defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the Defendant acted with the knowledge and intention of helping that person commit the crime.

The Defendant acts with the intent to facilitate the crime when the Defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the Defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely [who] [which defendant] actually committed the crime and [who] [which defendant] aided and abetted.

## INSTRUCTION NO. 69

**INSTRUCTION NO. 77**

The Defendant is charged in Count Twenty-Two of the Indictment with

obstructing justice [by causing [Individual A]Angela Varnadore to alter a character

letter in the name of L.K.,]Larry Kapu, in violation of Section 1512(c)(2) of Title

18 of the United States Code.  For the Defendant to be found guilty of that charge,

the government must prove each of the following beyond a reasonable doubt:

1.  OnFrom a precise date unknown, but by at least on or about January 2,

    2019 continuing to on or about August 11, 2020, the Defendant

    obstructed, influenced, or impeded an official proceeding, or attempted to

    do so; [and]

2.  The Defendant acted corruptly[;][; and

3.  The Defendant did something that was a substantial step toward

    committing the crime.].

A "substantial step" is conduct that strongly corroborated the Defendant's

intent to commit the crime.  To constitute a substantial step, a Defendant's act or

actions must unequivocally demonstrate that the crime will take place unless

interrupted by independent circumstances.  Mere preparation is not a substantial

step toward committing the crime.  Jurors do not need to agree unanimously as to

which particular act or actions constituted a substantial step toward commission of

a crime[A "substantial step" is conduct that strongly corroborated the Defendant's

intent to commit the crime.  To constitute a substantial step, a Defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.  Mere preparation is not a substantial step toward committing the crime.  Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward commission of a crime.]

.

For purposes of this instruction, the word "corruptly" means that the Defendant acted act must be done with consciousness of wrongdoing.

For purposes of this instruction, the term "official proceeding" includes proceedings before a judge or court of the United States.  An official proceeding need not be pending or about to be instituted at the time of the offense.  However, the government must prove beyond a reasonable doubt that the Defendant reasonably foresaw the particular official proceeding purpose of obstructing justice.

For purposes of this instruction, the term "official proceeding" includes proceedings before a judge or court of the United States.  An official proceeding need not be pending or about to be instituted at the time of the offense.  However, the government must prove beyond a reasonable doubt that the Defendant reasonably foresaw the particular official proceeding.

[The government need not prove that the Defendant's sole or even primary intention was to obstruct justice so long as the government proves beyond a reasonable doubt that one of the defendant'sDefendant's intentions was to obstruct justice.  The Defendant's intention to obstruct justice must be substantial.].

## INSTRUCTION NO. ~~78~~70

The Defendant may be found guilty of obstructing justice as charged in Count Twenty-Two, even if the Defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove the Defendant guilty of Count Twenty-Two by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

1. Someone else obstructed justice as charged in Count Twenty-Two;

2. The Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of obstructing justice as charged in Count Twenty-Two;

3. The Defendant acted with the intent to facilitate obstructing justice as charged in Count Twenty-Two; and

4. The Defendant acted before the crime of obstructing justice as charged in Count Twenty-Two was completed.

It is not enough that the Defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the Defendant acted with the knowledge and intention of helping that person commit the crime.

The Defendant acts with the intent to facilitate the crime when the Defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the Defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely [who] [which defendant] actually committed the crime and [who] [which defendant] aided and abetted.

## INSTRUCTION NO. ~~79~~71

During these Instructions, you may have noticed gaps in the numbering of the counts charged in the Indictment.  For reasons that do not concern you, Counts Eight to Nine and Sixteen to Nineteen are not before you.  You should not speculate about why those counts are not before you.

The Defendant is on trial only for the counts as to which I have just instructed you.  You may consider the evidence presented only as it relates to those counts.  The Defendant is not on trial for any conduct or offense not charged in the Indictment.

## INSTRUCTION NO. 72

[You must decide whether the conspiracies charged in the Indictment

existed, and, if they did, who at least some of the members were.  If you find that

the conspiracies charged did not exist, then you must return a not guilty verdict,

even though you may find that some other, uncharged conspiracy existed.

Similarly, if you find that the Defendant was not a member of the charged

conspiracies, then you must find the Defendant not guilty, even though the

Defendant may have been a member of some other, uncharged conspiracy.].

215

## INSTRUCTION NO. 80

[You are here only to determine whether the Defendant is guilty, or not guilty, of the charges in the Indictment.  The Defendant is not on trial for any conduct or offense not charged in the Indictment.]

**INSTRUCTION NO. 81**

## INSTRUCTION NO. 73

Remember that even during your deliberations, my mandate to you still applies that you not read any news stories or articles, listen to any radio, or watch any television reports about the case or about anyone who has anything to do with it.  Do not do any research, such as consulting dictionaries, searching the internet, or using other reference materials, and do not make any investigation about the case on your own.  And do not discuss the case in any manner with others, directly or through social media.  You may only discuss the case with your fellow jurors during your deliberations, with all twelve of you present.

## INSTRUCTION NO. ~~82~~74

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

**INSTRUCTION NO. ~~83~~75**

Upon retiring to the jury room, you should first select one of you to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.  A verdict form has been prepared for your convenience.

(Explain Verdict Form)

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then ~~return to the courtroom~~notify the Courtroom Manager, Ms. Kimura, that the jury has reached a verdict.

If, during your deliberations, you desire to communicate with the Court, please put your message or question in a note, and have the foreperson sign the note.  The foreperson will then contact the Courtroom Manager~~, Ms. Kimura~~.  The Courtroom Manager will pick up the note and bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, that you should never state or specify your numerical division at any time.  For example, you should never state that "x" number of jurors are leaning or voting one way and "x" number of jurors are leaning or voting another way.

220

[Intentionally left blank in event further instructions needed.]