# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL J. MISKE, JR.,<br><br>　　　　　Defendant. | CR 19-00099-DKW-KJM-1<br><br>**COURT PROPOSED JURY INSTRUCTIONS – FORFEITURE DRAFT 1** |

## INSTRUCTION NO. 1

As I explained to you at the beginning of this forfeiture proceeding, in the Third Superseding Indictment ("Indictment"), it is alleged that certain property is forfeitable to the United States due to its nexus to the Racketeering Conspiracy in Count One, of which the Defendant, Michael J. Miske, Jr. ("Defendant"), was convicted.

To "forfeit" a thing is to be divested or deprived of the ownership of it as a part of the punishment allowed by law for certain criminal offenses.

Here, the United States seeks to forfeit the following:

(1)   The real property located at 6 Lumahai Street, Portlock, Honolulu, Hawaiʻi, and any rental income derived therefrom;

(2)   The real property located at 614 Paokano Loop, Kailua, Hawaiʻi;

(3)   $611,123.60 constituting proceeds of the sale of the real property located at 559 Kumukahi Place, Hawaii Kai, Honolulu, Hawaiʻi;

(4)   The "Painkiller", a 2014 37.5-foot Boston Whaler Pleasure Craft, held in the name of Hawaii Partners LLC;

(5)   Hawaii Longline Limited Entry Permit issued to the fishing vessel "Rachel," held in the name of Kamaʻaina Holdings LLC;

(6)   $676,785.56 constituting proceeds of the sale of the "Rachel", a Tuna Longliner Fishing Vessel, registered to Kamaʻaina Holdings LLC;

(7) A 2017 Ferrari F12 Berlinetta, held in the name of Hawaii Partners LLC;

(8) $81,656.56 in funds seized from a Hawaii Central Federal Credit Union account ending in 075, held in the name of Michael J. Miske;

(9) $300,372.85 in funds seized from a Bank of Hawaii account ending in 415, held in the name of Kama'aina Termite and Pest Control, Inc.;

(10) $1,063,427.35 in funds seized from a Bank of Hawaii account ending in 602, held in the name of Kama'aina Termite and Pest Control, Inc.;

(11) $206,725.80 in funds seized from a Bank of Hawaii account ending in 414, held in the name of Oahu Termite and Pest Management LLC, dba Oahu Termite and Pest Control LLC;

(12) $170,105.72 in funds seized from a Bank of Hawaii account ending in 218, held in the name of Oahu Termite and Pest Management LLC, dba Oahu Termite and Pest Control LLC;

(13) $22,710.48 in funds seized from a Bank of Hawaii account ending in 220, held in the name of Kama'aina Plumbing and Renovations LLC;

(14) Bank of Hawaii Cashier's Check No. 429111 in the amount of $1,162,826.76 payable to Kama'aina Termite and Pest Control;

(15) The following vehicles seized from defendant Michael J. Miske, Jr.'s residence on or about July 15, 2020:

- a. 1951 Volkswagen, VIN 10234188, Hawaii License Plate: SYB865, Registered Owner: Hawaii Partners LLC;

- b. 1956 Volkswagen, VIN 109382821, Hawaii License Plate: 56VDUB, Registered Owner: Hawaii Partners LLC;

- c. 1957 Volkswagen, VIN 1529889, Hawaii License Plate: BBYGRL, Registered Owner: Hawaii Partners LLC;

- d. 1961 Volkswagen Van, VIN: 685167, Hawaii License Plate: SYB762, Registered Owner: Hawaii Partners LLC;

- e. 1970 Ford Bronco, VIN: U15GLG85573, Hawaii License Plate: TTY105, Registered Owner: Hawaii Partners LLC;

(16) The following artwork seized from Michael J. Miske, Jr.'s residence on or about July 15, 2020:

- a. Painting entitled "Ludavico & Ludovio" by RETNA;

- b. Painting entitled "Watermark" by RETNA;

- c. Painting entitled "Forever Young" by RETNA;

- d. Painting entitled "Sangre Oscura" by RETNA;

- e. Painting entitled "Graffiti Does It" by OG Slick;

- f. Sculpture entitled "Slick Skull" by OG Slick;

- g. Sculpture entitled "Uzi Does It" by OG Slick;

      h. Painting entitled "Speaking in Tongues" by Alex "DEFER" Kizu;

      i. Painting entitled "Spiritual Language" by Alex "DEFER" Kizu; and

      j. Painting with unknown title by David Flores

This property will be listed on a Special Verdict Form that will be given to you before you retire to consider your verdict on this matter.

In reaching a verdict, you must determine whether the government has established the requisite nexus or connection between the property and the Racketeering Conspiracy in Count One. Later in these Instructions, I will define the requisite nexus that the government must establish.

## INSTRUCTION NO. 2

Your previous determination that the Defendant is guilty of the Racketeering Conspiracy in Count One is binding on this forfeiture proceeding, and you must not discuss or determine anew whether he is guilty or not guilty of that charge.

Your duty at this phase of the proceeding is solely to determine whether the government has proven the required connection between the property sought for forfeiture and the offense for which you have found the Defendant guilty.  The ultimate disposition of property that you find has a connection to the offense is exclusively a matter for the Court to decide.  You should not consider what might happen to the property in making your determination.  You should disregard any claims of ownership that other persons may have to the property.  The interests that other persons may have in the property will be taken into account by the Court at a later time.  Similarly, any claims that the forfeiture of the property would constitute excessive punishment will be taken into account by the Court at a later time.  Your only concern is to determine whether the property has one or more of the required connections, as set out in the relevant statute, to the Racketeering Conspiracy in Count One.

You are further instructed that, other than the standard of proof, all of the instructions you previously received regarding your consideration of the evidence,

the credibility of witnesses, and reaching a unanimous verdict continue to apply during your deliberations concerning the forfeiture claims.

# INSTRUCTION NO. 3

It is the government's burden to establish the required connection between the property and the offense committed by the Defendant which would make the property subject to forfeiture. You should find that the government has met its burden if it has established that connection by a "preponderance of the evidence."

This is different from the standard that applied to the guilt or innocence of the Defendant. At that stage of the case, the government was required to meet its burden "beyond a reasonable doubt."

To "establish by a preponderance of the evidence" means you must be persuaded by the evidence that the claim is more probably true than not true. This means that something is more likely present than not present. To put it differently, if you were to put the government's evidence and the Defendant's evidence on opposite sides of a balance scale, the government's evidence would have to make the scale tip slightly on its side of the balance. If the government's evidence fails to do this with respect to any item of property, then the government has not met its burden of proof with respect to that item of property.

You should base your decision on all of the evidence, regardless of which party presented it.

## INSTRUCTION NO. 4

Under federal law, any defendant convicted of racketeering conspiracy, in violation of 18 U.S.C. Section 1962, shall forfeit to the United States any property that constitutes: (1) any interest the Defendant has acquired or maintained in violation of Section 1962; (2) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise that the defendant established, operated, controlled, conducted, or participated in the conduct of as part of the offense; *or* (3) any property constituting or derived from any proceeds the Defendant obtained, directly or indirectly, from racketeering activity.

The specific instructions I gave you earlier concerning the definitions related to Count One, such as "conspiracy", "enterprise", "pattern of racketeering", and "racketeering activity" continue to apply.

The government alleges that various properties are forfeitable because they fall into one, or more than one, of the above categories, and thus, have the requisite nexus.

# INSTRUCTION NO. 5

Property is "acquired" in violation of Section 1962 if the Defendant came to own it as a result of the conduct of which he has been found guilty in Count One, or if he paid for the property using proceeds of the illegal conduct. Property is "maintained" in violation of Section 1962 if the Defendant kept it by committing the criminal acts of which he has been found guilty in Count One or if he used proceeds of the illegal acts to keep it.

In this context, the term "proceeds" means any property that the Defendant would not have received "but for" the crime of conviction in Count One.

# INSTRUCTION NO. 6

Property is an "interest" in an enterprise if it is property which carries with it a right of ownership in the enterprise.

Property affords a "source of influence" over the enterprise if it was used by the Defendant to promote or further the affairs of the enterprise.

The government's right to forfeiture includes the Defendant's entire interest in the enterprise, even though some part of the enterprise may not be tainted by racketeering activity.

# INSTRUCTION NO. 7

A Special Verdict Form for Forfeiture has been prepared for you to record your forfeiture verdicts.  The Special Verdict Form requires you to answer questions about the relationship between a property and the Defendant's conviction on Count One of the Indictment.

While deliberating, you may consider any evidence, including testimony, offered by the parties, and admitted into evidence, at any time during this entire trial.

Where indicated in the Special Verdict Form, you may record your verdict by putting an "X" or check mark in the space provided next to the word "YES" or "NO."

You must reach a unanimous verdict as to each question on the Special Verdict Form.  In other words, everyone must agree to each "YES" or "NO" answer given for each question.

# INSTRUCTION NO. 8

Like before, you will take the Special Verdict Form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then notify the Courtroom Manager, Ms. Kimura, that the jury has reached a verdict.

If, during your deliberations, you desire to communicate with the Court, please put your message or question in a note, and have the foreperson sign the note. The foreperson will then contact the Courtroom Manager. The Courtroom Manager will pick up the note and bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that you should never state or specify your numerical division at any time. For example, you should never state that "x" number of jurors are leaning or voting one way and "x" number of jurors are leaning or voting another way.