MICHAEL J. KENNEDY
Law Offices of Michael Jerome Kennedy, PLLC
Nevada State Bar #10103; California State Bar #193901
333 Flint Street
Reno, NV 89501
775-221-7100 (office); 775-233-0914 (mobile)
Email: michael@mjkennedylaw.com

LYNN E. PANAGAKOS   7696
841 Bishop Street, Suite 2201
Honolulu, Hawai`i  96813
Telephone: (808) 542-9943
E-mail:  lynnpanagakos@yahoo.com

*Attorneys for Michael J. Miske, Jr. (01)*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>  vs.<br><br>MICHAEL J. MISKE, JR. (01),<br>JOHN B. STANCIL (02),<br>DELIA FABRO MISKE (12),<br>JASON K. YOKOYAMA (13),<br><br>                          Defendants. | CR. NO. 19-00099-DKW-KJM<br><br>**DEFENDANT MICHAEL J. MISKE, JR.'S MOTION TO ADMIT EXHIBITS 9011-082a AND 9550-002a, AND TO CALL WITNESS ERIC GOLDBERG; CERTIFICATE OF SERVICE** |

DEFENDANT MICHAEL J. MISKE, JR.'S
MOTION TO ADMIT EXHIBIT 9011-082a AND 9550-002a,
AND TO CALL WITNESS ERIC GOLDBERG

      Defendant Michael J. Miske, Jr. respectfully: (1) moves to admit Exhibits

9011-082a and 9550-002a; and (2) requests leave to call retired United States Coast

Guard Investigative Service (CGIS) Special Agent Eric Goldberg, to lay foundation

and provide testimony concerning these exhibits.

Exhibit 9011-082a consists of a two-page excerpt from Exhibit 9011-082. Exhibit 9011-082 consists of an FBI FD-302 Report authored by FBI Special Agent Grant Knorr, attaching and documenting his receipt of satellite imagery he received from the United States Navy on September 11, 2019, during the course of his investigation in this case. Mr. Miske identified trial Exhibit 9011-082 on his First Supplemental Exhibit List, filed on January 24, 2024. During the direct examination of Agent Knorr, he acknowledged his receipt of the satellite imagery from the Navy, and Mr. Miske moved to admit Exhibit 9011-082, pursuant to Federal Rule of Evidence (FRE) 803(8). The Court sustained the government's objection and did not admit the exhibit. Mr. Miske now moves to admit Exhibit 9011-082a, consisting of a two-page excerpt from Exhibit 9011-082, comprised of 9011-082-0004 and 9011-082-0009, which depicts a boat in the Painkiller's mooring at Makani Kai Marina on July 30, 2016, at 11:25 a.m. Mr. Miske moves to admit Exhibit 9011-082a, pursuant to FRE 803(8).

Mr. Miske identified trial exhibit 9550-002 on his Seventy-Fourth Supplemental Exhibit List, filed on June 24, 2024. Exhibit 9550-002 consists of an FBI FD-1057 Electronic Communication drafted by Agent Knorr, enclosing a number of CGIS Reports, including the CGIS Action Supplement Report, dated April 24, 2017, written by now-retired CGIS Special Agent Eric Goldberg, documenting that Agent Goldberg accessed satellite imagery through the same web-based application used by the Navy, and observed a satellite image showing a boat

matching the description of the Painkiller in its mooring on July 30, 2016, at 11:00 a.m. During the direct examination of Agent Knorr, he acknowledged his receipt of the CGIS reports, and Mr. Miske moved to admit Exhibit 9550-002, pursuant to FRE 803(8). The Court sustained the government's objection and did not admit the exhibit. Mr. Miske now moves to admit Exhibit 9550-002a, which consists of a single-page excerpt from Exhibit 9550-002, comprised of 9550-002-0002. Mr. Miske moves to admit Exhibit 9550-002a, pursuant to FRE 803(8).

Under FRE 803(8), the following is not excluded by the rule against hearsay:

(8) Public records. A record of a public office if:

>     (A) it sets out:
>     . . .
>         (iii) . . . against the government in a criminal case, factual findings from a legally authorized investigation; and
>
>     (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

"It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted . . . . *United States v. Sims*, 617 F.2d 1371, 1377 (9th Cir. 1980); *United States v. Smith*, 172 U.S. App. D.C. 297, 521 F.2d 957, 964 (D.C. Cir. 1975); *Colvin v. United States*, 479 F.2d 998, 1003 (9th Cir. 1973)." *United States v. Paznit*, 703 F.3d 420, 424-25 (9th Cir. 1983). This is precisely what Mr. Miske seeks to admit here. A satellite image and metadata captured by an officer of the Navy, and a narrative written by a CGIS law enforcement officer which resulted from his own observations of a satellite image.

The Advisory Committee Notes to FRE 803(8) explain that the "[j]ustification

3

for the exception is the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record." *Id.* Adv. Comm. Note (8). This rule "allows for admission of reports containing opinions and conclusions, as well as facts . . . as long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement. *Miller v. Field*, 35 F.3d 1088, 1090 (6th Cir. 1994) (*quoting Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169-70, 109 S. Ct. 439, 102 L. Ed. 2d 445 (1988))." *Simpkins v. Boyd County Fiscal Court,* 48 F. 4th 440, 453 (6th Cir. 2022).

Mr. Miske respectfully submits that Exhibits 9011-082a and 9550-002a fall squarely within FRE 808(8)(A)(iii)'s public records exception to the hearsay rule. Exhibit 9550-082a consists of a record of the United States Navy, a public office, setting out a factual finding from a legally authorized investigation, to wit: that the satellite image depicted in this exhibit depicts boats moored in Makani Kai Marina on July 30, 2016, at 21:25 UTC (i.e., 11:25 local time), including a boat moored in the Painkiller's mooring. The factual finding was by LT Juan Lopez, Chief, Illicit Tracking Branch (ITB), Joint Interagency Task Force – West, providing support to FBI Honolulu. Exhibit 9550-002a consists of a record of the Coast Guard Investigative Service, a public office, setting forth a factual finding from a legally authorized investigation, to wit: on July 30, 2016, "the satellite image was taken at 1100 hours local time," and "a boat matching the description of Painkiller was in its mooring." The factual finding was by CGIS Special Agent Goldberg, who assisted the FBI in numerous ways in the investigation in this case.

4

Moreover, the importance of the evidence that satellite imagery shows a boat resembling the description of the Painkiller in its mooring at 11:00 am and 11:25 am on July 30, 2016 -the day of Johnathan Fraser's disappearance- cannot be overstated. It goes to the heart of Mr. Miske's Sixth Amendment right to present a complete defense. Where, as here, "constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice." *Chambers v. Mississippi,* 410 U.S. 284, 302 (1973).

Mr. Miske respectfully submits that his inability to admit Exhibits 9011-082a and 9550-002a through FBI Special Agent Grant Knorr constitutes good cause to allow him to call retired CGIS Special Agent Eric Goldberg, notwithstanding his failure to list him as a witness until June 27, 2024. Mr. Miske seeks to call retired Agent Goldberg to lay foundation for the admission of 9011-082a and 9550-002a, and to testify that on April 24, 2017, he observed satellite imagery showing a boat matching the description of the Painkiller in its mooring on the morning of July 30, 2016, as reflected in exhibits 9011-082a and 9550-002a.

Mr. Miske's failure to list Eric Goldberg on his witness list was not willful or for the purpose of gaining tactical advantage or unfair surprise. Mr. Miske reasonably believed that Exhibits 9011-082 and 9550-002 were admissible under FRE 803(8), and that Special Agent Grant Knorr's testimony that the attachments to his FBI FD 302 Report and his FD 1087 Electronic Communication are items he received from other law enforcement officers supporting the FBI in the course of

5

this investigation would be sufficient to authenticate these items under FRE 901(a).

Witness preclusion as a sanction for violating a discovery notice requirement can be unconstitutional when it infringes on a defendant's constitutional rights and is disproportionate to purposes the notice requirement is designed to serve. *See, e.g., United States v. Scheffer,* 523 U.S. 303, 308 (1998) (rules excluding evidence from criminal trials do not abridge a defendant's right to present a defense where they are not arbitrary or disproportionate to the purposes they are designed to serve).

"Few rights are more fundamental than that of an accused to present witnesses in his own defense. *E.g., Webb v. Texas,* 409 U.S. 95 (1972); *Washington v. Texas,* 388 U.S. 14, 19 (1967); *In re Oliver,* 333 U.S. 257 (1948)." *Chambers v. Mississippi,* 410 U.S. 284, 302 (1973). When the preclusion of a witness is coupled with the exclusion of critical evidence as hearsay (such as would be the case here if retired Agent Goldberg is precluded and Exhibits 9011-082a and 9550-002a remain excluded), this can deny a defendant "a trial in accord with traditional and fundamental standards of due process." *Chambers,* 410 U.S at 302. Mr. Miske's right to show that a boat resembling the description of the Painkiller was in its mooring at 11:00 am and 11:25 am on July 30, 2016 also goes to the heart of his Sixth Amendment right to present a complete defense.

While the violation of a notice requirement can, in some circumstances, justify the severe sanction of witness preclusion, the Supreme Court has recognized that a less severe sanction "would be 'adequate and appropriate in most cases.'"

6

*Michigan v. Lucas,* 500 U.S. 145, 152 (1991) (*quoting Taylor v. Illinois,* 484 U.S. 400, 413 (1988). Whether preclusion is a constitutional sanction must be evaluated on a case-by-case basis. *Lajoie v. Thompson,* 217 F.3d 663, 669 (9th Cir. 2000). The Court must balance the particular interests of Mr. Miske in this case, against the extent to which the countervailing interests the witness notice requirements are designed to serve would be abridged in this case. *Id.,* at 670-72.

The severity of the prejudice that Mr. Miske would suffer if retired Agent Goldberg is precluded has been outlined above. Mr. Miske's constitutional rights to present a complete defense and to a fair trial are at stake.

The countervailing interests the witness notice requirement are designed to served, i.e.- preventing unfair surprise and avoiding undue delay- would not be abridged here by allowing retired Agent Goldberg to testify. Allowing Mr. Miske to call retired Agent Goldberg with four days notice to the government does not constitute unfair surprise. The government was well aware of retired Agent Goldberg's existence and his role in the investigation, as he was a law enforcement officer working directly with the FBI in its investigation of this case. Moreover, Mr. Miske identified Exhibit 9011-082 as a trial exhibit on January 24, 2024, more than five months ago. It cannot come as a surprise to the government that Mr. Miske is seeking to admit evidence that satellite imagery showed a boat resembling the Painkiller in its mooring at Makani Kai Marina on July 30, 2016 at 11:00 am and 11:25. Additionally, given the limited scope of retired Agent Goldberg's testimony, the government has no grounds to complain that four days notice constitutes

7

insufficient time to prepare for cross-examination.

Where, as here: (1) Mr. Miske's failure to disclose retired Agent Goldberg before June 27, 2024 was not willful or for tactical advantage; (2) he would suffer severe prejudice if retired Agent Goldberg's testimony is precluded and Exhibits 9011-082a and 9550-002a remain excluded; and (3) there is no unfair surprise to the government or undue delay, the exclusion of the exhibits and the preclusion of retired Agent Goldberg would not pass constitutional muster.

Accordingly, Mr. Miske respectfully: (1) requests leave to call retired Agent Goldberg as a witness; and (2) moves to admit Exhibits 9011-082a and 9550-002a, pursuant to FRE 803(8).

DATED: July 1, 2024, Honolulu, Hawaii.

*/s/ Michael J. Kennedy*
MICHAEL J. KENNEDY
*/s/ Lynn E. Panagakos*
LYNN E. PANAGAKOS
Counsel for Defendant
MICHAEL J. MISKE, JR (01)

CERTIFICATE OF SERVICE

I, Lynn E. Panagakos, hereby certify that by this CM/ECF filing, all counsel of record have been served with this document through the Court's electronic filing system.

DATED:  July 1, 2024, Honolulu, Hawaii.

 */s/ Lynn E. Panagakos*
LYNN E. PANAGAKOS

8