KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

MARK A. INCIONG  CA BAR #163443
MICHAEL D. NAMMAR
W. KEAUPUNI AKINA #11565
AISLINN K. AFFINITO
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:    Mark.Inciong@usdoj.gov
          Michael.Nammar@usdoj.gov
          Keaupuni.Akina@usdoj.gov
          Aislinn.Affinito@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   vs.<br><br>MICHAEL J. MISKE, JR.,       (01)<br>   aka "Bro,"<br><br>            Defendants. | CR. NO. 19-00099 DKW-KJM-01<br><br>RESPONSE TO DEFENDANT'S MOTION TO VACATE THE PHASE ONE AND PHASE TWO JURY VERDICTS AND DISMISS THE INDICTMENTS PURSUANT TO THE DOCTRINE OF ABATEMENT *AB INITIO*; EXHIBIT A; CERTIFICATE OF SERVICE |

**RESPONSE TO DEFENDANT'S MOTION TO VACATE THE PHASE ONE AND PHASE TWO JURY VERDICTS AND DISMISS THE INDICTMENTS PURSUANT TO THE DOCTRINE OF ABATEMENT *AB INITIO***

The United States, by and through its undersigned counsel, files this response to a motion to vacate jury verdicts and dismiss indictments filed by the attorneys who represented Defendant Michael J. Miske, Jr. prior to his death.  *See* ECF No. 1784.  The death of the Defendant pending sentencing requires dismissal of the indictments as to the Defendant.  The jury verdicts are not vacated under the doctrine of abatement *ab initio*, and because there is no judgment of conviction, there are no additional court entries or proceedings to vacate or dismiss.

With respect to the return of the property previously subject to criminal forfeiture, defense counsel lacks standing to seek the return of property in which the Defendant, the decedent (rather than his Estate), no longer has any property or privacy interest, and which was obtained illegally and used in furtherance of the Defendant's crimes.

Further, the United States filed a verified civil forfeiture complaint on January 22, 2025, as to these properties (referred to therein as the "Defendant Properties," and hereinafter as the same).[1]  *See* Complaint, *United States v. Real Property Located at 6 Lumahai Street, et al.*, No. 25-cv-00028-DKW-KJM (D. Haw. Jan. 22, 2025) (ECF No. 1) (attached hereto as Exhibit A).  Accordingly, any

---

[1] These properties are referred to as the "Defendant Properties" in the civil forfeiture complaint because they are the "defendants" in that proceeding.  This nomenclature does not refer to the criminal defendant, Miske.

1

motion under Federal Rule of Criminal Procedure 41(g) seeking the return of this same property in the criminal proceeding is now moot, and this Court no longer has jurisdiction to entertain such a motion. Those claiming an interest in the illegally obtained and illegally used Defendant Properties must pursue a remedy through the civil forfeiture proceedings.

I.      **Abatement *Ab Initio* Following the Death of Michael J. Miske**

The Defendant's death pending sentencing abates these criminal proceedings *ab initio*. Accordingly, the Court should dismiss the indictments as to the Defendant, which will terminate these proceedings in their entirety. Because no judgment of conviction was ever issued—including no preliminary or final order of forfeiture as part of that conviction—there is nothing else to dismiss or vacate.

A.      **Death Pending Sentencing Requires Abatement *Ab Initio*.**

As the Ninth Circuit has held, "[d]eath pending appeal of a criminal conviction abates not only the appeal but all proceedings in the prosecution from its inception." *See, e.g.*, *United States v. Oberlin*, 718 F.2d 894, 895 (9th Cir. 1983); *United States v. Rich*, 603 F.3d 722, 724 (9th Cir. 2010). "In such a case, the appeal is dismissed and the cause remanded to the district court with instructions to vacate the judgment and to dismiss the indictment." *Oberlin*, 718 F.2d at 895.

The rule of abatement *ab initio* applies equally in circumstances involving the death of a defendant prior to sentencing or entry of judgment. *See, e.g.*, *Oberlin*, 718 F.2d at 896 (holding rule of abatement applied to defendant who died by suicide after sentencing but before judgment, and before the purported notice of appeal was filed, noting that "although [the defendant] did not die pending appeal, the effect of his death is the same—the prosecution abates *ab initio*"); *United States v. Lay*, 456 F. Supp. 2d 869, 874-75 (S.D. Tex. 2006) (holding rule of abatement applied to defendant who died prior to sentencing and entry of judgment); *see also United States v. Asset*, 990 F.2d 208, 211 (5th Cir. 1993), *abrogated on other grounds by United States v. Est. of Parsons*, 367 F.3d 409 (5th Cir. 2004) (noting that although "most abatement cases . . . address[] abatement of criminal proceedings in the event of a criminal defendant's death during the pendency of an appeal, the rule of abatement applies equally to cases in which a defendant . . . dies prior to the entry of judgment").

In cases where the rule of abatement has been found to apply, courts have vacated the judgment of conviction and dismissed the applicable indictment. *See, e.g.*, *Oberlin*, 718 F.2d at 896 (remanding with directions to vacate judgment and dismiss indictment); *Rich*, 603 F.3d at 731 (directing district court to vacate indictment, judgment of conviction, sentence, special fee assessment, and restitution order); *Lay*, 456 F. Supp. 2d at 875 (ordering dismissal of indictment).

3

Courts also have held that criminal forfeiture orders are vacated under the abatement doctrine. *See, e.g.*, *United States v. Reynolds*, 98 F.4th 62, 64 (1st Cir. 2024) (citing *Nelson v. Colorado*, 581 U.S. 128, 135-36 (2017)); *United States v. Brooks*, 872 F.3d 78, 88 (2d Cir. 2017); *United States v. Ziglar*, No. 20-4293, 2021 WL 5072078, at *1 (4th Cir. Nov. 2, 2021); *United States v. DeMichael*, 461 F.3d 414, 416 (3d Cir. 2006).

### B. Courts Vacate the Judgment, Not the Verdict, Under the Doctrine of Abatement *Ab Initio*.

Under the doctrine of abatement *ab initio*, it is the judgment of conviction, as opposed to the jury verdict, which is vacated along with the dismissal of the indictment. The government has found no case in any jurisdiction in which a court has ordered that a jury verdict, as opposed to a judgment of conviction, be vacated under the doctrine of abatement *ab initio*.

As a general matter in criminal proceedings, "it is the judgment, not the verdict, that is the 'conviction.'" *United States v. Smith*, 623 F.2d 627, 630 (9th Cir. 1980) (identifying "general rule" but noting that a "verdict of conviction" could be used for impeachment purposes before judgment was entered). Moreover, in framing abatement *ab initio* orders specifically, courts order that the "judgment" or "judgment of conviction" be vacated. *See, e.g.*, *Oberlin*, 718 F.2d at 896 ("The case is remanded to the district court with directions to vacate the judgment and to dismiss the indictment."); *Rich*, 603 F.3d at 731 ("we REMAND to the district

court with direction to VACATE the indictment, the judgment of conviction, the sentence, the special fee assessment, and the Restitution Order"); *United States v. Robertson*, 773 F. App'x 391 (9th Cir. 2019) ("We REMAND to the district court with direction to VACATE the indictment, the judgment of conviction, the sentence, the special fee assessment, and the Restitution Order.").

It is unnecessary to "vacate" a jury verdict where the Court is otherwise dismissing the indictment and there is no formal judgment of conviction. Dismissal of the indictments is sufficient to abate this proceeding in its entirety. Indeed, in *Lay*, where, like here, the proceeding was abated *ab initio* by the defendant's death but a final judgment of conviction was never entered, the court procedurally dismissed only the indictment against the defendant and took no action as to the jury verdict against the defendant. *See Lay*, 456 F. Supp. 2d at 875 (granting "Motion of the Estate of Kenneth L. Lay to Vacate His Conviction and Dismiss the Indictment," but ordering only that "[t]he indictment against Kenneth L. Lay is DISMISSED"); *see also* Docket Entry No. 1126, *United States v. Lay*, No. 4:04-cr-00025 (S.D. Tex. Oct. 17, 2006) (ECF No. 1126) (noting in docket entry, "MEMORANDUM OPINION AND ORDER as to Kenneth L Lay Granting 1082 MOTION to Vacate Conviction and MOTION to Dismiss. Denying 1091 MOTION for an order of restitution. *Dismissing the Indictment against Kenneth L. Lay*.") (emphasis added).

5

A "conviction" must be vacated where a proceeding is abated *ab initio*. But as the *Lay* court implicitly recognized, where a final judgment of conviction is never entered, procedurally this means simply dismissing the indictment, which terminates the proceeding.

### C. The Court Should Dismiss the Indictments Against Defendant Miske.

Here, a federal jury returned guilty verdicts against the Defendant in his criminal trial, as well as verdicts against him in his criminal forfeiture trial. The Defendant died on December 1, 2024, prior to sentencing, the entry of judgment as to his criminal conviction and criminal forfeiture, and the filing of any appeal.

This precise situation does not appear to have been previously addressed by the Ninth Circuit or this Court. It is apparent, however, under current law—particularly, *Oberlin* and *Rich*—that the Ninth Circuit would likely find the rule of abatement *ab initio* applicable here, where the Defendant was found guilty at trial, but sentencing has not yet occurred and judgment has not yet been entered. Accordingly, this Court should dismiss the indictments as to the Defendant. There is no final judgment of conviction to vacate arising out of either the criminal or forfeiture trials, so dismissal of the indictments is sufficient to abate this proceeding *ab initio*. *See, e.g.*, *Lay*, 456 F. Supp. 2d at 875 (dismissing indictment without vacating jury verdict where defendant died before final judgment of conviction was entered).

## II. Retention of Defendant Properties

Counsel who represented the Defendant prior to his death lack standing to seek a return of property under Rule 41(g)—a rule which, in any event, does not allow the return of property used in furtherance of an illegal scheme or transaction. More importantly, any Rule 41(g) motion is no longer viable now that the United States has filed a civil forfeiture action as to the same property. *See* Exhibit A.

### A. Standing.

A party requesting the return of property under Rule 41(g) must have standing to seek relief from the court. Only "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). "Rule 41(g) is concerned with those whose property or privacy interests are impaired by the seizure of their property for law enforcement purposes." *United States v. Fed. Ins. Co.*, No. 23-438, 2024 WL 1714273, at *1 (9th Cir. Apr. 22, 2024), *cert. denied sub nom. Wright v. United States*, No. 24-5133, 2024 WL 4427374 (U.S. Oct. 7, 2024). Generally, a Rule 41(g) motion is properly denied "if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." *See United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991).

Here, the deceased Defendant (as opposed to his Estate, which did not file a claim under Rule 41(g)) no longer has any property or privacy interests that might be impaired by the seizure or retention of the Defendant Properties. A decedent's property interests pass to his heirs at the time of his death; those interests are not held by the decedent after death. *See* Haw. Rev. Stat. Ann. § 560:3-101 ("Upon the death of a person, the decedent's real and personal property devolves" to those identified in decedent's will, or their substitutes, or to the decedent's heirs, or their substitutes.); *Serion v. Thornton*, 104 Haw. 79, 87, 85 P.3d 186, 194 (Ct. App. 2004) (describing "common law understanding that heirs take property at the time the intestate decedent dies"). Because the Defendant is not entitled to lawful possession of the property and has no existing interest in it, the Defendant and counsel purporting to act on his behalf lack standing to file and prosecute a Rule 41(g) motion. *See Fed. Ins. Co.*, 2024 WL 1714273, at *1; *Van Cauwenberghe*, 934 F.2d at 1061.

*Rich* does not stand for the proposition, cited by defense counsel, that counsel can raise a Rule 41(g) motion on behalf of a deceased defendant. *See* Def. Mot. at 6 (citing *Rich*, 603 F.3d at 724 n.4). *Rich* did not involve an aggrieved party (or non-party) seeking a return of property in which he had an interest under Rule 41(g). Rather, *Rich* involved counsel arguing on behalf of a deceased defendant for abatement of a restitution order issued against that defendant

personally in connection with a formal judgment of conviction. 603 F.3d at 725-27. The *Rich* court noted that, under those circumstances, no substitution of the estate was required. *Id*. at 724 n.4.

A Rule 41(g) motion, raised on behalf of a purportedly interested party, is fundamentally different in kind from a motion seeking abatement of a court order already issued against a criminal defendant. In a Rule 41(g) motion involving a deceased defendant where there has been no substitution of the estate, counsel is raising purported property interests on behalf of a party—the deceased defendant—who has no such interests; in seeking abatement of an existing order due to a defendant's death, counsel still represents the interests of the defendant (against whom the order was issued), even if that order ultimately affects property in which beneficiaries of the estate have an interest. Here, of course, no forfeiture order has ever been entered against the Defendant, and thus, the Defendant has no forfeiture-related right or interest that defense counsel can vindicate.[2] Unlike in *Rich*, there is no order or judgment to abate.

---

[2] In contrast, the United States does not challenge defense counsel's standing to assert, on behalf of the Defendant, the argument that the criminal proceeding against the Defendant be abated *ab initio* and the indictments against the Defendant be dismissed, as this serves the *Defendant's* interest and right (as opposed to his Estate's) that he not stand convicted without resolution of the merits of an appeal. *See Oberlin*, 718 F.2d at 896 ("When an appeal has been taken from a criminal conviction to the court of appeals and *death has deprived the accused of his right to our decision*, the interests of justice ordinarily require that he not stand

9

### B. Rule 41(g) Does Not Allow the Return of Contraband or Property Subject to Forfeiture.

More broadly, because all of the Defendant Properties were illegally obtained and/or used in furtherance of criminal schemes and transactions, no one has standing to assert a claim for return of property over these ill-gotten gains. A Rule 41(g) motion will be denied if the property is contraband or subject to forfeiture. *See Van Cauwenberghe*, 934 F.2d at 1061. Here, the Defendant Properties are both. The law recognizes two types of contraband: (1) per se contraband, possession of which is always illegal, and (2) derivative contraband, possession of which is never illegal, but which property is forfeitable when used in an illegal way. *United States v. One (1) 1971 Harley-Davidson Motorcycle Serial No. 4A25791H1*, 508 F.2d 351, 352 (9th Cir. 1974).

The Defendant properties, as laid out in the civil forfeiture complaint subjecting them to forfeiture, constitute derivative contraband. All of the Defendant Properties were used in furtherance of, and were proceeds of, pervasive wire fraud, financial institution fraud, money laundering, and conspiracies perpetrated by the Defendant and others. *See generally* Exhibit A ¶¶ 77-232. All of the Defendant Properties, for example, represent funds (and proceeds thereof)

---

convicted without resolution of the merits of his appeal, which is an integral part of our system for finally adjudicating his guilt or innocence.") (cleaned up) (emphasis added) (quoting *United States v. Moehlenkamp*, 557 F.2d 126, 128 (7th Cir. 1977)).

generated through the fraudulent sale of services to customers of the Defendant's companies—contracts obtained through material misrepresentations made as part of a decades-long wire fraud scheme. *Id*. ¶¶ 77-203. The real property located at 559 Kumukahi Place and the proceeds of the sale of the fishing vessel "Rachel" were paid for with proceeds illegally obtained through financial institution fraud. *Id*. ¶¶ 204-212. And the Defendant Properties (other than the artwork and the Hawaii Central Federal Credit Union ("HCFCU") Account #XXXXX075) also were used in financial transactions to conceal or disguise the nature, source, ownership, and control of these criminal proceeds, in furtherance of an illegal money laundering conspiracy. *Id*. ¶¶ 213-232.

Possession of the Defendant Properties is therefore illegal because of the manner and the intent with which they were used, possessed, and/or acquired. Accordingly, they are forfeitable and not recoverable under Rule 41(g).[3] Under

---

[3] The doctrine of *in pari delicto* also potentially prevents the Court from assisting a party in recovering under Rule 41(g) property that was used in furtherance of an illegal scheme or transaction. *See Kardoh v. United States*, 572 F.3d 697, 700-01 (9th Cir. 2009) (noting that the money at issue was paid "in furtherance of an illegal scheme" and, thus, "ordering the government to return the $40,000 to [the defendant] would be contrary to public policy"). Notably, the abatement of the criminal proceeding against the Defendant has no bearing under the *in pari delicto* doctrine, as a conviction is not required to establish the illegality of the transaction through which the property was acquired or involved. *See id*. at 701-02.

11

these circumstances, defense counsel lack standing to raise a Rule 41(g) motion for return of property.

### C.     Any Request for Return of the Defendant Properties Under Rule 41(g) Is Mooted by the United States' Civil Forfeiture Complaint.

Ultimately, the issue of standing to seek a return of property under Rule 41(g) is of little consequence because the United States filed a civil forfeiture complaint with respect to the Defendant Properties on January 22, 2025, mooting the motion.  *See* Exhibit A.

A Rule 41(g) motion does not survive the filing of a civil forfeiture proceeding.  *United States v. U.S. Currency* $83,310.78, 851 F.2d 1231, 1232 (9th Cir. 1988) (considering "whether it is proper to deny a Rule 41[(g)] motion for the return of property . . . after the filing of a civil action for its forfeiture" and "conclud[ing] that dismissal of a Rule [41(g)] petition is compelled by Fed. R. Crim. P. [1]")[4]; *United States v. Mincoff*, 981 F.2d 1260 (9th Cir. 1992) ("Once civil forfeiture proceedings commence, district courts lose jurisdiction to hear Rule

---

[4]     *U.S. Currency $83,310.78* discusses Federal Rules of Criminal Procedure 41(e) and 54(b)(5), which were redesignated in 2002 as Rule 41(g) and Rule 1, respectively.  Courts recognize that case law interpreting former Rule 41(e) generally applies to current Rule 41(g).  *See e.g., United States v. Kahre*, 737 F.3d 554, 565-66 (9th Cir. 2013) (citing 1996 case discussing Rule 41(e) in analysis of redesignated provision at Rule 41(g)); *see also De Almeida v. United States*, 459 F.3d 377, 380 n.2 (2d Cir. 2006) ("courts have applied the case law concerning former Rule 41(e) to the current Rule 41(g)").

12

41[(g)] claims."); *see also United States v. Mays*, 122 F.3d 1075 (9th Cir. 1997) ("A Rule 41[(g)] motion for the return of seized property is generally not available to challenge a civil forfeiture proceeding"); *United States v. Wright*, 49 F.4th 1221, 1228 (9th Cir. 2022) ("this [criminal, administrative, and civil forfeiture] statutory scheme offers an adequate remedy at law for criminal defendants, often foreclosing their ability to secure relief through Rule 41(g) proceedings"); *cf. United States v. Jordan*, 988 F.2d 124 (9th Cir. 1993) ("Once civil forfeiture proceedings . . . are instituted, [Fed. R. Crim. P. 1] precludes a district court's consideration of a Rule 41[(g)] motion in a criminal action.").

In disclaiming jurisdiction over Rule 41(g) claims once a civil forfeiture action has been filed, courts have pointed to Rule 1, which expressly provides that the Federal Rules of Criminal Procedure do not govern civil property forfeiture proceedings. *See U.S. Currency $83,310.78*, 851 F.2d at 1233; *see also* Fed. R. Crim. P. 1(a)(5)(B). "[W]here the government has brought a civil forfeiture action a claimant may not use Rule 41[(g)] to bypass the statutory procedure provided for." *Shaw v. United States*, 891 F.2d 602, 603 (6th Cir. 1989) (citing *U.S. Currency $83,310.78*). As the Ninth Circuit has explained, "when a civil forfeiture proceeding has been filed, the claimant has adequate remedies to challenge any constitutional violation. Accordingly, when a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the

13

claimant." *Atl. Invs., LLC v. United States*, 161 F. App'x 658, 659 (9th Cir. 2005) (alterations omitted) (citing *U.S. Currency* $83,310.78, 851 F.2d at 1235).

Once the government initiates a civil forfeiture action regarding the property at issue, the alleged owners of that property have an adequate remedy to seek its return, and the Court hearing the Rule 41(g) motion loses jurisdiction. *See U.S. Currency* $83,310.78, 851 F.2d at 1232; *Mincoff*, 981 F.2d at 1260. Here, the United States filed a civil forfeiture complaint on January 22, 2025, regarding the Defendant Properties, thus mooting defense counsel's Rule 41(g) motion because this Court no longer has jurisdiction to hear it.

### III. Conclusion

Wherefore, the United States respectfully requests that the Court grant in part and deny in part the motion filed by the attorneys who represented Defendant Michael J. Miske, Jr. prior to his death by dismissing the indictments as to the Defendant and denying all other relief sought in the motion, including counsel's request for return of property.

/ /

/ /

/ /

/ /

/ /

14

DATED: January 23, 2025, at Honolulu, Hawaii.

> KENNETH M. SORENSON
> Acting United States Attorney
> District of Hawaii
>
> By */s/ Aislinn Affinito*
>    MARK A. INCIONG
>    MICHAEL D. NAMMAR
>    W. KEAUPUNI AKINA
>    AISLINN K. AFFINITO
>    Assistant U.S. Attorneys